

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**James L. Higgins**
P 302.571.5034
F 302.576.3543
jhiggins@ycst.com

July 20, 2020

**BY E-FILE**
The Honorable Christopher J. Burke
U.S. District Court for the District of
Delaware
844 North King Street
Wilmington, DE 19801

Re:   *Pharmacyclics LLC v. Alvogen Pine Brook, LLC*,
        C. A. No. 19-434 (CFC) (CJB)

Dear Magistrate Judge Burke:

I write on behalf of Alvogen Pine Brook, LLC and Natco Pharma Ltd. (collectively "Alvogen Defendants") to request the scheduling of a discovery teleconference to address related discovery issues together and in context. Because Plaintiffs unilaterally filed a request for a discovery conference without including Defendants' issues and without advising the Court of interrelated issues requiring decision, the Alvogen Defendants are forced to file their discovery issues in response.

The following attorneys, including at least one Delaware counsel and at least one lead counsel per party, participated in telephonic meet-and-confers on June 29, 2020 and July 11, 2020:

Delaware Counsel: Jack Blumenfeld (Plaintiffs); James Higgins (Alvogen/Natco).

Lead Counsel: Erica Andersen, Brianne Bharkhda & Chanson Chang (Pharmacyclics); Irena Royzman (Janssen); David Hanna (Alvogen/Natco).

The disputes requiring judicial attention are:

By Alvogen Defendants:

Young Conaway Stargatt & Taylor, LLP
The Honorable Christopher J. Burke
July 20, 2020
Page 2

1. The Court's preferred procedure for resolving the parties' disputes concerning the striking of expert opinions that the parties contend are untimely and the related discovery issues, set forth in item 2 below.[1]

2. Completion of the following discovery pending resolution of the parties' motions to strike expert opinions, in order to avoid disruption of the October 5, 2020 trial date:

    a. Depositions of subpoenaed fact witnesses underlying Plaintiffs' antedating opinions that are the subject of Defendants' motion to strike, including named inventors and authors of asserted prior art references that Plaintiffs are attempting to antedate (Drs. Advani, Hamdy, Pollyea, Loury, and Fyfe) (*see* Plaintiffs' Issue #1).

    b. Plaintiffs' termination of the deposition of named inventor Dr. Buggy regarding his Declaration underlying Plaintiffs' antedating opinions that are the subject of Defendants' motion to strike.

    c. Deposition of Plaintiffs' expert (Dr. Gozzo) offering opinions underlying certain of Plaintiffs' secondary considerations arguments, which are the subject of Defendants' motion to strike;

    d. A date for supplementation of Defendants' responsive expert reports, if Plaintiffs' expert opinions are not stricken;

    e. A limited extension of discovery deadlines to accommodate the foregoing, if Plaintiffs' experts' opinions are not stricken.

3. Time limit for depositions of Drs. Myerson and Williams who provided expert reports pertaining to both the tablet and capsule cases.

4. Whether Plaintiffs can rely on one defendant's confidential information and documents produced in one case (but not the other) against a different defendant in the other case.

5. Whether Plaintiffs' expert Dr. Bodmeier, who served an infringement expert report, must be produced for a deposition.

6. Whether Plaintiffs should serve updated reports from Plaintiffs' experts that reflect Plaintiffs' withdrawal of the report from Plaintiffs' expert, Dr. Coutre.

---

[1] Plaintiffs filed a motion to strike certain opinions of Defendants' experts on July 17, 2020. Defendants have related applications to strike certain opinions of Plaintiffs' experts, which necessitated the Defense expert opinions about which Plaintiffs complain in their motion.

Young Conaway Stargatt & Taylor, LLP
The Honorable Christopher J. Burke
July 20, 2020
Page 3

      Because expert discovery closes on August 13, 2020, Defendants respectfully request a teleconference at the Court's earliest convenience.

      Although this list of issues may appear long, most of them are interrelated, and the Alvogen Defendants believe they can address the disputes in letter submissions of 7 pages per party, with no more than 2 pages permitted for the issue relating to fact depositions of non-party witnesses who are now under subpoena. We appreciate the Court's consideration of this request for expansion of the briefing limits.

      Respectfully,

      */s/ James L. Higgins*

      James L. Higgins (No. 5021)

cc:    All Counsel of Record (via CM/ECF and e-mail)

26794279.1