IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC. | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CIPLA LIMITED, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

C. A. No.:  18-192-CFC (CJB)
(CONSOLIDATED)

**REDACTED - PUBLIC VERSION**

| | |
|---|---|
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC. | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ALVOGEN PINE BROOK LLC and NATCO PHARMA LTD., | ) ) |
| | ) |
| Defendants. | ) |

C. A. No.:  19-434-CFC (CJB)

**REDACTED - PUBLIC VERSION**

## DEFENDANTS' OPENING LETTER BRIEF

Dear Magistrate Judge Burke:

I write on behalf of my clients, Alvogen Pine Brook LLC and Natco Pharma Ltd. (together "Alvogen"), pursuant to D.I. 421, concerning the following disputes.

This letter is also being submitted on behalf of Sandoz and Zydus.  Sandoz joins Alvogen in disputes 3 and 4 and Zydus joins Alvogen in disputes 1, 2, 2(a), (b), (d), (e), 3, 4 and 6 in the *Pharmacyclics LLC v. Fresenius Kabi USA LLC et al.*, C.A. No.: 19-192-CFC ("Capsule Action").

## 1.    Procedure for Striking Expert Testimony.

On July 17, 2020, Plaintiffs filed a motion (D.I. 212) to strike certain opinions of Alvogen's experts, divorced from other issues on which the parties twice met and conferred and which are all interrelated and require consideration together.  The opinions that Plaintiffs seek to strike respond to untimely opinions of Plaintiffs' experts, which will be the subject of Alvogen's own application to strike.  They are also opinions that Alvogen offered to withdraw if Plaintiffs would withdraw their own untimely expert opinions.  Plaintiffs refused.

The Court referred this case to Your Honor "for all disputes relating to discovery and the protective order."  D.I. 142.  Your Honor subsequently provided the appropriate procedure for raising discovery disputes, which did not incorporate the motion to strike procedure from Your Honor's form Rule 16 scheduling order.  D.I. 144.  Plaintiffs' motion (filed without any notice that they intended to circumvent the proper procedure under the referral order, or permission of the Court) appears to be an effort to frame Alvogen's own application to strike as reactionary, and to restrict letter briefing on critical issues.  Plaintiffs requested that Plaintiffs withdraw their improper motion, but Plaintiffs refused.  Ex. 1, Higgins/Tigan Emails.

Alvogen proposes opening letter briefs on applications to strike of no more than 10 single-spaced pages, with each side filing a responsive letter brief of no more than 4 single-spaced pages, followed by reply letter briefs also limited to 4 pages (responses and replies require fewer pages because of the interrelatedness of the issues).  Regardless of how Your Honor prefers the issues be raised, the related applications to strike should be heard together and in context.

## 2.    Discovery Pending Resolution of Alvogen's Motions to Strike Plaintiffs' Untimely and Prejudicial Expert Opinions.

Alvogen will move to strike Plaintiffs' untimely expert opinions espousing facts and theories that Plaintiffs withheld throughout fact discovery, despite the fact that the information was either in Plaintiffs' possession or readily available to them throughout the case.  As Alvogen will discuss in more detail in accordance with the Court's guidance, requested above, Plaintiffs exacerbated their untimeliness by egregiously presenting several of these opinions for the first time in their reply expert reports, providing no opportunity for *any* response.  While this motion does not endeavor to catalog all of Plaintiffs' offending expert opinions, two categories are particularly relevant to the present discovery disputes.  The first is Plaintiffs' untimely "antedating" expert opinions that rely on a declaration of Joseph Buggy, Ph.D (the "Buggy Declaration") submitted during expert discovery.  Dr. Buggy is a named inventor of one patent-in-suit who alleges that three of Defendants' obviousness references are not, in fact, prior art because "the information described in these publications . . . is [Dr. Buggy's] own work."  Ex. 2, Buggy Decl., ¶5.  The second category relates to previously-undisclosed opinions regarding

1

secondary considerations of non-obviousness—theories that Alvogen and Zydus doggedly sought from Plaintiffs during discovery, but Plaintiffs withheld until service of expert reports.

Plaintiffs had every chance to timely disclose these theories in response to Defendants' interrogatories, but shirked their obligation to do so—instead springing them on Alvogen and Zydus mere months before trial.  Regarding the Buggy Declaration, defendants on September 7, 2018 served an interrogatory seeking (among other things) "Plaintiffs' factual and legal bases for its contention(s) that the asserted claims are not invalid . . . ."  Ex. 3, Defendants' Joint Interrogatory No. 1.  Plaintiffs had, at minimum, a year to disclose the facts set forth in the Buggy Declaration and the "antedating" theories that relied on them, after having notice that Defendants intended to assert the prior art references addressed therein.[1]  That Plaintiffs failed to timely disclose this information is particularly egregious in light of Plaintiffs' numerous representations regarding Dr. Buggy's relevance to validity issues.[2]

Defendants' September 7, 2018 interrogatories also sought Plaintiffs' contentions regarding secondary considerations, requesting (among other things) "the identification of any secondary indicia of non-obviousness that Plaintiffs intend to rely on, [and] the bases for your assertion that such alleged indicia of non-obviousness apply . . . ."  Ex. 3, Defendants' Joint Interrogatory No. 1.  Plaintiffs, in response, asserted conclusory statements that failed to address, among other things, how any alleged secondary considerations have a nexus to any of the asserted patent claims, despite repeated requests from Alvogen that Plaintiffs provide this information.  *See, e.g.*, Ex. 7, Dec. 16, 2019 Email from D. Hanna (requesting further meet and confer regarding deficient secondary considerations interrogatory response); Ex. 8, Jan. 15, 2020 Ltr. from D. Hanna, at 6 (again requesting supplementation of Plaintiffs' secondary considerations interrogatory response); Ex. 9, February 3, 2020 Email from D. Hanna (again requesting that Plaintiffs supplement their secondary considerations contentions).  It was not until the deadline for expert reports that Plaintiffs unloaded hundreds of pages of novel theories espoused by multiple expert witnesses.

These late disclosures, if not stricken, will cascade prejudices on Alvogen and Zydus, who would be forced to *begin* factual investigations into Plaintiffs' novel theories just months before the trial scheduled to begin on October 13, diverting precious resources from trial preparation activities.  However, rather than attempting to alleviate this prejudice, Plaintiffs compound it.  As discussed

---

[1] Defendants' November 2, 2018 initial invalidity contentions indisputably put Plaintiffs on notice of Defendants' position as to why the references in the Buggy Declaration are invalidating prior art.  *E.g.*, Ex. 4, Excerpt of Initial Invalidity Contentions, at 117 (contentions regarding why Advani 2010 is prior art), 130 (contentions regarding why Pharmacyclics press release ("December 2009 Press Release") is prior art), 131 (contentions regarding why Roth 2010 is prior art).

[2] For example, Plaintiffs listed Dr. Buggy in their Paragraph 3 Initial Disclosures as having information regarding "[i]nvention and subject matter of the '090 Patent," (Ex. 5, at 3), made him a document custodian (*id.*), identified him as an individual "involved in the conception and/or reduction to practice of the inventions . . ." (Ex. 6, Excerpt of Plaintiffs' Response to Defendants' Joint Interrogatory No. 3, at 16) and voluntarily produced him for a deposition (and presumably interviewed him in advance).  However, none of Plaintiffs' generic disclosures regarding Dr. Buggy, nor their responses to Defendants' invalidity-related discovery requests, would have given Alvogen any reason to believe that Dr. Buggy possessed the facts set forth in the Buggy Declaration or that Plaintiffs were advancing "antedating" theories.

below, Plaintiffs refuse to produce relevant witnesses in response to Alvogen's subpoenas, including an expert on whom Plaintiffs intend to rely at trial, and unilaterally terminated Dr. Buggy's expert deposition short of the 7-hour time limit.  And, incredibly, Plaintiffs have moved to block Alvogen *from responding to Plaintiffs' untimely opinions*.  *See* D.I. 213 (Plaintiffs moving to strike each of Alvogen expert opinions, from Drs. Fassihi and Grossbard, and opinions from Zydus's expert, Dr. Oleksowicz, that offered responses to the theories Plaintiffs advanced for the first time during expert discovery).

If the Court is not inclined to strike Plaintiffs' untimely expert reports, Alvogen asks the Court to order the following discovery to proceed without delay.  To be clear, the discovery requested in this motion cannot cure the prejudice caused by Plaintiffs' late disclosures.  However, if Alvogen and Zydus are to have an opportunity to meaningfully address Plaintiffs' new theories, they cannot wait to begin taking discovery pending a ruling on the motions to strike, particularly in view of the fast approaching October 13 trial.  And of course, the discovery sought in this motion would only be a starting point—the facts (other than those self-selected for disclosure by Plaintiffs) are still unknown to Alvogen and Zydus, and it is unclear what additional discovery may be necessary for Alvogen to prepare a response.

> **2(a).    Subpoenas of Fact Witnesses Relevant to Buggy Declaration.**  The Buggy Declaration attempts to "antedate" three prior art references (Advani 2010, December 2009 Press Release, Roth 2010) asserted by defendants in both the Tablet and Capsule actions.  According to Dr. Buggy, "the clinical information in these three publications is [Dr. Buggy's] own work (either directly or performed under [his] supervision and direction)."  Ex. 2, Buggy Decl. at ¶ 5.  Alvogen served subpoenas on five fact witnesses—Drs. Advani, Hamdy, Pollyea, Loury, and Fyfe—believed to possess relevant evidence regarding the Buggy Declaration, as they also authored and contributed to the prior art Dr. Buggy challenged in his declaration.  Dr. Buggy already admitted that another author, Dr. Advani, was an "important" advisor to Pharmacyclics on important aspects of a publication as to which Dr. Buggy claims sole credit.  *See, e.g.*, Ex. 10, Excerpt of Buggy Tr., at 154:20-156:16, 158:21-161:13, 165:2-19, 171:8-25, 179:7-12.  Dr. Buggy, however, conveniently claimed not to remember the substance of Dr. Advani's advice.  *Id.* at 166:2-24.  Naturally, Alvogen and Zydus wish to question these witnesses regarding Dr. Buggy's claim that "these three publications [are Dr. Buggy's] own work," as well as Dr. Buggy's assertion that the references were merely an extension of an invention that he reduced to practice earlier—issues that are relevant to whether Defendants' obviousness references constitute prior art.  Plaintiffs nonetheless refuse to produce the witnesses or allow their depositions to proceed—only offering Dr. Buggy for a partial day deposition.  Meaningfully addressing Dr. Buggy's allegations involves more than merely accepting Dr. Buggy's statements and testimony at face value; Alvogen is entitled to hear from those whose work the Buggy Declaration marginalized.  Refusing to make these witnesses available for a deposition would reward Plaintiffs for springing their "antedating" defense at the eleventh hour, hindering Alvogen's and Zydus' ability to mitigate the resulting prejudice.

> **2(b).    Plaintiffs' Termination of Dr. Buggy's Deposition**.  Plaintiffs reluctantly produced Dr. Buggy for a deposition regarding the Buggy Declaration, despite their initial refusal on the ground that Dr. Buggy was previously deposed in his capacity as an alleged inventor on certain asserted patents and despite the Buggy Declaration only being produced for the first time during expert discovery.  Plaintiffs, however, sought to impose a 3.5 hour time limit on the deposition—a condition to which Alvogen and Zydus did not agree.  The parties proceeded with the deposition despite their disagreement.  Plaintiffs then, without any motion for

a protective order or agreement by the parties, unilaterally and improperly terminated Dr. Buggy's deposition approximately 1 hour and 40 minutes short of the 7 hour limit under the Federal Rules, cutting off Alvogen's and Zydus' legitimate inquiries regarding the Buggy Declaration.  *See* Fed. R. Civ. P. 30 (d)(3)(A) (termination of deposition only appropriate on motion where "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party").  In addition to unilaterally terminating the deposition early, Plaintiffs' counsel improperly instructed the witness not to answer questions relevant to the Buggy Declaration.  *See, e.g.*, Ex. 10, Buggy Tr., at 183:14-184:25, 189:20-25.  Plaintiffs have made no argument that this deposition, or any line of questioning, was conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent," and therefore had no basis to terminate the deposition early or refuse to answer questions.  *See Viiv Healthcare Co. et al. v. Gilead Sciences, Inc.*, C.A. 18-224-CFC-CJB, D.I. 211, at ¶¶5-7 (D. Del. Mar. 23, 2020) (where party ended deposition prematurely, ordering witness to "sit for the remainder of the stipulated deposition time" and imposing sanctions "because the Court [saw] no way that Plaintiffs' decision to end the second deposition was substantially justified . . . ."); *VirtnetX Inc. v. Cisco Sys., Inc.*, 2012 WL 7997962, at *3-*6 (E.D. Tex. Aug. 8, 2012) (imposing sanctions on party who terminated deposition that was not "conducted in a manner that annoyed, embarrassed, or oppressed" the witness because the termination "imped[ed] and frustrat[ed] the fair examination of the deponent.").  Alvogen requests that the Court require Dr. Buggy to sit for the remainder of his deposition and require Plaintiffs to reimburse Alvogen for associated costs.

**2(c).    Deposition of Dr. Gozzo.**  Dr. Fabia Gozzo, Ph.D. provided an expert report on behalf of Plaintiffs regarding certain testing of the active pharmaceutical ingredient in Imbruvica.  Because she offered an opinion that may be presented at trial, Alvogen unquestionably is entitled to her deposition.  *See* Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial.").  In addition, Dr. Allan Myerson relied upon Dr. Gozzo's report in providing untimely secondary considerations opinions based on facts and theories that Plaintiffs never previously raised, including that Imbruvica is a commercial embodiment of the asserted patents.  *See, e.g.,* Ex. 11, Excerpt of Myerson Opening Report, at ¶ 729 ███████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████  Plaintiffs nonetheless refuse to make Dr. Gozzo available for a deposition.  Alvogen's position is that Dr. Gozzo's report, and the paragraphs of Dr. Myerson's report that rely on Dr. Gozzo's testing data, should be stricken.  However, pending resolution of the motion to strike, the Court should order Dr. Gozzo to appear for a deposition pursuant to Fed. R. Civ. P. 26(b)(4)(A).

**2(d)-(e).    Limited Extension of Expert Discovery and Leave to Submit Supplemental Reports if Plaintiffs' Untimely Theories Are Not Stricken.**  Plaintiffs' untimely expert disclosures have placed Alvogen in the untenable position of having to re-start important fact discovery on the eve of trial.  To the extent the Court does not strike the opinions in question, Alvogen respectfully requests a limited extension of expert discovery to allow Alvogen to conduct its investigation and depose witnesses, as well as to submit supplemental reports addressing Plaintiffs' newly-disclosed opinions.  Alvogen asks that expert discovery be extended until at least August 31 and supplemental reports be permitted until at least September 14, assuming cooperation during discovery by Plaintiffs and subpoenaed third parties, such as Dr. Advani.  Alvogen does not seek to modify the trial date or other court-ordered deadlines.

### 3.      Time Limit for Depositions of Drs. Myerson and Williams.

Plaintiffs' experts Drs. Myerson (deposition scheduled for August 2, 2020) and Williams (deposition scheduled for August 14) provided opinions regarding alleged infringement in both this case (the Tablet action) and the related Capsule action. Drs. Myerson and Williams also provided opinions in response to the separate invalidity expert reports served in the Tablet action and the Capsule action. Because their infringement and invalidity opinions are unique to the products, patents, and defendants in each case, Defendants asked that Plaintiffs produce them for depositions separately in each case. *DN Lookup Techs. LLC v. Charter Commc'ns, Inc.*, C.A. No. 11-1177 (D.I. 21, Tr. at 19:9-11) (D. Del. Apr. 5, 2012) ("each defendant would be entitled to take its own up to seven hour deposition."); Fed. R. Civ. P. 30(a)(1)-(2) (leave of court not required unless (in relevant part) "the deponent has already been deposed *in the case*."). Although defendants are each entitled to a seven-hour deposition for each witness (one in each case), Defendants offered to compromise on a single ten-hour deposition for each witness across both actions. Ex. 12, June 23, 2020 Ltr., at 2-3. Plaintiffs refused, conditioning their willingness to produce the witnesses for *any* additional time on Alvogen producing certain of its witnesses for additional time. Ex. 13, June 27, 2020 Ltr., at 3. Plaintiffs' demand is unreasonable, as the subject Alvogen experts, Drs. Swift and Fassihi, are not similarly situated. Unlike Plaintiffs' witnesses, who offered opinions unique to the defendants in different cases, involving different patents, Alvogen's witnesses opined only on Alvogen's issues in the Tablet action. As such, there is no legitimate basis to demand additional time from Alvogen's witnesses. Alvogen, Sandoz, and Zydus respectfully ask the Court to order each of Drs. Myerson and Williams to appear for one or more depositions lasting no more than ten hours of record time.

### 4.      Plaintiffs' Improper Use, Against Alvogen, of Documents it Cannot Access.

In contravention of Fed. R. Civ. P. 26(a)(2)(B), and upending any notion of fairness, Plaintiffs throughout their expert reports make arguments *against* Alvogen, Sandoz, and Zydus by relying upon documents *inaccessible* to each of them[3]. That is, Plaintiffs cite and rely on one defendant's documents (available only to that defendant and Plaintiffs) to support an argument against another defendant (who has no access to the other defendant's documents). *See, e.g.*, Ex. 11, Excerpt of Myerson Op. Rpt., at ¶¶ 735 (relying upon Sandoz and Sun document to support proposition that "Defendants acknowledge that Imbruvica Capsules and Tablets contain crystalline Form A of ibrutinib."), 753, 755-756; Ex. 14, Excerpt of Myerson Resp. Rpt., at ¶¶ 187-188, 626; Ex. 15, Excerpt of Williams Op. Rpt. (Capsule) at ¶56; Ex. 16, Excerpt of Williams Rep. Rpt (Capsule) at ¶¶ 37-41, 43-44, 48; Ex. 17, Excerpt of Cremieux Rep. Rpt. at ¶¶ 68 (FN 157), 72. Alvogen asked Plaintiffs to either cite Alvogen's documents, or withdraw the arguments. Plaintiffs refused to do so, leaving Alvogen with no ability to even review the information being used against it. Ex. 18, July 22, 2020 Ltr., at §4. Sandoz also asked Plaintiffs to withdraw these opinions, but Plaintiffs have yet to respond. The Court should strike each argument against Alvogen, Sandoz and Zydus supported only by documents produced by other defendants, and order that Plaintiffs cannot use one Defendant's documents as evidence against another Defendant.

---

[3] Under the Protective Orders, defendants do not have access to other defendants' confidential information, whereas Plaintiffs have access to confidential information from all defendants. *See* C.A. 19-434, D.I. 62, at ¶18; C.A. 18-192, D.I. 50 at ¶¶8, 17.

5.     **Plaintiffs' Refusal to Produce Their Infringement Expert, Dr. Bodmeier, for a Deposition**.

Plaintiffs again seek to prevent Alvogen from deposing an expert who intends to testify at trial.  Dr. Roland Bodmeier provided an expert report asserting that Alvogen infringes U.S. Patent No. 9,655,857—an opinion that interprets the claims of this patent in a manner that is also relevant to Plaintiffs' validity positions.  *See* Ex. 19, Excerpt of Bodmeier Report.  Yet, Plaintiffs refuse to produce him for a deposition, on the untenable ground that Alvogen did not "serve[] any rebuttal to Dr. Bodmeier's report . . . ." (Ex. 20, June 30, 2020 Ltr., at 1)—a position that is directly at odds with the Federal Rules and would deprive Alvogen of its fundamental right to cross-examine an expert witness before trial.  *See* Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial.").  The Court should compel Dr. Bodmeier's deposition.

6.     **Service of Updated Expert Reports Identifying Withdrawn Opinions.**

Plaintiffs withdrew the report of their expert Dr. Steven Coutre, who opined only on issues related to a defendant no longer involved in these actions.  Before Plaintiffs withdrew his opinion, however, several other experts (retained by both parties) relied upon or otherwise addressed portions of Dr. Coutre's report.  Both parties agreed to withdraw all opinions that relied upon Dr. Coutre's report.  However, because it is often unclear which of the other experts' opinions rely upon Dr. Coutre's report, Alvogen asked Plaintiffs to serve updated reports deleting all opinions that relied upon Dr. Coutre.  Alvogen, of course, offered to do so as well.  Ex. 21, July 13, 2020 Letter from D. Hanna at § 2.  Alvogen believed that this dispute was resolved in light of Alvogen's reciprocal agreement, although almost two weeks have passed and Plaintiffs have not confirmed that it would serve updated reports as of the submission of this letter brief.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*
_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Steven W. Lee (No. 6676)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
slee@yst.com

PROSKAUER ROSE LLP
Siegmund Y. Gutman
David M. Hanna
Michelle M. Ovanesian*
Christopher D. Lynch
2029 Century Park East, Suite 2400
Los Angeles, CA  90067-3010
(310) 557-2900

Kimberly Q. Li
One International Place
Boston, MA  02110-2600
(617) 526-9600

*Admitted to Practice in Delaware and
Washington D. C. Only

Dated: July 24, 2020

*Attorneys for Alvogen Pine Brook LLC and Natco Pharma Ltd.*

POTTER ANDERSON &CORROON LLP

*/s/ Bindu A. Palapura*
_____
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

OF COUNSEL:

Jay R. Deshmukh
Shelley Ivan
Hershy Stern
Jayita Guhaniyogi, Ph.D.
M. Diana Danca
Trevor J. Welch
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY  10019
(212) 506-1700

*Attorneys for Defendants Zydus Worldwide DMCC and Cadila Healthcare Limited*

HEYMAN ENERIO GATTUSO & HIRZEL
LLP

OF COUNSEL:

Natalie C. Clayton
Jacob Bass
ALSTON & BIRD LP
90 Park Avenue, 15th Floor
New York, NY  10016-1387
(212) 210-9400
natalie.clayton@alston.com
jacob.bass@alston.com

Shri M. Abhyankar
ALSTON & BIRD
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424
(404) 881-7000
shri.abhyankar@alston.com

*/s/ Dominick T. Gattuso*

_____
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE  19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Sandoz Inc. and Lek*
*Pharmaceuticals d.d.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACYCLICS LLC and JANSSEN )
BIOTECH, INC. )
 )   C. A. No.:  18-192-CFC (CJB)
        Plaintiffs, )   (CONSOLIDATED)
 )
          v. )
 )
CIPLA LIMITED, et al., )
 )
        Defendants. )
 )
_____
PHARMACYCLICS LLC and JANSSEN )
BIOTECH, INC. )
 )
        Plaintiffs, )   C. A. No.:  19-434-CFC (CJB)
 )
          v. )
 )
ALVOGEN PINE BROOK LLC and )
NATCO PHARMA LTD., )
 )
        Defendants. )

**[PROPOSED ]ORDER**

At Wilmington, this _____ day of August, 2020,

IT IS ORDERED that:

1.      The parties' applications to strike any expert opinion shall be

presented through opening letter briefs of no more than 10 single-spaced pages per

side.  Opening letter briefs shall be filed on or before August 10, 2020.

Responsive letter briefs of no more than 4 single-spaced pages per side shall be

filed on or before August 17, 2020.  Reply letter briefs of no more than 4 single-spaced pages per side shall be filed on or before August 20, 2020.

     2.    Pending a decision on Defendants' motions to strike certain of Plaintiffs' expert opinions:

    a.  The non-party inventors who were served with subpoenas (Drs. Advani, Hamdy, Pollyea, Loury, and Fyfe) must each appear for deposition on a date agreed by the parties, but no later than August 31, 2020.

    b.  On a date agreed by the parties, but no later than August 31, 2020, Plaintiffs must produce Dr. Joseph Buggy to complete the 1 hour and 40 minutes remaining from his deposition, and reimburse Alvogen for the costs associated with Plaintiffs unilaterally terminating his prior deposition.

    c.  Plaintiffs must produce Dr. Fabia Gozzo for deposition on a date agreed by the parties, but no later than August 31, 2020, unless Plaintiffs withdraw Dr. Gozzo's report as well as Dr. Myerson's reliance thereon.

    d.  Expert discovery shall be extended until August 31, 2020, and Defendants shall have until September 14, 2020 to supplement their expert reports.

3.      Plaintiffs shall produce each of Drs. Myerson and Williams, who provided opinions pertaining to both Capsule and Tablet issues, for 10 hours of deposition record time.

4.      Plaintiffs must serve amended expert reports on each defendant removing any references and opinions that are supported only by documents that were not produced to that defendant during fact discovery or else such references and opinions are stricken.

5.      Plaintiffs must produce Dr. Bodmeier for a 7 hour deposition on a date agreed by the parties, but no later than August 31, 2020.

6.      Within 7 days of this Order, Plaintiffs shall serve amended expert reports on Defendants deleting any opinions that have been withdrawn as a result of Plaintiffs' withdrawing the expert report of Dr. Steve Coutre, and within 7 days thereafter, Alvogen shall serve amended reports with corresponding deletions.

SO ORDERED this _____ day of _____, 2020.

_____
United States Magistrate Judge

# EXHIBIT 1

| | |
|---|---|
| **From:** | Higgins, James |
| **Sent:** | Sunday, July 19, 2020 10:37 AM |
| **To:** | 'Tigan, Jeremy A.' |
| **Cc:** | Blumenfeld, Jack; Sharp, Melanie; Lee, Steven W.; dmoore@potteranderson.com; bpalapura@potteranderson.com |
| **Subject:** | RE: PHARMACYCLICS / Imbruvica 18-192, 19-434 - Plaintiffs' Motion to Strike Defendants' Untimely Expert Opinions and SEALED Letter in Support - Filed on 7/17/20 |

Jack and Jeremy,

We disagree completely and regret that Plaintiffs have elected to blatantly circumvent the appropriate procedures. Magistrate Judge Burke's referral in this case is to resolve discovery and protective order disputes pursuant to a joint letter process. His docket entry (D.I. 144) makes clear the appropriate procedure for resolving disputes. Plaintiffs violated that order by filing a motion not permitted by the scheduling and referral order without giving Defendants any forewarning during our meet and confers that they intended to deviate from the required procedure. As Plaintiffs know, there are a number of interrelated issues that need to be resolved, and an improper motion to strike divorced from resolution of those other issues serves only to increase the costs of litigation and to expend Defendants' resources unnecessarily at a time when the parties are working to complete more than a dozen depositions.

Not only does Plaintiffs position ignore the referral order in this case, it is inconsistent with a recent case involving Morris Nichols where Magistrate Judge Burke was similarly referred by Judge Connolly to resolve discovery and protective order disputes. In that case, the procedure used by Morris Nichols to request the striking of a portion of an expert report was Magistrate Judge Burke's joint letter process. Ms. Jacobs and Mr. Flynn were involved on behalf of the plaintiff, Koki Holdings Co., Ltd.. *See* C.A. No. 18-313-CFC-CJB, D.I. 102. It is curious, to put it mildly, that Plaintiffs are taking the position that a "preferred procedure" governs. If Plaintiffs intended to file motions to strike pursuant to a procedure other than what governs here, it was incumbent on Plaintiffs to raise that during the parties' meet and confers.

We again request that Plaintiffs withdraw their improper filings and to cooperate in teeing up disputes for resolution pursuant to the required procedure.

We will be in touch shortly regarding Plaintiffs' draft joint letter.

Regards,



**James L. Higgins, Partner**
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P: 302.571.5034 | F: 302.576.3543
JHiggins@ycst.com | www.youngconaway.com | vCard

---

**From:** Tigan, Jeremy A.
**Sent:** Friday, July 17, 2020 5:34 PM
**To:** Higgins, James

**Cc:** Blumenfeld, Jack ; Sharp, Melanie ; Lee, Steven W. ; dmoore@potteranderson.com; bpalapura@potteranderson.com
**Subject:** RE: PHARMACYCLICS / Imbruvica 18-192, 19-434 - Plaintiffs' Motion to Strike Defendants' Untimely Expert Opinions and SEALED Letter in Support - Filed on 7/17/20

Re-sending as I received bounce-backs from Dave and Bindu.

---

**From:** Tigan, Jeremy A.
**Sent:** Friday, July 17, 2020 5:30 PM
**To:** 'Higgins, James' <JHiggins@ycst.com>
**Cc:** Blumenfeld, Jack <JBlumenfeld@MNAT.com>; Sharp, Melanie <msharp@ycst.com>; Lee, Steven W. <SLee@ycst.com>; d moore <dmoore@potteranderson.com>; b palapura <bpalapura@potteranderson.com>
**Subject:** RE: PHARMACYCLICS / Imbruvica 18-192, 19-434 - Plaintiffs' Motion to Strike Defendants' Untimely Expert Opinions and SEALED Letter in Support - Filed on 7/17/20

Jim,

We disagree. Judge Burke has a preferred procedure when a party seeks to "strike a pleading or other document" and we followed that procedure. Your suggestion that Plaintiffs had an improper motive in doing so is baseless. We will not be withdrawing the motion.

Separately, when can we expect a response on the joint dispute letter Plaintiffs circulated yesterday afternoon regarding the third-party subpoenas noticed by Alvogen and Zydus? (I have added Zydus's Delaware counsel to this chain.) The parties have conferred on that issue and reached an impasse, so there is no reason to delay, especially given Alvogen's email last night regarding these subpoenas.

Jeremy

---

**From:** Higgins, James <JHiggins@ycst.com>
**Sent:** Friday, July 17, 2020 2:19 PM
**To:** Blumenfeld, Jack <JBlumenfeld@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Cc:** Sharp, Melanie <msharp@ycst.com>; Lee, Steven W. <SLee@ycst.com>
**Subject:** [EXT] FW: PHARMACYCLICS / Imbruvica 18-192, 19-434 - Plaintiffs' Motion to Strike Defendants' Untimely Expert Opinions and SEALED Letter in Support - Filed on 7/17/20

Jack and Jeremy,

Your motion and letter brief are improper under the Court's scheduling order and Magistrate Judge Burke's order (D.I. 144) concerning resolution of disputes under the referral order. As I assume you know, although Jeremy may not since I don't believe you were on the last two meet and confers, Defendants also have issues to raise concerning Plaintiffs' untimely expert opinions, and we are concerned that Plaintiffs are attempting to strategically circumvent the required procedures under the referral order in an effort to force Defendants to expend resources responding to Plaintiffs' improper motion when Plaintiffs are fully aware that Defendants' are in the middle of expert depositions.

Please confirm Plaintiffs will withdraw the motion and letter immediately and follow the Court-ordered procedure.

Regards,



**James L. Higgins, Partner**
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801

P: 302.571.5034 | F: 302.576.3543
JHiggins@ycst.com | www.youngconaway.com | vCard

---

**From:** Shapiro, Robyn <rshapiro@MNAT.com>
**Sent:** Friday, July 17, 2020 11:29 AM
**To:** Tigan, Jeremy A. <JTigan@MNAT.com>; Smit, Anupa <ASmit@ycst.com>; Christopher D. Lynch <clynch@proskauer.com>; David Hanna <dhanna@proskauer.com>; Martinez, Delisa <DMartinez@ycst.com>; Blumenfeld, Jack <JBlumenfeld@MNAT.com>; Higgins, James <JHiggins@ycst.com>; Kimberly Li <KLi@proskauer.com>; Gassaway, Mechelle <mgassaway@ycst.com>; Sharp, Melanie <msharp@ycst.com>; Michelle M. Ovanesian <movanesian@proskauer.com>; MNAT Internal <53066-0002.wilm@wcs.mnat.com>; Proskauer Alvogen Ibrutinib Listserve <Alvogen_Ibrutinib@proskauer.com>; Siegmund S. Gutman <sgutman@proskauer.com>; Lee, Steven W. <SLee@ycst.com>; Blumenfeld, Jack <JBlumenfeld@MNAT.com>; Dominick Gattuso <dgattuso@hegh.law>; Kirk Bradley <kirk.bradley@alston.com>; MNAT Internal (49439-0004.wilm@wcs.mnat.com) <49439-0004.wilm@wcs.mnat.com>; Natalie Clayton <Natalie.Clayton@alston.com>; Shri Abhyankar <shri.abhyankar@alston.com>; Bindu Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>; Hershy Stern <hstern@kasowitz.com>; Jay Deshmukh <jdeshmukh@kasowitz.com>; Jayita Guhaniyogi <jguhaniyogi@kasowitz.com>; M. Diana Danca <MDanca@kasowitz.com>; MNAT Internal <50187-0002.wilm@wcs.mnat.com>; Shelley Ivan <sivan@kasowitz.com>; Stephanie O'Byrne <sobyrne@potteranderson.com>; Trevor Welch <TWelch@kasowitz.com>
**Subject:** PHARMACYCLICS / Imbruvica 18-192, 19-434 - Plaintiffs' Motion to Strike Defendants' Untimely Expert Opinions and SEALED Letter in Support - Filed on 7/17/20

On behalf of Jeremy Tigan, I am forwarding the following:

**Case Name:**   Pharmacyclics LLC et al v. Cipla Limited et al
**Case Number:** 1:18-cv-00192-CFC-CJB

**D.I. 418 - Docket Text:**
**MOTION to Strike *Defendants' Untimely Expert Opinions* - filed by Janssen Biotech Inc., Pharmacyclics LLC. (Tigan, Jeremy)**

**D.I. 419 - Docket Text:**
**[SEALED] Letter to The Honorable Christopher J. Burke from Jeremy A. Tigan regarding Plaintiffs' Motion to Strike Defendants' Untimely Expert Opinions - re (212 in 1:19-cv-00434-CFC-CJB) MOTION to Strike *Defendants' Untimely Expert Opinions*, (418 in 1:18-cv-00192-CFC-CJB) MOTION to Strike *Defendants' Untimely Expert Opinions*. (Attachments: # (1) Exhibit A-F)(Tigan, Jeremy)**

**Case Name:**   Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al
**Case Number:** 1:19-cv-00434-CFC-CJB

**D.I. 212 - Docket Text:**
**MOTION to Strike *Defendants' Untimely Expert Opinions* - filed by Janssen Biotech, Inc., Pharmacyclics LLC. (Tigan, Jeremy)**

**D.I. 213 - Docket Text:**
**[SEALED] Letter to The Honorable Christopher J. Burke from Jeremy A. Tigan regarding**

**Plaintiffs' Motion to Strike Defendants' Untimely Expert Opinions - re (212 in 1:19-cv-00434-CFC-CJB) MOTION to Strike *Defendants' Untimely Expert Opinions*, (418 in 1:18-cv-00192-CFC-CJB) MOTION to Strike *Defendants' Untimely Expert Opinions*. (Attachments: # (1) Exhibit A-F)(Tigan, Jeremy)**

Robyn Sinclair Shapiro
Paralegal – Intellectual Property Litigation Group
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19899
Direct Dial: 302-351-9420
E-mail: rshapiro@mnat.com

---

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

# EXHIBIT 2

# Redacted in its Entirety

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESENIUS KABI USA, LLC, et al.,<br><br>Defendants. | C.A. No. 18-192 (GMS) |
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SHILPA MEDICARE LIMITED, et al.,<br><br>Defendants. | C.A. No. 18-237 (GMS) |
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, et al.,<br><br>Defendants. | C.A. No. 18-247 (GMS) |
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ZYDUS WORLDWIDE DMCC, et al.,<br><br>Defendants. | C.A. No. 18-275 (GMS) |

**FRESENIUS KABI'S, ZYDUS'S, SUN'S, CIPLA'S AND TEVA'S FIRST SET OF JOINT INTERROGATORIES TO PLAINTIFFS (NOS. 1-4)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the District of Delaware, Defendants Zydus Worldwide DMCC and Cadila Healthcare Limited; Sun Pharma Global FZE and Sun Pharmaceutical Industries, Ltd.; Fresenius Kabi USA, LLC and Fresenius Kabi Oncology Limited; Cipla Limited and Cipla USA Inc.; and Teva Pharmaceuticals USA, Inc. (collectively, "Defendants") hereby serve upon Plaintiffs Pharmacyclics LLC ("Pharmacyclics") and Janssen Biotech, Inc. ("Janssen"), (collectively, "Plaintiffs") their First Set of Joint Interrogatories. Pursuant to FRCP 33(b)(2) and Local Civil Rule 33.1, Defendants request these Interrogatories be answered fully and separately in writing under oath and in accordance with the instructions and definitions below within thirty (30) days of the service.  These Interrogatories are deemed to be continuing so as to require prompt supplemental response should Plaintiffs obtain any further information between the time of their initial response and the time of trial.

**DEFINITIONS**

1.   "The '309 patent" means United States Patent No. 8,008,309.

2.   "The '444 patent" means United States Patent No. 7,514,444.

3.   "The '711 patent" means United States Patent No. 8,697,711.

4.   "The '403 patent" means United States Patent No. 8,735,403.

5.   "The '079 patent" means United States Patent No. 8,957,079.

6.   "The '257 patent" means United States Patent No. 9,181,257.

7.   "The '091 patent" means United States Patent No. 8,754,091.

8.   "The '277 patent" means United States Patent No. 8,497,277.

9.   "The '015 patent" means United States Patent No. 8,952,015.

10. "The '284 patent" means United States Patent No. 8,476,284.

11. "The '090 patent" means United States Patent No. 8,754,090.

12. "The '753 patent" means United States Patent No. 9,296,753.

13. "The '455 patent" means United States Patent No. 9,725,455.

14. "The '382 patent" means United States Patent No. 9,540,382.

15. "The '604 patent" means United States Patent No. 9,795,604.

16. "The '617 patent" means United States Patent No. 9,713,617.

17. "The '999 patent" means United States Patent No. 8,999,999.

18. "The '889 patent" means United States Patent No. 9,125,889.

19. "The '881 patent" means United States Patent No. 9,801,881.

20. "The '883 patent" means United States Patent No. 9,801,883.

21. "The '721 patent" means United States Patent No. 9,814,721.

22. The term "all" means "all and each," and the term "each" means "each and all," so that the fullest and most complete disclosure of information is achieved.

23. "ANDA" means Abbreviated New Drug Application, as used in 21 U.S.C. § 355(j).

24. The terms "and" and "or" shall be interpreted as "and/or," that is, as conjunctive, disjunctive, or both, so that the fullest and most complete disclosure of information is achieved.

25. "API" means active pharmaceutical ingredient.

26. "Asserted Patents" means the '309 patent; the '444 patent; the '711 patent; the '403 patent; the '079 patent; the '257 patent; the '091 patent; the '277 patent; the '015 patent; the '284 patent; the '090 patent; the '753 patent; the '455 patent; the '382 patent; the '604 patent; the

'617 patent; the '999 patent; the '889 patent; the '881 patent; the '883 patent; and/or the '721 patent.

27.    "Communication" means the transmittal of information in any form by any means, including, but not limited to, conversations, discussions, agreements, plans, inquiries, or replies, whether in person, by telephone, in writing, or by any means of electronic transmittal, and includes, but is not limited to, all correspondence, logs of correspondence, transmittal slips, transmittal receipts, memoranda or notes.

28.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

29.    "Document" is used in the broadest sense possible under Rule 34 of the Federal Rules of Civil Procedure and means any writing, electronically stored information, or other record whatsoever of any nature, including, but not limited to, correspondence, electronic mail, letters, notes, meeting minutes, memoranda, opinions, records, summaries, studies, reports, interim reports, updated reports, final reports, technical reports, product development reports, reports of consultants or experts, projections, estimates, forecasts, statistical statements, drafts, contracts, agreements, telegrams, telefaxes, facsimiles, books, pamphlets, postings, manuals, diaries, tape recordings, computer discs, tapes, files, computer files, charts, logs, photographs, videos, notebooks, laboratory notebooks, data, technical data, analytical data, drawings, plans, rules, rulings, regulations, orders, codes, inter-office communications, references, and work papers.   A draft or non-identical copy of any document is a separate document within the meaning of this term.

30.    "Ibrutinib" means the compound ibrutinib, also known as $1$-(($R$)-3-(4-amino-3-(4-phenoxyphenyl)-1H-pyrazolo[3,4-d]pyrimidin-1-yl)piperidin-1-yl)prop-2-en-1-one.

31.     To "identify" means, when referring to a document, to provide, to the extent known, the type of document, the general subject matter of the document, the date of the document, and any and all authors, addressees, and recipients of the document.

32.     To "identify" means, when referring to a person, to provide, to the extent known, the person's full name, present or last-known address, and, when referring to a natural person, additionally, the present or last-known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to any subsequent discovery request seeking such identification.

33.     "Imbruvica" means any drug product or pharmaceutical formulation marketed or sold by Plaintiffs, or any agent, representative, or distributor thereof, under the name IMBRUVICA$^{TM}$, and any other drug product or pharmaceutical formulation approved to be marketed pursuant to the FDA approved NDA No. 205552 or NDA No. 210563, as amended and/or supplemented.

34.     "NDA" means New Drug Application, as used in 21 U.S.C. § 355(b) and regulations issued by the FDA relating thereto.

35.     "Orange Book" means the publication titled *Approved Drug Products With Therapeutic Equivalence Evaluations*.

36.     "Orange Book Patents" means all patents in the Orange Book under the entry for NDA No. 205552, including the '444 patent; the '309 patent; the '284 patent; the '277 patent; U.S. Patent No. 8,563,563; the '711 patent; U.S. Patent No. 8,703,780; the '403 patent; the '090 patent; the '091 patent; the '015 patent; the '079 patent; the '999 patent; the '889 patent; the '257 patent; the '753 patent; the '382 patent; the '617 patent; the '455 patent; the '604 patent; the '881 patent; the '883 patent; the '721 patent; U.S. Patent No. 10,004,746; U.S. Patent No. 10,016,435;

and any additional patents listed in the Orange Book under the entry after these Requests have been served.

37.     "Person" means any natural person or business, legal, or governmental entity.

38.     "Plaintiffs" or "Pharmacyclics" or "Janssen" or "you" means and includes Pharmacyclics LLC and Janssen Biotech, Inc.; all parents, subsidiaries (direct or indirect), and affiliates thereof; all divisions, predecessors, successors, and assigns of the foregoing; and all officers, directors, representatives, employees, agents, consultants, attorneys, partners, and all other entities or persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

39.     "Prior art" refers to art under pre-AIA 35 U.S.C. §§ 102 and 103 and includes, by way of example and without limitation, printed publications, prior public uses, prior offers for sale, or prior sales.

40.     "Prosecution" means all proceedings before any patent office, including the USPTO or any foreign patent office, in connection with the filing, issuance, reexamination, reissue or review of, or opposition to, a patent or patent application.

41.     The phrase "secondary considerations of non-obviousness" shall refer to secondary considerations of non-obviousness as that term is used in *Graham v. John Deere Co.*, 383 U.S. 1, 18 (1966), and subsequently developed cases listing secondary considerations upon which Plaintiffs may choose to rely.

42.     "Thing" means any physical specimen or other tangible item other than a document.

43.     Any reference to a corporation or other entity includes all entities and persons acting on the entity's behalf, as well as all affiliates, divisions, parents, subsidiaries, predecessors, and successors thereof.

44.     The singular form of any noun or pronoun herein includes within its meaning the plural form thereof and vice versa, so that the fullest and most complete disclosure of information is achieved.

45.     The neuter, masculine, or feminine form of any pronoun used herein includes within its meaning the neuter, masculine, and feminine forms, so that the fullest and most complete disclosure of information is achieved.

46.     The use herein of any tense or form of any verb includes within its meaning all other tenses and forms of the verb, so that the fullest and most complete disclosure of information is achieved.

## INSTRUCTIONS

1.    Each person, entity, and/or organization responding to an interrogatory is required to furnish responsive information within that person's personal knowledge or the personal knowledge of its attorneys, agents, employees, or other representatives.

2.    No part of an interrogatory may be left unanswered merely because an objection is interposed to another part of the interrogatory.

3.    When an objection is made to an interrogatory or sub-part thereof, the objection shall be set forth with specificity and shall be accompanied by a statement of the grounds for the objection.

4.    If in responding to any of these interrogatories you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to it, you shall set forth the matter deemed ambiguous and the construction used in responding to the interrogatory.

5.    Where knowledge, information, or documents in your possession, custody, or control are requested or inquired of, such interrogatory or inquiry includes knowledge, information, or documents in the possession, custody, or control of each of your agents, servants, employees, representatives, and your attorneys.

6.    If any document responsive to any interrogatory was, but is no longer in your possession or subject to your control, you shall state what disposition was made of the document and when, and explain the reasons for such disposition.

7.    If any document responsive to any interrogatory has been destroyed, you shall provide the following additional information as to each such document: (i) the date of destruction of the document; (ii) the reason for the destruction of the document; (iii) the identification of the

person who destroyed the document; and (iv) the identification of the person who directed that the document be destroyed.

8.      If any interrogatory cannot be answered in full, you shall respond to the extent possible, specifying the reasons for the inability to respond to the remainder of the interrogatory, and state whatever information or knowledge is available concerning the unanswered portion.

9.      No interrogatory shall be construed with reference to any other interrogatory for purposes of limitation.

10.     If any responsive information, communication, or document is withheld on the basis of any claim of privilege or immunity from discovery, you shall (i) describe generally the substance or the subject matter of the information, communication or document withheld, (ii) state the privilege or immunity being invoked or claimed and the basis therefore, (iii) state the date on which the document or communication was prepared, made, reproduced or transcribed, and (iv) identify the name and business address of all persons who have had access to such information, communication or document, including all addressors, addressees, and all person to whom a document was distributed, shown or explained.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Separately for each asserted claim of the Asserted Patents, describe in full and informative detail Plaintiffs' factual and legal bases for its contention(s) that the asserted claims are not invalid under 35 US.C. § 103 including but not limited to the identification of any secondary indicia of non-obviousness that Plaintiffs intend to rely on, the bases for your assertion that such alleged indicia of non-obviousness apply, the identification of any evidence and documents (by Bates number) that supports or refutes any secondary indicia of non-obviousness, and the identification of the three most knowledgeable individuals, other than counsel, about the foregoing.

### INTERROGATORY NO. 2:

Describe in full and informative detail the circumstances surrounding any offer to sell the subject matter claimed in the asserted claims prior to FDA approval of Imbruvica including but not limited to the identification of every entity involved in the offer for sale, correspondence concerning any offer for sale, and any licenses or draft licenses involved with any offer for sale.

### INTERROGATORY NO. 3:

Describe in full and informative detail the conception and reduction to practice of the subject matter of each asserted claim of the Asserted Patents, including but not limited to the identification of: the dates of conception and reduction to practice; the dates of commencement and termination of any diligence in reducing the purported invention to practice; the persons who conceived and/or reduced to practice each claim of the Asserted Patents; and all documents by Bates number evidencing the conception, reduction to practice, design, and development of each claimed invention.

**INTERROGATORY NO. 4:**

For each asserted claim of the Asserted Patents, describe in full and informative detail the circumstances, including dates, in which any product or activity embodying any asserted claim was first publicly disclosed or otherwise put in the public domain by Plaintiffs or any other person or entity including but not limited to the circumstances of any sale, offer for sale, public use, contract manufacture, or experimental use and the identification of documents by Bates number evidencing the disclosure.

Dated: September 7, 2018

Richard J. Berman
Janine A. Carlan
Bradford C. Frese
Taniel E. Anderson
Gary A. Coad
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC 20006
(202) 857-6000
richard.berman@arentfox.com
janine.carlan@arentfox.com
bradford.frese@arentfox.com
taniel.anderson@arentfox.com
gary.coad@arentfox.com

Jay R. Deshmukh
**ARENT FOX LLP**
1301 Avenue of the Americas,
Floor 42
New York, NY 10019
(212) 484-3900
jay.deshmukh@arentfox.com

*/s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Zydus Worldwide DMCC and Cadila Healthcare Limited.*

FARNAN LLP

OF COUNSEL:

Imron Aly
Keven M. Nelson
Thomas Rammer
Tara Kurtis
SCHIFF HARDIN LLP
233 S. Wacker Drive
Chicago, IL 60606
(312) 258-5500

John K. Hsu
SCHIFF HARDIN LLP
901 K Street NW
Suite 700
Washington, DC 20001
(202) 778-6400

Ahmed M.T. Riaz
SCHIFF HARDIN LLP
666 Fifth Avenue
Suite 1700
New York, NY 10103
(212) 753-5000

*/s/ Brian E. Farnan*

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market St.
12th Floor
Wilmington, DE 19801
(302) 777-0336
bfarnan@farnanlaw.com
mfranan@farnanlaw.com

*Attorneys for Defendants Fresenius Kabi USA, LLC and Fresenius Kabi Oncology Limited*

RICHARDS, LAYTON, & FINGER, P.A.

OF COUNSEL:

Mark S. Schuman
Todd S. Werner
Samuel T. Lockner
Caroline L. Marsili
CARLSON, CASPERS, VANDENBURGH, LINDQUIST & SCHUMAN
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
(612) 436-9600

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
haynes@rlf.com

*Attorneys for Defendants Sun Pharma Global FZE and Sun Pharmaceutical Industries LTD*

PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

OF COUNSEL:
Elizabeth J. Holland
Keith A. Zullow
Steven J. Bernstein
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

/s/ David A. Bilson
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

*Attorneys for Defendants Cipla Limited and Cipla USA Inc.*

Anjali Moorthy
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, CA 94111
(415) 733-6000

SHAW KELLER LLP

OF COUNSEL:

Gary E. Hood
Luke T. Shannon
Mark T. Deming
Helena Berezowskyj
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
(312) 819-1900

/s/ Nathan R. Hoeschen
John W. Shaw (#3362)
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

Rhiannon I. D'Agostin
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
(303) 572-9300

## CERTIFICATE OF SERVICE

I, Brian E. Farnan, hereby certify that on September 7, 2018, a copy of Fresenius Kabi's, Zydus's, Sun's, Cipla's and Teva's First Set of Joint Interrogatories to Plaintiffs (Nos. 1-4) was served on the following as indicated:

Via E-Mail
Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

*Attorneys for Plaintiffs Pharmacyclics LLC and Janssen Biotech, Inc.*

Via E-Mail
Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Nicholas L. Evoy
COVINGTON & BURLING LLP
csipes@cov.com
eandersen@cov.com
bbharkhda@cov.com
nevoy@cov.com

*Attorneys for Plaintiff Pharmacyclics LLC*

Gregory L. Diskant
Irena Royzman
Jordan M. Engelhardt
Lachlan Campbell-Verduyn
PATTERSON BELKNAP WEBB & TYLER LLP
gldiskant@pbwt.com
iroyzman@pbwt.com
jengelhardt@pbwt.com
lcampbellverduyn@pbwt.com

*Attorneys for Janssen Biotech, Inc.*

 /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

# EXHIBIT 4

# Redacted in its Entirety

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACYCLICS LLC and        )
JANSSEN BIOTECH, INC.,        )
                             )
              Plaintiffs,     )
                             )
       v.                     )   C.A. No. 19-434-CFC
                             )
ALVOGEN PINE BROOK LLC and    )
NATCO PHARMA LTD.,            )
                             )
              Defendants.     )

## PLAINTIFFS' PARAGRAPH 3 INITIAL DISCLOSURES

Pursuant to Paragraph 3 of this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default Standard") Plaintiffs Pharmacyclics LLC ("Pharmacyclics") and Janssen Biotech, Inc. ("Janssen"), (collectively, "Plaintiffs"), hereby submit the following Initial Disclosures to Defendants Alvogen Pine Brook LLC ("Alvogen") and Natco Pharma Ltd. ("Natco") (collectively, "Defendants"). These Initial Disclosures are based on information reasonably available to Plaintiffs at this time and reasonably believed to be relevant to the claims or defenses in the above-captioned action. Plaintiffs reserve the right to supplement and/or amend these Initial Disclosures as the case progresses and should additional information become available.

Plaintiffs' Initial Disclosures are made without waiving: (1) any claim of privilege or work product; (2) the right to object on the grounds of competency, relevance, materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in these or any other actions; and (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

The disclosures set forth below are made subject to these objections and qualifications.

## A.   Custodians

Pursuant to ¶ 3(a) of the Default Standard, Plaintiffs identify the following custodians or individuals with e-mails stored in Pharmacyclics's e-mail storage system who may have potentially discoverable information in the above-captioned case involving the IMBRUVICA® tablet product. Plaintiffs do not represent that these custodians currently have relevant documents or admissible evidence in their possession, custody, or control, and do not waive their right to object to the production of any document or tangible thing from any of these custodians or individuals on the basis of privilege, the work product doctrine, relevance, proportionality to the needs of the case, undue burden, or any other objection.

| Name | Title/Role | Subject Matter of Information |
|---|---|---|
| Ching W. Chong | Associate Director, Drug Product Development, Pharmacyclics LLC | Invention and subject matter of the '857, '507, and '386 Patents |
| Robert Kuehl | Executive Director, Drug Product Manufacturing, Pharmacyclics LLC | Invention and subject matter of the '857, '507, and '386 Patents |
| Heow Tan | Chief, Quality and Technical Operations, Pharmacyclics LLC | Invention and subject matter of the '857, '507, and '386 Patents |
| Harisha Atluri | Associate Director, Pharmacokinetics, Pharmacyclics LLC | Invention and subject matter of the '857, '507, and '386 Patents |

Pursuant to ¶ 3(a) of the Default Standard, Plaintiffs identify the following custodian with e-mails stored in Janssen's e-mail storage system who may have potentially discoverable information in the above-captioned case involving the IMBRUVICA® tablet product. Plaintiffs do not represent that this custodian currently has relevant documents or admissible evidence in his possession, custody, or control, and do not waive their right to object to the production of any

2

document or tangible thing from this custodian on the basis of privilege, the work product doctrine, relevance, proportionality to the needs of the case, undue burden, or any other objection.

| Name | Title/Role | Subject Matter of Information |
|---|---|---|
| Dilip Gole | Scientific Director DPD Scientific Integration PDMS, Janssen | Ibrutinib tablet research and development |

Plaintiffs further identify the following custodians or individuals with e-mails stored in Pharmacyclics's e-mail storage system that Plaintiffs believe may have potentially discoverable information in the above-captioned case, who have also been separately identified as having potentially discoverable information in the consolidated action involving the IMBRUVICA® capsule product, Consolidated C.A. No. 18-192 (CFC). Plaintiffs collected and produced non-privileged documents from these individuals in Consolidated C.A. No. 18-192 (CFC), and Plaintiffs have already produced to Defendants their entire document production from the consolidated capsule action, with the exception of certain sensitive patient information that will be produced after entry of a Protective Order. As such, Plaintiffs' collection and production of documents from the custodians or individuals identified below is substantially complete. As Plaintiffs have already collected and produced documents from the below listed custodians, Plaintiffs have listed them alphabetically by last name.

| Name | Title/Role | Subject Matter of Information |
|---|---|---|
| Joseph J. Buggy | Inventor; Former Employee of Pharmacyclics | Invention and subject matter of the '090 Patent |
| Wei Chen | Former Employee of Pharmacyclics | Research and development of IMBRUVICA® |

| Name | Title/Role | Subject Matter of Information |
|---|---|---|
| Erick Goldman | Senior Scientist, Pharmacyclics LLC | Invention and subject matter of the '753, '455, '548, and '140 Patents |
| Lee Honigberg | Inventor; Former Employee of Pharmacyclics | Invention and subject matter of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents |
| David J. Loury | Inventor; Former Employee of Pharmacyclics | Invention and subject matter of the '090 Patent |
| Norbert Purro | Inventor; Former Employee of Pharmacyclics | Invention and subject matter of the '753, '455, '548, and '140 Patents |
| Mark Stephen Smyth | Executive Director - Chemical Development and Manufacturing, Pharmacyclics LLC | Invention and subject matter of the '753, '455, '548, and '140 Patents |
| Erik J. Verner | Inventor; Former Employee of Pharmacyclics | Invention and subject matter of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents |

The following custodians or individuals also have e-mails stored in Pharmacyclics's e-mail storage system and were separately identified as having potentially discoverable information in the consolidated action involving the IMBRUVICA® capsule product, Consolidated C.A. No. 18-192 (CFC). Plaintiffs do not believe that these individuals have information relevant to the above-captioned case, as they are named inventors on patents not asserted against Alvogen/Natco. Plaintiffs collected and produced non-privileged documents from these individuals in Consolidated C.A. No. 18-192 (CFC). Plaintiffs have already produced to Defendants their entire document production from Consolidated C.A. No. 18-192 (CFC), with the exception of certain sensitive patient information that will be produced after entry of a

Protective Order. As Plaintiffs have already collected and produced documents from the below listed custodians, Plaintiffs have listed them alphabetically by last name.

| Name | Title/Role | Subject Matter of Information |
|------|-----------|------------------------------|
| Jason A. Dubovsky | Inventor; Former Employee of Pharmacyclics | Invention and subject matter of the '604 Patent |
| Laurence Elias | Inventor; Former Employee of Pharmacyclics | Invention and subject matter of the '999, '889, '881, '883, and '721 Patents |
| Tarak D. Mody | Inventor; Former Employee of Pharmacyclics | Invention and subject matter of the '999, '889, '881, '883, and '721 Patents |

Plaintiffs reserve the right to supplement and/or amend their list of custodians as discovery continues. By making this disclosure, Plaintiffs do not consent to or authorize Defendants to communicate with these custodians. Instead, all such communications must be made through undersigned counsel for Pharmacyclics and Janssen.

B. **Non-Custodial Data Sources**

Pursuant to ¶ 3(b) of the Default Standard, Plaintiffs identify the following non-custodial data sources that may contain non-duplicative discoverable information in the above-captioned action. These sources include internal databases and shared department drives. In so doing, Plaintiffs do not waive their rights to object to the production of any document or tangible thing located within these data sources on the basis of the attorney-client privilege, the work product doctrine, relevance, or any other objection.

1. Certain shared-access files on a network located at one or more of Plaintiffs' facilities;

2. Certain regulatory documents stored on the Veeva Vault system;

3. Certain documents stored on Pharmacyclics's MasterControl system; and

4. Certain hard copy documents stored in Pharmacyclics's DataSafe repository.

Plaintiffs do not represent that these non-custodial data sources contain relevant documents or admissible evidence, and do not waive their right to object to the production of any document or tangible thing from any of these data sources on the basis of privilege, the work product doctrine, relevance, proportionality to the needs of the case, undue burden, or any other objection.

Plaintiffs reserve the right to supplement or amend their disclosures regarding non-custodial data sources at a later time as the case proceeds.

The above listed non-custodial data sources were separately identified in Plaintiffs' Paragraph 3 Disclosures for Consolidated C.A. No. 18-192 (CFC). Plaintiffs collected and produced non-privileged documents from these non-custodial data sources in connection with Consolidated C.A. No. 18-192 (CFC). Plaintiffs have already produced to Defendants their entire document production from Consolidated C.A. No. 18-192 (CFC), with the exception of certain sensitive patient information that will be produced after entry of a Protective Order.

**C.** <u>**Notice**</u>

Pursuant to ¶ 3(c)(i) of the Default Standard, to the extent Plaintiffs maintain backup tapes of their electronic data systems, such tapes are not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). Moreover, pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i), Plaintiffs will not produce documents already in Defendants' possession, custody, or control. As explained with respect to ¶¶ 3(a) and 3(b) above, Plaintiffs have already produced to Defendants their entire document production from Consolidated C.A. No. 18-192 (CFC), with the exception of certain sensitive patient information that will be produced after entry of a Protective Order. As such, Plaintiffs will not perform new or additional searches for or collections of documents relating to the

subject matter or inventions of the patents common to the above-captioned case and Consolidated C.A. No. 18-192 (CFC), as any such additional searches or collection would be cumulative, duplicative, unduly burdensome and costly, and disproportionate to the needs of the case. Plaintiffs' investigation as to tablet-specific discovery is ongoing; Plaintiffs will identify to Defendants any additional issues with ESI as discovery progresses

Pursuant to ¶ 3(c)(ii) of the Default Standard, any third party discovery will be conducted pursuant to the scheduling order in the Actions. Due to the ongoing nature of Plaintiffs' investigation, Plaintiffs are not presently aware of any issues concerning third-party discovery that need to be addressed. Plaintiffs reserve the right to amend this disclosure as discovery continues, and will meet and confer with Defendants regarding the scope, timing, and sequencing of any needed third-party discovery.

Pursuant to ¶ 3(c)(iii) of the Default Standard, Plaintiffs state that potentially responsive documents from one or more entities or custodians may implicate patient privacy concerns, and in particular the Health Insurance Portability and Accountability Act ("HIPAA"), as well as data privacy laws of foreign governments. Plaintiffs reserve the right to amend this disclosure as discovery continues.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Chanson Chang
Nicholas L. Evoy
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

*Attorneys for Plaintiffs*

*Attorneys for Pharmacyclics*

Irena Royzman
Cristina L. Martinez
Marcus A. Colucci
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100

Hannah Lee
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
(650) 752-1700

*Attorneys for Janssen Biotech, Inc.*

October 4, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Melanie K. Sharp, Esquire                                   *VIA ELECTRONIC MAIL*
James L. Higgins, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendants Alvogen Pine Brook*
*LLC and Natco Pharma Ltd.*

Siegmund Y. Gutman, Esquire                                 *VIA ELECTRONIC MAIL*
David M. Hanna, Esquire
Michelle M. Ovanesian, Esquire
Christopher D. Lynch, Ph.D.
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA  90067-3010
*Attorneys for Defendants Alvogen Pine Brook*
*LLC and Natco Pharma Ltd.*


                                        */s/ Jeremy A. Tigan*
                                        _____
                                        Jeremy A. Tigan (#5239)

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-192 (CFC) |
| FRESENIUS KABI USA, LLC and FRESENIUS KABI ONCOLOGY LIMITED, | ) ) ) ) | |
| Defendants. | ) | |
| PHARMACYCLICS LLC, and JANSSEN BIOTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 18-237 (CFC) |
| SHILPA MEDICARE LIMITED, SUN PHARMA GLOBAL FZE and SUN PHARMACEUTICAL INDUSTRIES LTD., | ) ) ) ) | |
| Defendants. | ) | |
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 18-247 (CFC) |
| CIPLA LIMITED and CIPLA USA INC., | ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 18-275 (CFC) |
| | ) |
| ZYDUS WORLDWIDE DMCC, CADILA HEALTHCARE LIMITED, TEVA PHARMACEUTICALS USA, INC., SANDOZ INC. and LEK PHARMACEUTICALS D.D., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF JOINT INTERROGATORIES (NOS. 1–4)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Local Rule 26.1 of the United States District Court for the District of Delaware, Plaintiffs Pharmacyclics LLC ("Pharmacyclics" or "PCYC") and Janssen Biotech, Inc. ("Janssen") (collectively, "Plaintiffs") submit the following objections and responses to the First Set of Joint Interrogatories (Nos. 1–4), served by Defendants Fresenius Kabi USA, LLC and Fresenius Kabi Oncology Limited (collectively, "Fresenius Kabi"), Zydus Worldwide DMCC and Cadila Healthcare Limited (collectively, "Zydus"), Sun Pharma Global FZE and Sun Pharmaceutical Industries LTD (collectively, "Sun"), Cipla Limited and Cipla USA Inc. (collectively, "Cipla"), and Teva Pharmaceuticals USA, Inc. ("Teva") on September 7, 2018. On September 10, 2018, Shilpa Medicare Limited ("Shilpa") joined Fresenius Kabi's, Zydus's, Teva's, Sun's, and Cipla's First Set of Joint Interrogatories. *See* C.A. No. 18-237 (CFC) (D.I. 53) (D. Del. Sept. 10, 2018). On September 18, 2018, Sandoz Inc. and Lek Pharmaceuticals D.D. (collectively, "Sandoz") joined as well. *See* C.A. No. 18-275 (CFC) (D.I. 67) (D. Del. Sept. 18, 2018). Fresenius Kabi, Zydus, Teva, Sun, Cipla, Shilpa, and Sandoz are collectively referred to as "Defendants" herein.

object to the term "the subject matter claimed in the asserted claims" as vague, ambiguous, and undefined as to the extent of information sought. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "correspondence concerning" and any "draft licenses involved with any offer for sale." Plaintiffs object to this Interrogatory to the extent that it calls for information that is subject to attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection. Plaintiffs object to this Interrogatory as duplicative of other Interrogatories. *See, e.g.*, Interrogatory No. 4. Plaintiffs object to this Interrogatory to the extent it attempts to impose multiple subparts in violation of Federal Rule of Civil Procedure 33(a).

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Consistent with Fed. R. Civ. P. 33(d), Plaintiffs have produced or will produce documents from which the information sought in this Interrogatory may be derived or ascertained. Plaintiffs also refer Defendants to their response for Interrogatory No. 4.

Plaintiffs' investigation is ongoing. Moreover, fact discovery is in its early stages, and expert discovery has not begun. Plaintiffs reserve the right to modify, supplement, and/or amend these responses pursuant to Federal Rule of Civil Procedure 26(e) as discovery and their investigation progress.

## INTERROGATORY NO. 3

Describe in full and informative detail the conception and reduction to practice of the subject matter of each asserted claim of the Asserted Patents, including but not limited to the identification of: the dates of conception and reduction to practice; the dates of commencement and termination of any diligence in reducing the purported invention to practice; the persons who conceived and/or reduced to practice each claim of the Asserted Patents; and all documents by Bates number evidencing the conception, reduction to practice, design, and development of each claimed invention.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiffs incorporate by reference their Recurring Objections set forth above as if set forth fully herein. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to identify "all documents by Bates number evidencing the conception, reduction to practice, design, and development of each claimed invention." Plaintiffs object to this Interrogatory to the extent it includes a request for identification or production of information regarding "design, and development of each claimed invention," as such topics exceed the issues of conception and reduction to practice. Plaintiffs object to the term "[d]escribe . . . the conception and reduction to practice of the subject matter of each asserted claim of the Asserted Patents" in this Interrogatory to the extent it requires Plaintiffs to perform a legal analysis or render a legal conclusion. Plaintiffs object to this Interrogatory to the extent that it calls for information that is subject to attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection. Plaintiffs object to this Interrogatory as premature to the extent it contravenes the scheduling order entered by the Court. Plaintiffs object to this Interrogatory as premature to the extent it seeks discovery of information that may be the subject of expert discovery, and to the extent it requires Plaintiffs to engage in legal or expert analysis and/or render expert opinions in order to respond. Plaintiffs further object to this Interrogatory to the extent it seeks information that is not in the possession, custody, or control of Plaintiffs and to the extent it seeks information in the public domain and that is as readily available to Defendants as it is to Plaintiffs. Plaintiffs object to this Interrogatory as premature as Defendants bear the burden of proof on invalidity and must identify purportedly relevant prior art. Defendants have not yet served Invalidity Contentions. Plaintiffs object to this Interrogatory to

the extent it attempts to impose multiple subparts in violation of Federal Rule of Civil Procedure 33(a).

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Consistent with Fed. R. Civ. P. 33(d), Plaintiffs respond that they have produced or will produce documents from which the answer to this Interrogatory may be derived or ascertained, including documents regarding the research and development leading up to the inventions claimed in the Asserted Patents. *E.g.,* IMBPCYC00000001–19510, IMBPCYC00019966–89959, and relevant portions of NDA No. 205552.

Plaintiffs further respond that the inventions claimed in the Asserted Patents were conceived and reduced to practice at least as early as the effective filing date of each respective patent, as listed below:

| U.S. Patent No. | Conception and Reduction to Practice Date |
|---|---|
| 7,514,444 | No later than September 22, 2006 |
| 8,476,284 | No later than September 22, 2006 |
| 8,497,277 | No later than September 22, 2006 |
| 8,697,711 | No later than September 22, 2006 |
| 8,735,403 | No later than September 22, 2006 |
| 8,754,091 | No later than September 22, 2006 |
| 8,952,015 | No later than September 22, 2006 |
| 8,957,079 | No later than September 22, 2006 |
| 9,181,257 | No later than September 22, 2006 |
| 8,008,309 | No later than September 22, 2006 |
| 8,754,090 | No later than June 3, 2010 |
| 8,999,999 | No later than June 3, 2010 |
| 9,125,889 | No later than June 3, 2010 |
| 9,801,881 | No later than June 3, 2010 |
| 9,801,883 | No later than June 3, 2010 |
| 9,814,721 | No later than June 3, 2010 |
| 9,713,617 | No later than June 4, 2012 |
| 9,725,455 | No later than June 4, 2012 |
| 9,540,382 | No later than June 4, 2012 |
| 9,296,753 | No later than June 4, 2012 |
| 9,795,604 | No later than October 25, 2013 |

Plaintiffs reserve the right to supplement this response and provide evidence that prior conception, diligence, and/or reduction to practice antedates any prior art identified or asserted by Defendants.

Additionally, Plaintiffs identify the following individuals who were involved in the conception and/or reduction to practice of the inventions claimed in the Asserted Patents:

| U.S. Patent No. | Identified Individuals |
|---|---|
| 7,514,444 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,476,284 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,497,277 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,697,711 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,735,403 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,754,091 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,952,015 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,957,079 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 9,181,257 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,008,309 | Lee Honigberg, Erik Verner, and Zhengying Pan |
| 8,754,090 | Joseph J. Buggy, Gwen Fyfe, and David J. Loury |
| 8,999,999 | Joseph J. Buggy, Laurence Elias, Gwen Fyfe, Eric Hedrick, David J. Loury, and Tarak D. Mody |
| 9,125,889 | Joseph J. Buggy, Laurence Elias, Gwen Fyfe, Eric Hedrick, David J. Loury, and Tarak D. Mody |
| 9,801,881 | Joseph J. Buggy, Laurence Elias, Gwen Fyfe, Eric Hedrick, David J. Loury, and Tarak D. Mody |
| 9,801,883 | Joseph J. Buggy, Laurence Elias, Gwen Fyfe, Eric Hedrick, David J. Loury, and Tarak D. Mody |
| 9,814,721 | Joseph J. Buggy, Laurence Elias, Gwen Fyfe, Eric Hedrick, David J. Loury, and Tarak D. Mody |
| 9,713,617 | Norbert Purro, Mark Stephen Smyth, Erick Goldman, and David D. Wirth |
| 9,725,455 | Norbert Purro, Mark Stephen Smyth, Erick Goldman, and David D. Wirth |
| 9,540,382 | Norbert Purro, Mark Stephen Smyth, Erick Goldman, and David D. Wirth |
| 9,296,753 | Norbert Purro, Mark Stephen Smyth, Erick Goldman, and David D. Wirth |
| 9,795,604 | John C. Byrd, Jason A. Dubovsky, Natarajan Muthusamy, Amy Jo Johnson, and David Miklos |

Plaintiffs' investigation is ongoing. Moreover, fact discovery is in its early stages, and expert discovery has not begun. Plaintiffs reserve the right to modify, supplement, and/or amend

| 9,713,617 | **Claims 1, 3, 5, 7, 9, 27, 36, 40:** November 13, 2013 |
| 9,725,455 | **Claims 1–13:** November 13, 2013 |
| 9,540,382 | **Claims 1, 3, 5, 7, 9, 10, 12, 14, 17, 19, 24:** November 13, 2013 |
| 9,296,753 | **Claims 1–18:** November 13, 2013 |
| 9,795,604 | **Claims 1, 4, 6–10, 13, 15, 24, 28–31, 35, 39, 43–46, 50–53, 55:** August 2, 2017 |

Plaintiffs' investigation is ongoing. Moreover, fact discovery is in its early stages, and expert discovery has not begun. Plaintiffs reserve the right to modify, supplement, and/or amend these responses pursuant to Federal Rule of Civil Procedure 26(e) as discovery and their investigation progress

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Nicholas L. Evoy
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

*Attorneys for Pharmacyclics LLC*
Gregory L. Diskant
Irena Royzman
Jordan M. Engelhardt
Lachlan Campbell-Verduyn
Nicole A. Conlon
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Janssen Biotech, Inc.*

October 22, 2018
12309059

*/s/ Jeremy A. Tigan*
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs*

- 19 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2018, copies of the foregoing were caused to be served upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendants Fresenius Kabi USA,*
*LLC and Fresenius Kabi Oncology Limited*

Imron Aly, Esquire                                          *VIA ELECTRONIC MAIL*
Keven M. Nelson, Esquire
Thomas Rammer, Esquire
Tara Kurtis, Esquire
233 South Wacker Drive
Chicago, IL  60606
*Attorneys for Defendants Fresenius Kabi USA,*
*LLC and Fresenius Kabi Oncology Limited*

John K. Hsu, Esquire                                        *VIA ELECTRONIC MAIL*
SCHIFF HARDIN LLP
901 K Street NW, Suite 700
Washington, DC  20001
*Attorneys for Defendants Fresenius Kabi USA,*
*LLC and Fresenius Kabi Oncology Limited*

Ahmed M.T. Riaz, Esquire                                    *VIA ELECTRONIC MAIL*
SCHIFF HARDIN LLP
666 Fifth Avenue, Suite 1700
New York, NY  10103
*Attorneys for Defendants Fresenius Kabi USA,*
*LLC and Fresenius Kabi Oncology Limited*

Neal C. Belgam, Esquire                                     *VIA ELECTRONIC MAIL*
Eve H. Ormerod, Esquire
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, DE  19801
*Attorneys for Defendant Shilpa Medicare*
*Limited*

Chidambaram S. Iyer, Esquire
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW,
Washington, D.C. 20037
*Attorneys for Defendant Shilpa Medicare
Limited*

*VIA ELECTRONIC MAIL*

Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, PA
One Rodney Square, Suite 600
920 North King Street
Wilmington, DE 19801
*Attorneys for Defendants Sun Pharma Global
FZE and Sun Pharmaceutical Industries Ltd.*

*VIA ELECTRONIC MAIL*

Samuel T. Lockner, Esquire
Shelleaha L. Jonas, Esquire
Todd S. Werner, Esquire
Caroline L. Marsili, Esquire
CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
*Attorneys for Defendants Sun Pharma Global
FZE and Sun Pharmaceutical Industries Ltd.*

*VIA ELECTRONIC MAIL*

John C. Phillips, Jr., Esquire
David A. Bilson, Esquire
PHILLIPS GOLDMAN MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
*Attorneys for Defendants Cipla Limited and
Cipla USA Inc.*

*VIA ELECTRONIC MAIL*

Elizabeth J. Holland, Esquire
Keith A. Zullow, Esquire
Steven J. Bernstein, Esquire
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
*Attorneys for Defendants Cipla Limited and
Cipla USA Inc.*

*VIA ELECTRONIC MAIL*

Anjali Moorthy, Esquire                         *VIA ELECTRONIC MAIL*
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, CA  94111
*Attorneys for Defendants Cipla Limited and*
*Cipla USA Inc.*

John W. Shaw, Esquire                           *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant Teva*
*Pharmaceuticals USA, Inc.*

Gary E. Hood, Esquire                           *VIA ELECTRONIC MAIL*
Luke T. Shannon, Esquire
Mark T. Deming, Esquire
Helena Berezowskyj, Esquire
POLSINELLI PC
150 North Riverside Plaza, Suite 3000
Chicago, IL  60606
*Attorneys for Defendant Teva*
*Pharmaceuticals USA, Inc.*

Rhiannon I. D'Agostin, Esquire                  *VIA ELECTRONIC MAIL*
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO  80202
*Attorneys for Defendant Teva*
*Pharmaceuticals USA, Inc.*

David E. Moore, Esquire                         *VIA ELECTRONIC MAIL*
Bindu A. Palapura, Esquire
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendants Zydus Worldwide*
*DMCC and Cadila Healthcare Limited*

Jay R. Deshmukh, Esquire                                    *VIA ELECTRONIC MAIL*
ARENT FOX LLP
1675 Broadway
New York, NY  10019
*Attorneys for Defendants Zydus Worldwide*
*DMCC and Cadila Healthcare Limited*

Richard J. Berman, Esquire                                  *VIA ELECTRONIC MAIL*
Janine A. Carlan, Esquire
Bradford C. Frese, Esquire
Taniel Anderson, Esquire
Gary A. Coad, Esquire
ARENT FOX LLP
1717 K Street, NW
Washington, DC  20006-5344
*Attorneys for Defendants Zydus Worldwide*
*DMCC and Cadila Healthcare Limited*

Dominick T. Gattuso, Esquire                                *VIA ELECTRONIC MAIL*
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE  19801
*Attorneys for Defendants Sandoz Inc. and*
*Lek Pharmaceuticals d.d.*

Natalie C. Clayton, Esquire                                 *VIA ELECTRONIC MAIL*
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016
*Attorneys for Defendants Sandoz Inc. and*
*Lek Pharmaceuticals d.d.*

Shri Abhyankar, Esquire                                     *VIA ELECTRONIC MAIL*
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424
*Attorneys for Defendants Sandoz Inc. and*
*Lek Pharmaceuticals d.d.*

*/s/ Jeremy A. Tigan*
Jeremy A. Tigan (#5239)

# EXHIBIT 7

| | |
|---|---|
| **From:** | Hanna, David M. |
| **Sent:** | Monday, December 16, 2019 11:14 AM |
| **To:** | Hansen, Alexa; Denuyl, David S; Andersen, Erica; Chang, Chanson; Jayita Guhaniyogi; Clayton, Natalie; Todd S Werner; Sanchez, Linda; BinduPalapura; Brian E. Farnan; David Moore; DGattuso@proctorheyman.com; Ibrutinib - A&B; Jay R. Deshmukh; Michael Farnanlaw; Imron  T. Aly; John K. Hsu; Nelson, Kevin M.; Thom  Rammer; Bridget Turnelius; Stephane O'Byrne; Zydus – Imbruvica; Samuel T Lockner; DG-Ibrutinib; John Phillips; dab@pgmhlaw.com; Hershy Stern; Caroline L Marsili; Ariaz@schiffhardin.com; Ibrutinib - A&B; Alvogen_Ibrutinib; Melanie Sharp; Higgins, James |
| **Cc:** | AbbVie_Imbruvica; jtigan@mnat.com; Jack  B. Blumenfeld; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) |
| **Subject:** | RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas |

Counsel,

Please provide your availability to meet and confer today or tomorrow to discuss the below, as well as the improper privileged/work product objections and instructions not to answer during Ms. Lewis' deposition, as well as Plaintiffs' deficient interrogatory responses with respect to at least secondary considerations and infringement contentions (as explained/identified on yesterday's meet and confer). We are amenable to meet and confer in the morning or evening, assuming it works for our local counsel as well.

Regards,
David

---

**From:** Hansen, Alexa
**Sent:** Friday, December 6, 2019 6:53 PM
**To:** Hanna, David M. ; Denuyl, David S ; Andersen, Erica ; Chang, Chanson ; Jayita Guhaniyogi ; Clayton, Natalie ; Todd S Werner ; Sanchez, Linda ; BinduPalapura ; Brian E. Farnan ; David Moore ; DGattuso@proctorheyman.com ; Ibrutinib - A&B ; Jay R. Deshmukh ; Michael Farnanlaw ; Imron  T. Aly ; John K. Hsu ; Nelson, Kevin M. ; Thom Rammer ; Bridget Turnelius ; Stephane O'Byrne ; Zydus – Imbruvica ; Samuel T Lockner ; DG-Ibrutinib ; John Phillips ; dab@pgmhlaw.com; Hershy Stern ; Caroline L Marsili ; Ariaz@schiffhardin.com; Ibrutinib - A&B ; Alvogen_Ibrutinib ; Melanie Sharp ; Higgins, James
**Cc:** AbbVie_Imbruvica ; jtigan@mnat.com; Jack B. Blumenfeld ; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com)
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

*This email originated from outside the Firm.*

David,

We make no representation as to whether there is or is not a "written agreement that memorializes the purported common interest agreement between Dr. Pan and Pharmacyclics." Our point is that there was no need for a written agreement, given Dr. Pan's clear common interest, shared with Pharmacyclics, concerning the seeking of a patent (i.e., patent prosecution). Further, we fail to see how you can assert that we have not identified the "factual basis" for this common interest. Dr. Pan is a named inventor on a patent with two other Pharmacyclics employees, which Pharmacyclics filed as assignee. This is facially clear from the patent. Dr. Pan and Pharmacyclics shared a common

1

interest in seeking a patent, and thus shared a common interest in receiving advice as to whether, for example, such information was patentable and who was the proper inventor -- which was the subject matter of your questions.

As for your unilateral demand that we be prepared to discuss this matter on Monday, I am unavailable that day. I can be available before 10 am ET on Wednesday or Thursday next week. We see no basis, however, to discuss this further. Dr. Pan (just as any inventor) does not need to be a client for the privilege to apply. If Alvogen moves to compel (as you say below), we will seek all fees and costs with opposing such a motion.

Regards,
Alexa


**Alexa Hansen**

T +1 415 591 7035 | **COVINGTON**

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Thursday, December 05, 2019 7:57 AM
**To:** Hansen, Alexa <ahansen@cov.com>; Denuyl, David S <DDenuyl@cov.com>; Andersen, Erica <eandersen@cov.com>; Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso <DGattuso@proctorheyman.com> <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

<mark>[EXTERNAL]</mark>
Alexa,

We understand that there is no written agreement that memorializes the purported common interest agreement between Dr. Pan and Pharmacyclics that Plaintiffs are relying upon. Please let me know if Defendants' understanding is incorrect.

Despite our repeated requests, you have not provided the factual bases for your privilege assertion, which is your burden. Mr. Hostetler testified that he did not represent Mr. Pan, and you have not demonstrated that Mr. Pan ever sought legal advice from Mr. Hostetler or that Mr. Hostetler provided any legal advice to Mr. Pan. Furthermore, you have not provided the factual bases for your common interest assertion in this case. Plaintiffs don't get to simply assert that there exists a common interest.

In view of Plaintiffs' improper instructions to Mr. Hostetler to not answer Defendants' counsel's questions on the basis of privilege and/or common interest and your failure to justify Plaintiffs' counsel's improper instructions, Defendants plan to move to compel Mr. Hostetler to sit for a second deposition so that he can answer the questions he previously

refused to answer based on Plaintiffs' counsel's improper instructions. Please be prepared to address this issue during the parties' meet and confer on the scheduling issue on Monday.


Regards,
David

---

**From:** Hansen, Alexa <ahansen@cov.com>
**Sent:** Wednesday, December 4, 2019 8:25 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; Denuyl, David S <DDenuyl@cov.com>; Andersen, Erica <eandersen@cov.com>; Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

*This email originated from outside the Firm.*

---

David,

We disagree with your characterization that Dr. Hostetler was instructed not to answer any question "on the grounds of a purported common interest agreement between Pharmacyclics and Mr. Pan." As the record makes clear, Dr. Hostetler was instructed not to answer questions that sought information about communications Dr. Hostetler had with inventors or Pharmacyclics concerning inventorship. Such communications are protected by attorney-client privilege, and queries regarding those communications were wholly improper. *See, e.g., In Re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000) (holding that an invention record, including factual information, provided to an attorney for purposes of determining patentability is protected by attorney client privilege). This privilege extended to Dr. Hostetler's indirect communications with Dr. Pan because of Dr. Pan's common interest with Pharmacyclics in seeking patent protection. *See, e.g., Research Institute for Medicine and Chemistry, Inc. v. Wisconsin Alumni Research Foundation*, 114 F.R.D. 672, 678–79 (W.D. Wis. 1987)*; Rembrandt Patent Innovations, LLC v. Apple Inc.*, No. C 14-05093 WHA, 2016 WL 427363, at *4 (N.D. Cal. Feb. 4, 2016) ("the named inventors shared Penn's interest in engaging in 'full and frank' discussions with Penn's counsel about legal questions involved in licensing and enforcement opportunities, perfecting title in the patent, and defending the patent's validity.")*.

As for your inquiry regarding whether a "common interest agreement" in document form exists between Dr. Pan and Pharmacyclics, we disagree that such a document is necessary to establish the common interest privilege shared by Pharmacyclics and Dr. Pan concerning patent protection, which would include determinations of inventorship. *See, e.g., United States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012) (("no written agreement is required" for the common interest privilege to apply, since an agreement "may be implied from conduct and situation, such as attorneys exchanging confidential communications from clients who … have common interests in litigation."); *see also Xerox Corp. v. Google Inc.*, 801 F. Supp. 2d 293, 303 (D. Del. 2011).

Regards,
Alexa

**Alexa Hansen**
T +1 415 591 7035 | COVINGTON

---

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Monday, December 02, 2019 6:24 PM
**To:** Denuyl, David S <DDenuyl@cov.com>; Andersen, Erica <eandersen@cov.com>; Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

[EXTERNAL]
Counsel,

During Dr. Michael Hostetler's deposition, Pharmacyclics' counsel objected to multiple questions on the grounds of a purported common interest agreement between Pharmacyclics and Mr. Pan. Defendants have been unable to locate a copy of any such agreement in Plaintiffs' production.

Please immediately produce a copy of any common interest agreement concerning Mr. Pan, including between Pharmacyclics, Mr. Pan, Celera, and/or any other former Celera employee by Wednesday, December 4, 2019. To the extent that there does not exist any documented common interest agreement, please confirm by Wednesday, December 4, 2019, that: 1) Plaintiffs allege that a common interest agreement exists; and 2) what are the details concerning the common interest agreement, including the identities of the parties involved in the common interest agreement and the bases for their common interest.

Regards,
David

---

**From:** Denuyl, David S <DDenuyl@cov.com>
**Sent:** Thursday, November 7, 2019 3:00 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; Andersen, Erica <eandersen@cov.com>; Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore

<dmoore@potteranderson.com>; <DGattuso@proctorheyman.com> <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

Counsel,

Attached for service is Michael J. Hostetler's Objections and Responses to Alvogen's and Zydus's Rule 45 Subpoena.

Regards,
David

**David Denuyl**

Covington & Burling LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 7033 | ddenuyl@cov.com
www.cov.com

## COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Thursday, October 31, 2019 2:18 PM
**To:** Andersen, Erica <eandersen@cov.com>; Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>

Cc: AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

[EXTERNAL]
Erica,

We understand that Dr. Hostetler is unavailable to sit for a deposition in the next two months besides November 26. In view of that understanding, we have moved around personal obligations so that we can proceed with Dr. Hostetler's deposition on November 26.

Because we are proceeding with his deposition on November 26, we cannot agree to a two-week extension because we will need time to consider Dr. Hostetler's objections and responses, meet and confer with him regarding his objections and responses, and receive and review his documents in advance of the deposition. We will agree to a 1-week extension on the condition that Dr. Hostetler will make himself available for a meet and confer after he serves his objections and responses and agrees to produce all documents by November 15, 2019, so that Alvogen, Natco, Zydus, and Cadila have sufficient time to review the documents in advance of Dr. Hostetler's deposition.

Regards,
David

---

**From:** Andersen, Erica <eandersen@cov.com>
**Sent:** Thursday, October 31, 2019 9:58 AM
**To:** Hanna, David M. <DHanna@proskauer.com>; Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>, dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
Cc: AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

David,

We have confirmed with Dr. Hostetler that this is his only availability in November. Please confirm Defendants will take his deposition on November 26, as scheduled.

Please also confirm you agree to a two-week extension for Dr. Hostetler to respond to the subpoena for documents.

Regards,
Erica

**Erica N. Andersen**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5549 | eandersen@cov.com
www.cov.com

**COVINGTON**

---

**From:** Andersen, Erica
**Sent:** Wednesday, October 30, 2019 5:22 PM
**To:** 'Hanna, David M.' <DHanna@proskauer.com>; Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

David,

We are checking with Dr. Hostetler, but our understanding is he has no other availability whatsoever in November or December. We suggest you make accommodations to take his deposition on November 26. Please confirm you will do so.

In addition, Dr. Hostetler needs an additional two weeks to respond to the subpoena for documents. Please confirm this extension is acceptable.

Regards,
Erica

**Erica N. Andersen**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5549 | eandersen@cov.com
www.cov.com

**COVINGTON**

7

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Wednesday, October 30, 2019 9:48 AM
**To:** Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

[EXTERNAL]
Chanson,

We appreciate that he is a third party and are willing to accommodate his schedule, but Defendants cannot take his deposition on November 26 due to the Thanksgiving holiday and previously planned trips. We understand from your email that Dr. Hostetler is unavailable for a single day in December to sit for his deposition, but you have not provided his availability for alternative days in November. Please provide an alternative date for his deposition in November.

Regards,
David

---

**From:** Chang, Chanson <CChang@cov.com>
**Sent:** Sunday, October 27, 2019 11:49 AM
**To:** Hanna, David M. <DHanna@proskauer.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib

<Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>;
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

David,

Dr. Hostetler, who is a third-party (and attorney with a full docket), has a very busy schedule. We understand that he is unavailable for the entire month of December so we are not able to offer an alternative date for his deposition at this time. We request that Defendants make accommodations to take his deposition on November 26.

Regards,
Chanson

---

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Friday, October 25, 2019 1:51 PM
**To:** Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

<mark>[EXTERNAL]</mark>
Chanson,

Due to the Thanksgiving holiday and previously planned trips, counsel for defendants Alvogen, Natco, Zydus and Cadila are unable to take the deposition of Mr. Hostetler on November 26, 2019. Please provide an alternative date.

Regards,
David

**From:** Chang, Chanson <CChang@cov.com>
**Sent:** Wednesday, October 23, 2019 11:39 AM
**To:** Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib – A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hanna, David M. <DHanna@proskauer.com>; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib – A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

Counsel,

We understand that the depositions of Erik Verner (Nov. 6 at C&B SF), Tarak Mody (Nov. 19 at C&B SF), and Lee Honigberg (Nov. 22 at C&B SF), are confirmed.

We have been informed that Dr. Eric Hedrick is available for deposition on November 8. We will follow up for a location for this deposition.

We have learned that Dr. Fyfe may have documents responsive to the subpoena in her possession, and are diligently working to collect, review, and produce, as appropriate, any documents. In light of this, we are providing an alternative date for her deposition of December 4, at Covington & Burling's San Francisco office.

Mr. Hostetler is available for deposition on November 26. We will follow up with a location for this deposition but it will be in the San Francisco area.

Ms. Lewis is available for deposition on December 10. We will follow up with a location for this deposition but it will be in the Boston area.

Regards,
Chanson

---

**From:** Chang, Chanson
**Sent:** Thursday, October 17, 2019 9:43 AM
**To:** 'Jayita Guhaniyogi' <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu

<jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hanna, David M. <DHanna@proskauer.com>; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

Counsel,

We understand that the depositions for Dr. Zhengying Pan (Oct. 25 at C&B NY), Erick Goldman (Oct. 25 at C&B SF), Dr. Jason Dubovsky (Oct. 30 in Seattle), Dr. David Wirth (Oct. 30 in Greensboro), Dr. Joseph Buggy (Nov. 1 at C&B Palo Alto), and Norbert Purro (Nov. 12 at C&B SF) are confirmed.

Plaintiffs designate Dr. Pan to testify as to Defendants' Topic Nos. 1, 2 and 3, with respect to the first synthesis of ibrutinib and the process used for this synthesis, subject to plaintiffs' forthcoming objections and responses to these Topics.

Plaintiffs designate Erick Goldman to testify as to Defendants' Topic Nos. 2, 3, 8, 9, and 10, with respect to the crystalline forms of ibrutinib referred to in the '753, '382, '617, '455, '548, '140, '231, and '232 Patents as Forms A–F, including research and development relating to the same. Plaintiffs also designate Erick Goldman to testify as to Defendants' Topic No. 47 with respect to the '753, '382, '617, '455, '548, '140, '231, and '232 Patents. Plaintiffs' designation of Erick Goldman for these topics is also subject to plaintiffs' forthcoming objections and responses to these Topics.

Dr. Dubovsky's deposition will proceed at KL Gates in Seattle (925 Fourth Avenue, Suite 2900, Seattle, WA).

Dr. Wirth's deposition will proceed at the Hilton Garden Inn Greensboro Airport (238 NC Highway 68 South Airport, Greensboro, NC).

Dr. Lee Honigberg, who is a third-party and has limited availability, is available for deposition on November 22, 2019, at Covington & Burling's San Francisco office. Please confirm by close of business tomorrow that defendants accept this date and location for his deposition.

As for Dr. Smyth, as we explained he has extremely limited availability during the remainder of the fact discovery period due to preexisting obligations. We understand that defendants refuse to move forward with Dr. Smyth's deposition on October 22. We reiterate that in light of Dr. Smyth's schedule and the need to schedule and accommodate the now 20 different depositions that defendants have collectively noticed, we are unable to guarantee Dr. Smyth's availability for any other date within the current fact discovery period. We also note that in your email you noted that all "four" defendant groups are coordinating. To be clear, all five defendant groups—including Alvogen and Natco—should be coordinating to take any such depositions. Plaintiffs will not be subjecting any of the inventors, many of who are third-parties, to multiple depositions.

Plaintiffs are working to secure dates and locations for the depositions of the tablet inventors, and also for any other Rule 30(b)(6) witnesses that plaintiffs may designate, and will provide that information when available.

Regards,
Chanson

---

**From:** Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>
**Sent:** Tuesday, October 15, 2019 12:52 PM
**To:** Clayton, Natalie <Natalie.Clayton@alston.com>; Chang, Chanson <CChang@cov.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; Hanna, David M. <DHanna@proskauer.com>; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

[EXTERNAL]
Chanson,

With regard to Dr. Smyth, while we appreciate his tight schedule, he is not a third party. As you may also appreciate that all four defendant groups along with their respective counsel are coordinating to take Dr. Smyth's deposition. Given that Plaintiffs only offered a single date more than three weeks in advance of the date originally noticed, please provide us a few additional dates for Dr. Smyth.

With respect to Dr. Pan, in an effort to accommodate his availability, Zydus will endeavor to rearrange schedules and will accept the Oct. 25 date and location offered for his deposition.

Additionally, please provide dates for Plaintiffs' Rule 30(b)(6) witnesses on the topics served by Defendants on September 12, 2019.

Regards,
Jayita

---

**From:** Clayton, Natalie [mailto:Natalie.Clayton@alston.com]
**Sent:** Tuesday, October 15, 2019 12:50 PM
**To:** Chang, Chanson <CChang@cov.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore

<dmoore@potteranderson.com>; <DGattuso@proctorheyman.com>; <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; <dab@pgmhlaw.com>; Hanna, David M. <DHanna@proskauer.com>; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; <jtigan@mnat.com>; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

Dear Chanson,

We understand from your prior correspondence that Plaintiffs' counsel is representing Norbert Purro in connection with the subpoena Defendants issued. Please be advised that he has been calling A&B's Silicon Valley office this morning inquiring as to whether he is supposed to appear at our offices for deposition tomorrow. Given that we understand Plainitffs' counsel is representing him we will not return his call. However, he has asked for a return phone call at (408) 438-3062 so that he can confirm that he does not need to appear tomorrow. To confirm, we will not be proceeding with his deposition tomorrow, but will be proceeding with his deposition on the date Plaintiffs provided-November 12th in Covington's San Francisco office.

Regards,


Natalie C. Clayton
Partner

---

Alston & Bird LLP
90 Park Avenue
New York, NY 10016
D +1.212.210.9573 | M +1.321.258.4485
natalie.clayton@alston.com | www.alston.com

---

**From:** Chang, Chanson <CChang@cov.com>
**Sent:** Monday, October 14, 2019 6:28 PM
**To:** Todd S Werner <TWerner@carlsoncaspers.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; <DGattuso@proctorheyman.com>; <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; <dab@pgmhlaw.com>; Hanna, David M. <DHanna@proskauer.com>; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com>;

Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com>; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

**EXTERNAL SENDER – Proceed with caution**

Todd,

As we explained below, the scheduling issues referenced in our email are due to Dr. Elias's schedule and the need to schedule and accommodate the 17 different depositions—mostly of third-parties with limited availability—that Defendants have collectively noticed. We have provided a reasonable date and location for Dr. Elias's deposition. While we appreciate that you and Ms. Marsili may not be able to attend due to personal and family commitments, we note that five different attorneys from Carlson Caspers have entered appearances on behalf of Sun in this matter. The fact that two of attorneys from your firm may be unavailable is not a reasonable basis upon which Dr. Elias, who is a third-party, and others should have to rearrange their schedules.

Contrary to your suggestion below, we have provided adequate notice for the deposition, which you did not properly notice by subpoena until September 30 (your September 23 notice was a defective notice of deposition). We provided you a date and location for his deposition on October 9—as soon as we were reasonably able to do so in light of the significant amount of coordination required to respond to the large number of depositions noticed by defendants. In our letter of October 9, we asked for a response by no later than October 11 so that witnesses and counsel could make proper arrangements for these depositions. Neither Sun nor the other defendants responded at that time. Only after we followed-up by email this morning did you decide to inform of us of your "longstanding" prior commitments.

Dr. Elias remains available for deposition this Friday, October 18, in San Francisco. To the extent Sun is unable or unwilling to attend, we are unable to guarantee Dr. Elias's availability for any other date and time. Please confirm by 9:00 pm Eastern today whether you intend to proceed with his deposition.

Regards,
Chanson

---

**From:** Todd S Werner <TWerner@carlsoncaspers.com>
**Sent:** Monday, October 14, 2019 1:56 PM
**To:** Chang, Chanson <CChang@cov.com>; Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Natalie Clayton <natalie.clayton@alston.com>; LindaSanchez <linda.sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips

<jcp@pgmhlaw.com>; <dab@pgmhlaw.com>; Hanna, David M. <DHanna@proskauer.com>; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; <jtigan@mnat.com>; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

[EXTERNAL]
Chanson:

We appreciate that Dr. Elias is a third-party witness and will work to accommodate his schedule as much as possible. That said, it remains unclear the extent to which any concerns referenced in your email are due to Dr. Elias's schedule versus that of Plaintiffs' counsel. In this regard, please identify what other dates Dr. Elias has indicated he is and is not available for deposition.

As for the October 18 date (which you first proposed the night of October 9), that date is not workable for Sun because neither myself nor Ms. Marsili can be in San Francisco that day due to longstanding personal and family commitments. We trust you can appreciate our inability to accommodate that date given you provided less than 9 days of notice for the deposition, whereas we informed Plaintiffs of our desire to obtain that deposition back on September 23.

Best regards,



Todd S Werner
Carlson Caspers
225 S. Sixth St., Suite 4200
Minneapolis,MN 55402
Direct: 612.436.9655
Cell: 612.201.4801
TWerner@carlsoncaspers.com
carlsoncaspers.com
BIO | vCard | Disclaimers

**From:** Chang, Chanson <CChang@cov.com>
**Sent:** Monday, October 14, 2019 11:51 AM
**To:** Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>; Natalie Clayton <natalie.clayton@alston.com>; LindaSanchez <linda.sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian E. Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnanlaw <mfarnan@farnanlaw.com>; Imron T. Aly <ialy@schiffhardin.com>; John K. Hsu <jhsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Thom Rammer <trammer@schiffhardin.com>; Bridget Turnelius <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; <dab@pgmhlaw.com>; Hanna, David M. <DHanna@proskauer.com>; Hershy Stern <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com;

Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Melanie Sharp <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com>; Jack B. Blumenfeld <jblumenfeld@mnat.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

Counsel,

Dr. Elias is a third-party and has limited availability to sit for deposition through the November 15 deadline for fact discovery, as we explained in our October 9 letter. Defendants have noticed 17 depositions. Plaintiffs have been, and will continue to work diligently to coordinate all of these depositions so that they can be conducted at a reasonable time and place for the witnesses within the fact discovery period. We are presently not in a position to offer Dr. Elias on alternative dates. As we need to keep Dr. Elias up to date about whether the deposition will take place and manage our travel arrangements, by 3 p.m. Eastern today, please either (1) confirm that Sun will take his deposition this Friday, October 18 or (2) explain why you are not available to take his deposition on that date.

Dr. Pan is a third-party who resides in China. He is willing to voluntarily make himself available for a deposition on October 25 while he will be in the United States. If Zydus would like to attend/participate in his deposition, counsel will have to rearrange your schedule to accommodate that date, as Dr. Pan is not available at another time. Otherwise, you will have to pursue his deposition through international discovery procedures.

Dr. Smyth likewise has extremely limited availability during the remainder of the fact discovery period due to other preexisting obligations. Accordingly, if Defendants would like to take his deposition, you will have to accommodate his availability. If you contend you cannot, please explain why you are not available on October 22.

David, with respect to the four tablet patent inventors we explained on our meet and confer last week that these inventors will not be sitting for deposition as-noticed. We will respond with alternatives dates and locations for these depositions when able.

We otherwise understand that Defendants have confirmed all of the other deposition dates and will proceed accordingly.

Regards,
Chanson

---

**From:** Jayita Guhaniyogi <JGuhaniyogi@kasowitz.com>
**Sent:** Monday, October 14, 2019 12:19 PM
**To:** Chang, Chanson <CChang@cov.com>; Clayton, Natalie <Natalie.Clayton@alston.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnan <mfarnan@farnanlaw.com>; Aly, Imron T. <IAly@schiffhardin.com>; Hsu, John K. <JHsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Rammer, Thomas A. <TRammer@schiffhardin.com>; Turnelius, Bridget <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips

<jcp@pgmhlaw.com>; [dab@pgmhlaw.com](mailto:dab@pgmhlaw.com); Hanna, David M. <[DHanna@proskauer.com](mailto:DHanna@proskauer.com)>; Hershy Stern <[HStern@kasowitz.com](mailto:HStern@kasowitz.com)>; Caroline L Marsili <[CMarsili@carlsoncaspers.com](mailto:CMarsili@carlsoncaspers.com)>; [Ariaz@schiffhardin.com](mailto:Ariaz@schiffhardin.com); Ibrutinib - A&B <[Ibrutinib-AB@alston.com](mailto:Ibrutinib-AB@alston.com)>; Alvogen_Ibrutinib <[Alvogen_Ibrutinib@proskauer.com](mailto:Alvogen_Ibrutinib@proskauer.com)>; Sharp, Melanie <[msharp@ycst.com](mailto:msharp@ycst.com)>; Higgins, James <[JHiggins@ycst.com](mailto:JHiggins@ycst.com)>
**Cc:** AbbVie_Imbruvica <[AbbVie_Imbruvica@cov.com](mailto:AbbVie_Imbruvica@cov.com)>; [jtigan@mnat.com](mailto:jtigan@mnat.com); 'JBlumenfeld@MNAT.com' <[JBlumenfeld@MNAT.com](mailto:JBlumenfeld@MNAT.com)>; KLJanssenImbruvicaANDAFresenius ([KLJanssenImbruvicaANDAFresenius@kramerlevin.com](mailto:KLJanssenImbruvicaANDAFresenius@kramerlevin.com)) <[KLJanssenImbruvicaANDAFresenius@kramerlevin.com](mailto:KLJanssenImbruvicaANDAFresenius@kramerlevin.com)>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

==[EXTERNAL]==
Chanson,

At least with respect to Dr. Mark Smyth, Defendants are not available on the date offered.

Additionally, Zydus is not available for the date offered for Dr. Zhengying Pan.

Please propose alternate dates for Dr. Smyth and Dr. Pan.

Regards,
Jayita

Jayita Guhaniyogi, Ph.D.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Tel. (212) 506-1796
Fax. (212) 500-3433
[JGuhaniyogi@kasowitz.com](mailto:JGuhaniyogi@kasowitz.com)

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** Chang, Chanson [[mailto:CChang@cov.com](mailto:CChang@cov.com)]
**Sent:** Monday, October 14, 2019 10:36 AM
**To:** Clayton, Natalie <[Natalie.Clayton@alston.com](mailto:Natalie.Clayton@alston.com)>; Sanchez, Linda <[Linda.Sanchez@alston.com](mailto:Linda.Sanchez@alston.com)>; BinduPalapura <[bpalapura@potteranderson.com](mailto:bpalapura@potteranderson.com)>; Brian Farnan <[bfarnan@farnanlaw.com](mailto:bfarnan@farnanlaw.com)>; David Moore <[dmoore@potteranderson.com](mailto:dmoore@potteranderson.com)>; [DGattuso@proctorheyman.com](mailto:DGattuso@proctorheyman.com); [DGattuso@hegh.law](mailto:DGattuso@hegh.law); Ibrutinib - A&B <[Ibrutinib-AB@alston.com](mailto:Ibrutinib-AB@alston.com)>; Jay R. Deshmukh <[JDeshmukh@kasowitz.com](mailto:JDeshmukh@kasowitz.com)>; Michael Farnan <[mfarnan@farnanlaw.com](mailto:mfarnan@farnanlaw.com)>; Aly, Imron T. <[IAly@schiffhardin.com](mailto:IAly@schiffhardin.com)>; Hsu, John K. <[JHsu@schiffhardin.com](mailto:JHsu@schiffhardin.com)>; Nelson, Kevin M. <[KNelson@schiffhardin.com](mailto:KNelson@schiffhardin.com)>; Rammer, Thomas A. <[TRammer@schiffhardin.com](mailto:TRammer@schiffhardin.com)>; Turnelius, Bridget <[bturnelius@schiffhardin.com](mailto:bturnelius@schiffhardin.com)>; Stephane O'Byrne <[sobyrne@potteranderson.com](mailto:sobyrne@potteranderson.com)>; Zydus – Imbruvica <[Zydus_Imbruvica@kasowitz.com](mailto:Zydus_Imbruvica@kasowitz.com)>; Todd S Werner <[TWerner@carlsoncaspers.com](mailto:TWerner@carlsoncaspers.com)>; Samuel T Lockner <[SLockner@carlsoncaspers.com](mailto:SLockner@carlsoncaspers.com)>; DG-Ibrutinib <[DG-Ibrutinib@goodwinlaw.com](mailto:DG-Ibrutinib@goodwinlaw.com)>; John Phillips <[jcp@pgmhlaw.com](mailto:jcp@pgmhlaw.com)>; [dab@pgmhlaw.com](mailto:dab@pgmhlaw.com); Hanna, David M. <[DHanna@proskauer.com](mailto:DHanna@proskauer.com)>; Hershy Stern <[HStern@kasowitz.com](mailto:HStern@kasowitz.com)>; Caroline L Marsili <[CMarsili@carlsoncaspers.com](mailto:CMarsili@carlsoncaspers.com)>; [Ariaz@schiffhardin.com](mailto:Ariaz@schiffhardin.com); Ibrutinib - A&B <[Ibrutinib-AB@alston.com](mailto:Ibrutinib-AB@alston.com)>; Alvogen_Ibrutinib <[Alvogen_Ibrutinib@proskauer.com](mailto:Alvogen_Ibrutinib@proskauer.com)>; Sharp, Melanie <[msharp@ycst.com](mailto:msharp@ycst.com)>; Higgins, James <[JHiggins@ycst.com](mailto:JHiggins@ycst.com)>
**Cc:** AbbVie_Imbruvica <[AbbVie_Imbruvica@cov.com](mailto:AbbVie_Imbruvica@cov.com)>; [jtigan@mnat.com](mailto:jtigan@mnat.com); 'JBlumenfeld@MNAT.com' <[JBlumenfeld@MNAT.com](mailto:JBlumenfeld@MNAT.com)>; KLJanssenImbruvicaANDAFresenius ([KLJanssenImbruvicaANDAFresenius@kramerlevin.com](mailto:KLJanssenImbruvicaANDAFresenius@kramerlevin.com))

<KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas


**\*\*EXTERNAL EMAIL\*\***

Counsel,

We take it that all dates in the attached correspondence and the dates for the depositions of Drs. Smyth and Goldman are confirmed, and are planning accordingly.

Regards,
Chanson

---

**From:** Chang, Chanson <CChang@cov.com>
**Sent:** Wednesday, October 09, 2019 8:24 PM
**To:** Clayton, Natalie <Natalie.Clayton@alston.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnan <mfarnan@farnanlaw.com>; Aly, Imron T. <IAly@schiffhardin.com>; Hsu, John K. <JHsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Rammer, Thomas A. <TRammer@schiffhardin.com>; Turnelius, Bridget <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com>; KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.COM; Hanna, David M. <DHanna@proskauer.com>; 'Hershy Stern' <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; 'JBlumenfeld@MNAT.com' <JBlumenfeld@MNAT.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

Counsel,

Please find the attached correspondence.

Regards,
Chanson

---

**From:** Chang, Chanson <CChang@cov.com>
**Sent:** Friday, October 04, 2019 5:34 PM
**To:** Clayton, Natalie <Natalie.Clayton@alston.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnan <mfarnan@farnanlaw.com>; Aly, Imron T. <IAly@schiffhardin.com>; Hsu, John K.

<JHsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Rammer, Thomas A. <TRammer@schiffhardin.com>; Turnelius, Bridget <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; Kurtis, Tara <TKurtis@schiffhardin.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com; Hanna, David M. <DHanna@proskauer.com>; 'Hershy Stern' <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>

**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; 'JBlumenfeld@MNAT.com' <JBlumenfeld@MNAT.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>

**Subject:** RE: Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

Counsel,

Please confirm whether Plaintiffs' depositions of each Defendant's witnesses will proceed as-scheduled, or if the depositions will be rescheduled. We have heard from one of the Defendants and would appreciate a response by early next week from the remaining Defendants, as some of the noticed dates are soon approaching.

Regards,
Chanson

---

**From:** Chang, Chanson <CChang@cov.com>
**Sent:** Tuesday, October 01, 2019 7:03 PM
**To:** Clayton, Natalie <Natalie.Clayton@alston.com>; Sanchez, Linda <Linda.Sanchez@alston.com>; BinduPalapura <bpalapura@potteranderson.com>; Brian Farnan <bfarnan@farnanlaw.com>; David Moore <dmoore@potteranderson.com>; DGattuso@proctorheyman.com <DGattuso@hegh.law>; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Jay R. Deshmukh <JDeshmukh@kasowitz.com>; Michael Farnan <mfarnan@farnanlaw.com>; Aly, Imron T. <IAly@schiffhardin.com>; Hsu, John K. <JHsu@schiffhardin.com>; Nelson, Kevin M. <KNelson@schiffhardin.com>; Rammer, Thomas A. <TRammer@schiffhardin.com>; Turnelius, Bridget <bturnelius@schiffhardin.com>; Stephane O'Byrne <sobyrne@potteranderson.com>; Zydus – Imbruvica <Zydus_Imbruvica@kasowitz.com>; Todd S Werner <TWerner@carlsoncaspers.com>; Samuel T Lockner <SLockner@carlsoncaspers.com>; Kurtis, Tara <TKurtis@schiffhardin.com>; DG-Ibrutinib <DG-Ibrutinib@goodwinlaw.com>; John Phillips <jcp@pgmhlaw.com>; dab@pgmhlaw.com; KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com; Hanna, David M. <DHanna@proskauer.com>; 'Hershy Stern' <HStern@kasowitz.com>; Caroline L Marsili <CMarsili@carlsoncaspers.com>; Ariaz@schiffhardin.com; Ibrutinib - A&B <Ibrutinib-AB@alston.com>; Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Cc:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; jtigan@mnat.com; 'JBlumenfeld@MNAT.com' <JBlumenfeld@MNAT.com>; KLJanssenImbruvicaANDAFresenius (KLJanssenImbruvicaANDAFresenius@kramerlevin.com) <KLJanssenImbruvicaANDAFresenius@kramerlevin.com>
**Subject:** Imbruvica Hatch-Waxman: Update on Depositions/Subpoenas

Counsel,

We have received your notices of deposition and subpoena for Drs. Buggy, Honigberg, Verner, Fyfe, Wirth, Dubovsky, Wirth, Goldman, Smyth, Elias, Hedrick, and Mody, and Mr. Purro. The depositions will not proceed as-noticed by defendants. We are in contact with the witnesses or their counsel, and are coordinating with our clients, in light of Defendants' 49-topic Rule 30(b)(6) deposition notice. We will follow-up with information about their availability for deposition in short order. Please note that depositions of Plaintiffs' witnesses in the Bay Area will likely take place in Covington's San Francisco or Palo Alto offices.

Please let us know if Plaintiffs' depositions of each Defendant's witnesses will proceed as-scheduled, or if Defendants will be rescheduling (especially in light of Plaintiffs' 30(b)(6) notices).

Regards,
Chanson

**Chanson Chang**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5708 | cchang@cov.com
www.cov.com

**COVINGTON**

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT 8

# Redacted in its Entirety

# EXHIBIT 9

**Higgins, James**

| | |
|---|---|
| **From:** | Hanna, David M. <DHanna@proskauer.com> |
| **Sent:** | Monday, February 3, 2020 4:30 PM |
| **To:** | Andersen, Erica; Royzman, Irena; AbbVie_Imbruvica; KL Janssen Imbruvica ANDA Fresenius; jtigan@mnat.com; JBlumenfeld@MNAT.com |
| **Cc:** | Alvogen_Ibrutinib; Sharp, Melanie; Higgins, James |
| **Subject:** | RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC) |

Counsel,

I am following up on the parties' meet and confer from Friday, January 31, 2020.  During the meet and confer, the parties discussed supplementation of both Plaintiffs' and Defendants' interrogatory responses.  Defendants informed Plaintiffs that they would supplement their responses, and asked Plaintiffs to do the same, particularly with respect to their response to Defendants' interrogatory related to secondary considerations.  As explained during the meet and confer, Plaintiffs' response to the interrogatory on secondary considerations is grossly deficient, and is not sufficient to put Defendants on notice of Plaintiffs' contentions.  For example, Plaintiffs' responses do not identify the purported nexus between any purported secondary consideration to the claimed subject matter of the asserted claims.  Additionally, Plaintiffs' identification of "Imbruvica" in its discussion of secondary considerations, without identifying the particular product is also improper.  These issues are exemplary of the deficiencies in Plaintiffs' responses to Defendants' interrogatory.  Defendants are willing to supplement their responses to Plaintiffs' interrogatories by Friday, February 7, 2020, if Plaintiffs will likewise agree to supplement their responses by Friday, February 7, 2020.  By close of business today, please confirm whether Plaintiffs will supplement their responses by Friday, February 7, or whether they will continue to refuse to supplement.  If we do not hear from Plaintiffs by close of business today, we will understand that Plaintiffs continue to refuse to supplement.  If Plaintiffs refuse to supplement, Defendants will seek appropriate relief with the court, including but not limited to moving to compel a proper response and/or moving to strike any expert reports that go beyond Plaintiffs' interrogatory responses.

Defendants are available to continue to meet and confer on the additional discovery issues and claim narrowing, including potential stipulations to infringement and invalidity, on Wednesday, February 5, at 3PM PT.  Please confirm whether this date works for Plaintiffs, and please circulate a dial in.

Regards,
David

---

**From:** Andersen, Erica <eandersen@cov.com>
**Sent:** Friday, January 31, 2020 8:31 AM
**To:** Hanna, David M. <DHanna@proskauer.com>; Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

*This email originated from outside the Firm.*

---

David,

We can use my dial-in number:

　　　Call-in toll-free number: 1-866-798-7071  (US/Canada)

Call-in number: 1-830-221-9129  (US/Canada)
Conference Code: 16784377

Regards,
Erica

---

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Thursday, January 30, 2020 7:14 PM
**To:** Andersen, Erica <eandersen@cov.com>; Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

[EXTERNAL]
Erica,

Your understanding is incorrect – we are not refusing to meet and confer.  As you know, Plaintiffs requested an extension for the exchange of contentions from yesterday, January 29, 2020, to today, January 30, 2020.  Accordingly, we understood that Plaintiffs would not be available for a meet and confer today.  Notably, Plaintiffs did not follow up with Defendants about the meet and confer until this evening.

Defendants are available for a meet and confer tomorrow at 6PM ET, but please note we have a hard stop at 7PM ET.  Please circulate a dial in.

Regards,
David

---

**From:** Andersen, Erica <eandersen@cov.com>
**Sent:** Thursday, January 30, 2020 3:04 PM
**To:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

*This email originated from outside the Firm.*

With apologies for multiple emails, correcting tomorrow's date in the below.

---

**From:** Andersen, Erica <eandersen@cov.com>
**Sent:** Thursday, January 30, 2020 6:00 PM
**To:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

David and Sige,

We need to continue our meet and confer.  We emailed you repeatedly on Monday (1/27) to coordinate a teleconference that evening—you refused to participate.  Then on Tuesday (1/28)—well in advance of your self-imposed 24-hour notice requirement—we proposed a meet and confer for today at 4:00 PM. You did not respond. As such, we understand you are refusing to meet and confer with Plaintiffs. If that is not the case, please provide your availability for a teleconference tomorrow (1/31) at 6 pm ET so that we may address the remaining issues between the parties.


Regards,
Erica



**Erica N. Andersen**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5549 | eandersen@cov.com
www.cov.com

**COVINGTON**

---

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Monday, January 27, 2020 11:35 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

[EXTERNAL]
David,

We are available at 4 pm ET on Thursday.

We further respond to the bullets in your email as follows.

- Pursuant to our meet and confers in December, we specifically provided case law that R&D leading to the ANDA Product was relevant. Alvogen informed us had searched for and produced those research and development documents. *See* 12/12/19 Ltr. from Defendants to Andersen & Royzman ("Defendants also confirm that they have produced responsive, non-privileged documents relating to the research and development of Alvogen's ANDA Product.") Based on our review of Alvogen's document production and depositions of Alvogen's witnesses, we identified three specific categories of R&D documents that it appears Alvogen either did not search for, or searched for, but did not produce. *See* 1/13/20 Ltr. from Evoy to Hanna at 1-2. Despite numerous meet and confers, Alvogen has neither 1) identified documents related to these three categories in its production (which it said it would do on our 1/24 meet and confer); or 2) confirmed it has or will search for and produce documents in these categories. If Alvogen does not do so by the end of the meet and confer on Thursday, we will raise these issues with the Court.
- Despite agreeing to produce R&D documents--and Plaintiffs providing case law in December establishing their relevance--Alvogen has now backtracked.

Plaintiffs explained again that R&D documents are relevant to the validity inquiry, and that documents that post-date the patents may be relevant to that inquiry. *See, e.g., Sanofi-Aventis Deutschland GmbH v. Glenmark Pharm., Inc.*, 748 F.3d 1354, 1360 (Fed. Cir. 2014); *Reckitt Benckiser Pharms. Inc. v. Watson Laboratories, Inc.*, 1:13-cv-1674, D.I. 350 at 4 (D. Del. Oct. 26, 2015); *see id.* at D.I. 446 at 41-42; *HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *5 (N.D. Cal. Sept. 6, 2013); *Disney Enters., Inc. v. Kappos*, 923 F. Supp. 2d 788, 801 (E.D. Va. 2013). Nor did Plaintiffs say there was an objective indicia of "advantages." Rather, Plaintiffs stated that if Alvogen documented advantages of one crystalline form over another--for example Form A over Form C--that would be relevant to validity. Moreover, Alvogen's ***acknowledgement*** of advantages may be evidence of, for example, industry acquiescence and praise.

- We specifically stated we could ***not*** confirm that "all documents regarding any polymorph of ibrutinib" had been produced--nor is that consistent with Plaintiffs' Rule 26 obligations, RFP responses and Paragraph 3 disclosures, the Default Discovery Standard, or the realities of electronic discovery. We confirmed that we had searched for, and produced, documents related to the R&D leading to the crystalline form patents and the commercial Imbruvica products (both tablet and capsule)--including documents regarding Form C--located after a reasonable search. This is exactly what Plaintiffs are requesting from Defendants--R&D leading to its ANDA Product, including any alternatives considered.

- Plaintiffs have provided specific information regarding nexus, including (but not limited to) identifying Imbruvica capsules and tablets as commercial embodiments of the patents-in-suit (*see* Plaintiffs' Fourth Supplemental Responses to Defendants' First Set of Joint Interrogatories at 60) and providing (for example) specific praise and unexpected results for certain claimed conditions and methods of treatment (*see, e.g., id.* at 50-52). Plaintiffs have provided factual information that bears on nexus, and have also properly objected to this Interrogatory to the extent it calls for expert testimony. No more is needed.

- We look forward to receiving Alvogen's updated interrogatory and RFA responses by <u>no later than January 31</u>, without further delay.


Regards,

Irena




Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152   **F** 212.715.8152

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Monday, January 27, 2020 6:05 PM
**To:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com;

JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie
<msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** [EXTERNAL] RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434
(CFC)

Irena,

You informed us of a meet and confer for the first time a mere few hours ago.  In the
future, please reach out to us at least 24 hours in advance of the requested meet and
confer.  That said, we are unavailable to meet and confer until Thursday.  Please provide
your availability to meet and confer for Thursday after 10AM PT.

Additionally, as we explained on the meet and confer on Friday before Plaintiffs ended
the meet and confer, Plaintiffs' interrogatory responses are also deficient and have been
on notice of the deficiencies for two months.  As we discussed on the meet and confer,
the parties should be prepared to identify a date for the mutual exchange of updated
interrogatory responses during the parties' next meet and confer.

Furthermore, as a follow up to the meet and confer on Friday:
- Plaintiffs represented that they would send us case law related to secondary
  considerations, including case law that states: 1) it is proper to establish failure
  of others based on failures that occurred post-issuance of the patent at issue;
  and 2) "advantages" is a secondary consideration of non-obviousness.  To date,
  we have not received the case law.  Please send us the case law in advance of
  the parties' next meet and confer.
- Additionally, as previously explained in multiple deficiency letters and meet and
  confers, Plaintiffs' interrogatory response on secondary considerations is
  deficient.  In advance of the parties' meet and confer, please identify where
  Plaintiffs identify a purported nexus between any purported secondary
  consideration of non-obviousness to the claimed subject matter for each of the
  asserted claims in Plaintiffs' interrogatory responses relating to secondary
  considerations.
- Finally, Plaintiffs refused to confirm one way or the other whether they
  specifically searched for and produced all documents regarding any polymorph
  of ibrutinib, including but not limited to Form C.  Please confirm Plaintiffs
  specifically searched for and produced all documents regarding any polymorph
  of ibrutinib before the parties' next meet and confer.

Regards,
David

---

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Monday, January 27, 2020 2:30 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica
<AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius
<KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com;
JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie
<msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

*This email originated from outside the Firm.*

David and Sige,
Please confirm your availability for the meet and confer at 6:30 ET today.  We have arranged for a reporter.
Thank you,
Irena

Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152   **F** 212.715.8152

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Monday, January 27, 2020 12:55 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

David and Sige,

Please confirm your availability to complete the meet and confer at 6:30 ET today.  We can use the same call-in number as for Friday's call.

1-877-211-3621

Passcode: 950 550 5799

On Friday's call, Alvogen committed to supplementing all of its interrogatory responses discussed in our correspondence.  Please do so by no later than Friday January 31.  We have been discussing these same interrogatories for 1.5 months.  Please also supplement interrogatory 1 as Alvogen's claim constructions have all now been rejected and Alvogen's response largely relied on its rejected claim construction positions.

For the same reason, please provide supplemental RFA responses no later than Friday January 31.  For the responses to the RFAs, Alvogen again relied on its proposed and now rejected claim constructions.

Thank you,

Irena

Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152   **F** 212.715.8152

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

---

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Thursday, January 23, 2020 9:55 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

David,
We can make 4:30 ET work tomorrow and are available until 6:30 ET.  We can use the same call-in that Dan previously provided (also below).  We'll be prepared to address all the issues.
Irena

1-877-211-3621

Passcode: 950 550 5799

Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152   **F** 212.715.8152

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or

dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Thursday, January 23, 2020 8:34 PM
**To:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** [EXTERNAL] RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

Irena,

We are unavailable to meet and confer at tomorrow 2:30PM ET, but are available to meet and confer tomorrow at 4PM ET.  Please confirm that Plaintiffs will be prepared to address the issues raised in my January 15, 2020 letter, which memorializes the discovery deficiencies identified by Alvogen and Natco.  Additionally, please circulate a dial in for the meet and confer.

Regards,
David

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Thursday, January 23, 2020 11:22 AM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

*This email originated from outside the Firm.*

David,
Please confirm tomorrow's meet and confer at 2:30 PM ET.
Thank you,
Irena

Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152   **F** 212.715.8152

8

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Wednesday, January 22, 2020 3:49 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

David,
The discovery we are seeking is relevant to opening expert reports and it cannot wait.  Please confirm today your availability at 2:30 PM ET on Friday.  We also remain available to meet and confer at 7 PM ET today.
Irena

Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152   **F** 212.715.8152

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Wednesday, January 22, 2020 12:27 PM
**To:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** [EXTERNAL] RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

Irena,

As explained in my emails from yesterday, we are amenable to discussing a stipulation to infringement of certain claims *after* we review Plaintiffs' final infringement contentions.  Plaintiffs' initial infringement contentions are deficient, as previously

explained in interrogatory responses, multiple meet and confers, letter and e-mail correspondence, and in view of the recent *Markman* hearing.  We would like to review and evaluate Plaintiffs' final infringement contentions before we discuss a stipulation to infringement.  We believe it makes sense to discuss the outstanding discovery disputes in view of the contentions and a potential stipulation to streamline the discovery disputes presented to the Court.

In any event, we are no longer available to meet and confer at 4PM PT today.  We committed to other obligations since we did not hear from Plaintiffs for over six hours after Defendants informed Plaintiffs yesterday that the parties should meet and confer next week after the parties exchange contentions.

Regards,
David

---

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Tuesday, January 21, 2020 7:11 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

*This email originated from outside the Firm.*

David,
We cannot agree to put off the meet and confer.  The discovery issues are pressing as is the need to know whether Alvogen will stipulate to infringement of the claims below.  Given Alvogen's ANDA Product, its PIV Notice Letters, and its Interrogatory Response, it is clear we should not have to put in final contentions and Alvogen should stipulate to infringement.  We will speak to you at 7 PM ET tomorrow.
Thank you,
Irena

Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152  **F** 212.715.8152

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

---

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Tuesday, January 21, 2020 4:37 PM

**To:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** [EXTERNAL] RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

Counsel,

As explained in my email from earlier this morning, Defendants will consider Plaintiffs' proposal regarding claim narrowing once Defendants review Plaintiffs' Final Infringement Contentions.  That said, in response to Mr. Chang's email from this morning, Alvogen and Natco are amenable to an extension until Monday, January 27, 2020, as proposed in a separate email by Mr. Rammer earlier this morning.  Please circulate a draft stipulation as soon as possible.

Relatedly, in view of the parties' exchange of contentions and to streamline the parties' discovery disputes, Defendants propose that the parties meet and confer on Defendants' and Plaintiffs' discovery disputes, including claim narrowing, at a time after the parties finalize contentions.  Please provide your availability for a meet and confer early next week after the parties exchange their contentions.

Regards,
David

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Tuesday, January 21, 2020 8:08 AM
**To:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

Irena,

We were prepared to discuss claim narrowing on the parties' meet and confer on Wednesday, January 15, 2019, but Plaintiffs terminated the meet and confer after 1 hour, without providing notice in advance of the meet and confer that Plaintiffs were only available for 1 hour.  Defendants proposed an alternative date, Monday, January 20, 2019, but you rejected it.  As you know, Plaintiffs' final infringement contentions are due Wednesday, January 22, 2020.  As previously discussed on several of the parties' meet and confers, as identified in several letters to Plaintiffs, and as explained in Alvogen's and Natco's responses to Plaintiffs' Interrogatory No. 1, Plaintiffs' initial infringement contentions are grossly deficient.  We are unable to consider your proposal until we see Plaintiffs' final infringement contentions.  Once we have Plaintiffs' final infringement contentions, Defendants will consider Plaintiffs' proposal and schedule a meet and confer to discuss.

Regards,
David

---

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Thursday, January 16, 2020 12:13 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.COM
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

*This email originated from outside the Firm.*

David and Sige,

The Court has now construed the claims and rejected each of Alvogen's proposed constructions. Alvogen also raised claim narrowing with the Court, and Plaintiffs raised the need for an infringement stipulation so hundreds of thousands of dollars will not be wasted on issues that cannot be reasonably disputed. The Court provided guidance. As we informed you prior to the *Markman* hearing, Plaintiffs are willing to narrow claims as long as Alvogen stipulates to infringement in accordance with its Paragraph IV Notice letters.

We were troubled that, at the *Markman* hearing, even after Alvogen's constructions were rejected by the Court, Alvogen appeared to contend that it did not infringe the compound patents.  We were also troubled by Alvogen's seeming assertion to the Court that Plaintiffs were proceeding under DOE as to the compound claims (contrary to Plaintiffs' contentions) and that Alvogen did not understand why it infringed the compound claims.  We refer you to Alvogen's PIV Notice letters and also *Takeda v. Mylan* (which we provided to you previously and do so again) where the case was found exceptional due to theories that deviated from the positions in the PIV Notice letter.  We also provide Alvogen with *MarcTec v. J&J/Cordis* where full attorney and expert fees were awarded after a party continued to press infringement positions premised on claim constructions even after those constructions were rejected by the Court.

Please let us know by no later than 12 PM ET on January 21 whether Alvogen will stipulate to infringement of the narrowed list of claims below. If you do not agree, please confirm your availability to meet and confer on January 21 at 2 PM ET so that we can bring these issues to the Court. During the *Markman* hearing, you told the Court "perhaps we can jointly submit something to the Court in the next week or so" on the narrowing of claims and issues. Tr. at 73:19-21.  We would like to do that no later than next week if necessary given the upcoming opening expert reports.

Thank you,

Irena

- 309 Patent: claims 10, 14
- 444 Patent: claims 5, 6, 8

- 711 Patent: claim 2
- 403 Patent: claim 2
- 091 Patent: claim 21
- 277 Patent: claims 7, 8, 11
- 015 Patent: claim 17
- 284 Patent: claim 11
- 090 Patent: claim 2
- 455 Patent: claims 1-8, 10
- 753 Patent: claims 1, 6, 11, 13, 14, 17
- 548 Patent: claims 1, 4, 15-28
- 140 Patent: claims 1-4
- 857 Patent: claims 9, 10, 20, 21, 23, 24, 29, 30, 37
- 507 Patent: claim 1, 2, 3, 27, 28
- 386 Patent: claims 1, 2, 4-20

Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152   **F** 212.715.8152

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Royzman, Irena <IRoyzman@KRAMERLEVIN.com>
**Sent:** Monday, January 6, 2020 1:13 PM
**To:** Hanna, David M. <DHanna@proskauer.com>; AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** RE: Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

David,

Your understanding is incorrect.  Plaintiffs have proposed to reduce the number of claims asserted against FK if FK will stipulate to infringement of those claims.  If FK does not do so, we will raise the issue with the Court.

What is unreasonable and a waste of resources are Alvogen/Natco's claim construction positions.  We ask again that Alvogen/Natco reconsider their claim constructions, as they are contrary to the Court's constructions, contrary to law, contrary to the proposed (and rejected) constructions of the defendants in the Capsule Action, and even contrary

to Alvogen/Natco's own Paragraph IV Notice letters.  Alvogen and Natco have also ignored our January 2 request to discuss their wasteful positions prior to the January 13 hearing.

In any event, unless Alvogen and Natco will reconsider their proposed claim constructions, it makes the most sense to discuss Alvogen/Natco's stipulation to infringement and Plaintiffs' reduction of claims after January 13.  If Alvogen/Natco do not stipulate to infringement at that point (consistent with their Paragraph IV Notice letters), then we will seek relief from the Court.

Regards,
Irena

Irena Royzman
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9152  **F** 212.715.8152
iroyzman@kramerlevin.com

Bio

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Hanna, David M. <DHanna@proskauer.com>
**Sent:** Friday, January 3, 2020 10:14 PM
**To:** AbbVie_Imbruvica <AbbVie_Imbruvica@cov.com>; KL Janssen Imbruvica ANDA Fresenius <KLJanssenImbruvicaANDAFresenius@KRAMERLEVIN.com>; jtigan@mnat.com; JBlumenfeld@MNAT.com
**Cc:** Alvogen_Ibrutinib <Alvogen_Ibrutinib@proskauer.com>; Sharp, Melanie <msharp@ycst.com>; Higgins, James <JHiggins@ycst.com>
**Subject:** [EXTERNAL] Pharmacyclics LLC et al v. Alvogen Pine Brook LLC et al 19-434 (CFC)

Counsel,

We understand that Plaintiffs have agreed to narrow the number of asserted claims against Fresenius Kabi in the Capsule Action.  As you know, Plaintiffs are currently asserting nearly 150 claims against Defendants Alvogen Pine Brooks LLC and Natco Pharma Limited.  Plaintiffs will not be able to assert this number of claims at trial against Alvogen and Natco, and it is unprecedented, unreasonable, prejudicial and a waste of the parties' and Court's resources to litigate this number of claims in the months leading up to trial when Plaintiffs know they will not be able to assert this number of claims of trial.  A reduction of claims now would, for example, make the upcoming expert reports more efficient and reduce unnecessary burden on the parties.  Additionally, a reduction in the number of claims could reduce the number of claim terms that need to be construed before Judge Connolly, as well as eliminate certain claims and patents that

are the subject of Alvogen and Natco's pending motion for leave to amend the pleadings.

Please confirm by close of business Monday, January 6,  that Plaintiffs will reduce the number of asserted claims to no more than 20 claims against Alvogen and Natco, and will provide a list of claims that they are asserting by Wednesday, January 8.  Otherwise, please provide your availability for a meet and confer on Monday, January 6, 2020.  To be clear, Alvogen and Natco believe that litigating 20 claims is still unreasonable and burdensome, and it would be an extreme waste of resources to litigate 20 claims.  However, Alvogen and Natco will agree to re-visit a reduction in the number of claims at a later time.

Regards,
David

**************************************************
**************************************************
*********************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
**************************************************
**************************************************
*********************************************

# EXHIBIT 10

**Redacted in its Entirety**

# EXHIBIT 11

# Redacted in its Entirety

# EXHIBIT 12



Proskauer Rose LLP   2029 Century Park East, Suite 2400   Los Angeles, CA 90067-3010

June 23, 2020

**Via Email**

Erica Andersen
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001

Irena Royzman
Kramer Levin Naftalis & Frankel LLP
1177 6th Ave
New York, NY 10036

David M. Hanna
Attorney at Law
d +1.310.284.4513
f 310.557.2193
DHanna@proskauer.com
www.proskauer.com

Re:  ***Pharmacyclics LLC v. Alvogen***, C.A. No. 19-434-CFC (D. Del.); ***Pharmacyclics LLC, et al. v. Zydus Worldwide DMCC, et al.***, C.A. No. 1:18-192-CFC (consolidated) (D. Del.)

Dear Erica and Irena:

I write to follow up on the parties' June 12, 2020 meet and confer ("June 12 meet and confer") regarding various expert deposition issues.

**Plaintiffs' Experts' Availabilities**

As I explained in multiple emails and during the June 12 meet and confer, Defendants are extremely prejudiced by Plaintiffs' failure to provide availabilities for their experts on at least two different dates in two different weeks, as the parties' previously agreed upon as part of their negotiation to extend the case schedule.  Plaintiffs confirmed the parties' prior agreement during the meet and confer, and for the first time offered up an explanation that they decided not to fulfill their part of the agreement because of recent developments with covid-19 (which, frankly, makes no sense).  Notably, Plaintiffs failed to notify Defendants prior to the agreed upon exchange that they would not provide all of their expert availabilities or provide availabilities for their experts on at least two different dates in different weeks.

Defendants again requested during the meet and confer alternative dates in different weeks for Plaintiffs' expert witnesses so that Defendants could consider those dates in view of the limited availability of Defendants' counsel and Defendants' experts.  Plaintiffs' continued refusal to provide alternative dates of availability during different weeks for their experts makes it impossible to finalize a deposition schedule.

Please provide Defendants with the availability for all of Plaintiffs' experts' on alternative dates in different weeks by the **close of business on Wednesday, June 24,** or provide your availability for a meet and confer on Wednesday, June 24, so that the parties can confirm that they are at an impasse and Defendants can address this issue with the Court.

**Proskauer »**

E. Andersen & I. Royzman
June 23, 2020
Page 2

**Plaintiffs' Untimely Antedating Arguments**

As explained on the June 12 meet and confer, Plaintiffs' attempt to antedate PR Newswire, Roth 2010, and Advani 2010 with the declaration of Dr. Buggy is untimely. Plaintiffs did not disclose this defense until five months after the close of fact discovery despite Defendants' discovery requests that specifically requested this information. *See, e.g.*, Alvogen and Natco Interrogatory No. 8; Joint Interrogatory No. 6. During the June 12 meet and confer, Plaintiffs agreed to provide Alvogen and Zydus with a two-hour deposition of Dr. Buggy. Unfortunately, a two-hour deposition is insufficient. Alvogen and Zydus are entitled to at least a seven-hour deposition of Dr. Buggy, and Alvogen and Zydus confirm that they will need seven hours for Dr. Buggy's deposition.

Plaintiffs explained that Alvogen and Zydus should only get two hours because Defendants previously deposed Dr. Buggy on the majority of the underlying documents during his deposition. However, as I explained, Defendants did not have an opportunity to depose Dr. Buggy on these documents, and the additional documents relied upon by Dr. Buggy in his declaration, in view of Plaintiffs' untimely antedating defense.

During the meet and confer, Plaintiffs confirmed that they have availabilities for the deposition of Dr. Buggy for at least two different dates in two different weeks. Defendants asked Plaintiffs to provide Defendants with those dates; however, Plaintiffs have not yet provided Defendants with Dr. Buggy's availabilities.

To be clear, a seven-hour deposition of Dr. Buggy will not overcome the prejudice caused by Plaintiffs' untimely disclosure. Please confirm that Plaintiffs will offer Dr. Buggy for a seven-hour deposition; confirm that Plaintiffs, the other purported inventors Gwen Fyfe and David Loury, and the authors of PR Newswire, Roth 2010, and Advani 2010 will allow the depositions of the authors to proceed; provide Alvogen and Zydus with the availabilities of each of Dr. Buggy, the other purported inventors, and the authors for a deposition on at least two separate dates in two different weeks, and confirm that Plaintiffs will not oppose Defendants' service of supplemental expert reports on the antedating issue by the **close of business on Wednesday, June 24,** or provide your availability for a meet and confer on Wednesday, June 24, so that the parties can confirm that they are at an impasse and Defendants can address this issue with the Court.

Defendants reserve the right to seek appropriate relief from the Court, including but not limited to a motion to strike to preclude Dr. Rule, Dr. Buggy, the other purported inventors Gwen Fyfe and David Loury, and any author of PR Newswire, Roth 2010, or Advani 2010 from testifying on any facts or defenses related to antedating PR Newswire, Roth 2010, or Advani 2010.

**Deposition Time for Drs. Meyerson and Williams**

We understand that Plaintiffs do not agree to produce each of Drs. Myerson and Williams for two seven-hour depositions on consecutive days, and Plaintiffs instead seek to limit each of the depositions of Drs. Myerson and Williams to one seven-hour deposition. Defendants disagree. Drs. Myerson and Williams are opining on distinct issues of infringement for different defendants on different products with respect to different patents in different litigations. While Defendants

**Proskauer》》**

E. Andersen & I. Royzman
June 23, 2020
Page 3

believe they are entitled to two seven-hour depositions for each of Drs. Myerson and Williams, Defendants are willing to agree to a ten-hour deposition for each of Drs. Meyerson and Williams in the interest of compromise.

Please confirm by the **close of business on Wednesday, June 24** that Plaintiffs will provide each of Drs. Meyerson and Williams for a ten-hour deposition, across two consecutive days, or provide your availability for a meet and confer on Wednesday, June 24, so that the parties can confirm that they are at an impasse and Defendants can address this issue with the Court.

### Expert Deposition Logistics and Exhibits

Defendants understand from the June 12 meet and confer that the parties are currently considering fully remote expert depositions where the attorney(s) defending the deposition, the attorney(s) taking the deposition, and the witness will all be in separate locations. We understand that each party is following up with their respective clients to confirm whether such an arrangement will work, and whether such an arrangement will remain in place for the entirety of the expert deposition schedule or will change to in-person depositions based on developments with covid-19.

Defendants also understand from the June 12 meet and confer that Plaintiffs are proposing that hard copies of the expert reports and potential deposition exhibits be sent by the deposing party to the witness and his or her counsel who are defending the deposition in advance of the deposition. Defendants are considering this proposal and will follow-up with Plaintiffs shortly regarding whether this proposal will work for Defendants.

Sincerely,

David M. Hanna

# EXHIBIT 13

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Erica N. Andersen

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5549
eandersen@cov.com

**By Electronic Mail**                                    June 27, 2020

David M. Hanna
Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010

> **Re:** *Pharmacyclics LLC et al. v. Alvogen Pine Brook et al.*, C.A. No. 19-434-CFC-CJB (D. Del.); *Pharmacyclics LLC et al. v. Zydus Worldwide DMCC, et al.*, C.A. No. 18-192-CFC-CJB (D. Del.)

Dear David:

We write in response to your correspondence of June 23, 2020 ("Ltr."), and e-mail correspondence of June 24, 2020.

### *Deposition Schedule*

It is Defendants—not Plaintiffs—that have made it "impossible" (Ltr. at 1) to finalize a deposition schedule by failing to consider or engage with the schedule we proposed on June 9. The parties need to schedule more than 20 depositions (not including the additional depositions recently requested) in the span of six weeks. Given the need for all parties to review reply reports, this means there will need to be at least 4–5 depositions a week. Plaintiffs have taken these constraints and the availability provided, and created a schedule we believe is fair to all parties. During the June 12 meet and confer, Defendants told us they were evaluating the schedule we proposed on June 9. You state that Defendants are "extremely prejudiced" by that schedule (Ltr. at 1), but have provided not one example of this prejudice, nor one date that does not work for Defendants. We have offered multiple times to consider alternative dates if there are particular issues, and received no response. At this point, we need immediate confirmation on the deposition schedule. Indeed, because of the passage of time and other commitments, three of our experts (Drs. Taft, Myerson, and Williams) are no longer available on the offered dates. On June 26, Sandoz/Lek also informed us that Dr. Ferrara now has a COVID related conflict on July 10, and requested he be deposed August 5. We therefore have adjusted the schedule as reflected below (depositions that have changed are marked in red):

**COVINGTON**

David M. Hanna
June 27, 2020
Page 2

| Sun | Mon | Tues | Wed | Thurs | Fri | Sat |
|-----|-----|------|-----|-------|-----|-----|
| July 5 | 6 | 7 | 8 | 9 | 10 Cremieux | 11 |
| 12 | 13 | 14 | 15 Donovan | 16 | 17 McDuff Reider | 18 |
| 19 | 20 Lepore | 21 | 22 Hoffman | 23 Stephenson | 24 Cooke | 25 |
| 26 | 27 Grossbard | 28 | 29 Steed | 30 Myerson | 31 Chao Taft | August 1 |
| 2 | 3 | 4 | 5 Drover Ferrara | 6 Rule | 7 Swift | 8 |
| 9 | 10 | 11 Amiji Oleksowicz | 12 | 13 Fassihi | 14 Williams | 15 |

Please confirm on our June 29 meet and confer that this schedule will work for Defendants.

For the first time on June 24—a month after providing witness availability, and nearly two weeks after the parties' meet and confer—Alvogen asked for the deposition of Dr. Bodmeier. Alvogen has not provided any rebuttal whatsoever to Dr. Bodmeier's opinions, and now states it needs the deposition because Dr. Williams (in his Opening Tablet Report) relied on Dr. Bodmeier. To obviate the need for an Alvogen deposition, Dr. Williams's tablet opinions will no longer rely on the opinions of Dr. Bodmeier. Please confirm this proposal resolves the issue.

### *Deposition of Dr. Buggy*

Defendants did not "explain[] on the June 12 meet and confer" that "Plaintiffs' attempt to antedate PR Newswire, Roth 2010, and Advani 2010 with the declaration of Dr. Buggy is untimely." (Ltr. at 2.) The first time Defendants made this (incorrect) argument was in your letter

**COVINGTON**

David M. Hanna
June 27, 2020
Page 3

of June 16, to which we have already responded at length (see letter from A. Han, dated June 23). We refer to and incorporate that response here. In that letter, we stated that Plaintiffs are willing to make Dr. Buggy available for a half-day deposition of 3.5 hours, and that Dr. Buggy is available July 7 and July 14. Defendants now make a host of additional requests—requests that apparently are not truly important to Defendants since they were not made in your June 16 letter—regarding depositions of numerous third parties and a surreply report. Although we do not believe a surreply is necessary, Plaintiffs further agree that Defendants may submit a surreply report limited solely to Dr. Buggy's deposition if they believe it is needed. The report would need to be submitted at least seven days in advance of any sponsoring witness being deposed (in other words the surreply report, if submitted by Dr. Grossbard, would be due no later than July 20).

### Deposition Time for Drs. Myerson and Williams

Your letter indicates that "Plaintiffs … seek to limit each of the depositions of Drs. Myerson and Williams to one seven-hour deposition." (Ltr. at 2.) This is incorrect. As we stated in our e-mail of Friday, June 19, we agree to make Drs. Myerson and Williams each available for 8 hours of deposition time (on one day apiece), if Defendants agree to the same for Drs. Swift and Fassihi. Dr. Williams is opining on the validity (not infringement, as your letter states) of two patents. Dr. Myerson is opining on the validity of one family of patents, and narrow remaining infringement issues that overlap fully for Sandoz and Zydus. Plaintiffs' compromise is reasonable, especially in light of the scope of Defendants' expert reports. For example, Dr. Fassihi is opining on the invalidity of three different patent families, as well as on non-infringement issues. Dr. Swift's opinions are commensurate in scope with Dr. Myerson's. Please confirm you agree to Plaintiffs' compromise.

### Expert Deposition Logistics and Exhibits

On our June 12 meet and confer, Defendants requested confirmation that no attorney would be physically present with a witness during his or her deposition. Based on the current state of the pandemic, we agree that for at least the first two weeks of depositions, no taking or defending attorney will be physically present with the witness. After two weeks, the parties can reevaluate and negotiate in good faith, but if the current conditions continue we expect that the parties will extend this agreement.

Please also confirm that Defendants agree to ship hard copies of the potential deposition exhibits (including all expert reports from that witness) to the witness and defending counsel in advance of each deposition. As we discussed on our June 12 meet and confer, were the deposition in person the witness and defending attorney would have access to, and the ability to use, paper copies. We believe that this procedure will better facilitate the depositions and allow each witness to use the exhibits in the format he or she is most comfortable.

We also believe that all parties should agree to use a single vendor with extensive experience conducting remote depositions. Plaintiffs propose that the parties use PlanetDepos, as they have the appropriate experience and provide an in-deposition technician.

\*       \*       \*

**COVINGTON**

David M. Hanna
June 27, 2020
Page 4


We look forward to discussing these issues on our meet and confer (Monday, June 29 at 11 am ET).


Regards,

Erica N. Andersen

# EXHIBIT 14

# Redacted in its Entirety

# EXHIBIT 15

# Redacted in its Entirety

# EXHIBIT 16

# Redacted in its Entirety

# EXHIBIT 17

# Redacted in its Entirety

# EXHIBIT 18

**Proskauer▶**   Proskauer Rose LLP   2029 Century Park East, Suite 2400   Los Angeles, CA 90067-3010

July 22, 2020

**Via Email**

Erica Andersen
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001

Irena Royzman
Kramer Levin Naftalis & Frankel LLP
1177 6th Ave
New York, NY 10036

David M. Hanna
Attorney at Law
d +1.310.284.4513
f 310.557.2193
DHanna@proskauer.com
www.proskauer.com

**Re:  _Pharmacyclics LLC v. Alvogen_, C.A. No. 19-434 (D. Del.)**

Dear Erica and Irena:

Alvogen and Natco (collectively, "Defendants") write regarding the parties' July 15, 2020 meet and confer ("July 15 meet and confer").

### 1.  **Drs. Myerson's and Williams' Untimely Rebuttal Report Arguments**

Dr. Myerson's distinction between Forms A and B, and Dr. Williams' theory that the tablet formulation patents are directed to immediate release formulations are untimely for the reasons discussed in our July 10, 2020 letter and the July 15 meet and confer.  _E.g._, 07-10-20 Ltr from D. Hanna to E. Andersen et al.  As explained on the July 15 meet and confer, Alvogen and Natco propounded Interrogatory No. 8, which sought "all factual and legal bases for Plaintiffs' contention that the Asserted Claims of the Patent(s)-in-Suit are not invalid for the reasons set forth in Defendants' invalidity contentions."  _E.g._, 11-12-19 Plaintiffs' Responses to Alvogen and Natco's First Set of Interrogatories (Nos. 1-8).  In response to this request, Plaintiffs never once mentioned their theory that the asserted claims of the Tablet Formulation Patents are directed to immediate release formulations, or distinguished the prior art because it disclosed delayed release formulations instead of immediate release tablet formulations.  Plaintiffs also failed to disclose their argument distinguishing between Forms A and B.

We understand that Plaintiffs are refusing to withdraw these untimely arguments, and that the parties have declared an impasse on these issues.

### 2.  **Plaintiffs' Experts' Improper and Never-Before Disclosed Reply Report Arguments**

During the July 15 meet and confer, the parties discussed the issues relating to Plaintiffs' reply reports that were identified in Defendants' July 10, 2020 letter.

We understand that Plaintiffs are not willing to withdraw any of the untimely arguments identified in our July 10, 2020 letter, and that the parties have declared an impasse on these issues.

**Proskauer ▸▸**

E. Andersen & I. Royzman
July 22, 2020
Page 2

### 3.  Plaintiffs' Improper Opening Report Arguments

As discussed on the July 15 meet and confer, Plaintiffs confirmed that they would not withdraw Plaintiffs' untimely arguments identified in my May 4, 2020 letter.  As an example, Dr. Reider opines that "skepticism and teaching away" existed at the time because Btk was not a validated target for drug development; however, Plaintiffs failed to disclose this theory in their boilerplate and conclusory responses to, for example, Joint Interrogatory No 1, which requested Plaintiffs to identify "secondary indicia of non-obviousness that Plaintiffs intend to rely on, the bases for [Plaintiffs'] assertion that such alleged indicia of non-obviousness apply."  *See, e.g.*, 02-10-20 Plfs' Fifth Supp. Responses to Defs' First Set of Joint Interrogatories to Plfs (Nos. 1-4).

We understand that Plaintiffs are not going to withdraw any of the belated opinions identified in our May 4, 2020 letter, and that the parties have declared an impasse on these issues.

### 4.  Plaintiffs' Misuse of Defendants' Confidential Information

For the reasons articulated in my July 10, 2020 letter and on the July 15 meet and confer, Plaintiffs' use of one defendant's confidential information against another is unfair and prejudicial. As we explained in our July 10, 2020 letter, Defendants and Defendants' experts should not be faced with rebutting the contents of another defendant's materials that were not produced in the Tablet Action.  And no defendant was ever put on notice that another defendant's confidential information would be used against it, so that it could conduct its own fact discovery and investigation regarding the materials in question.

Although we provided examples of Plaintiffs' improper cross-disclosure (*e.g.*, Myerson Opening Rep., at ¶ 735; Myerson Rebuttal Rep., at ¶ 606), Plaintiffs would not agree to withdraw the documents cited in the Tablet Action that were not produced in the Tablet Action that had the Capsule Defendants' Bates Numbers (such as SUNIBRUT00109987–88; SANDOZIBRUT00010727–815; ZYDUSIMBRU_00019579), or the arguments that relied upon those documents that had the Capsule Defendants' Bates Numbers.  We suggested that Plaintiffs re-submit expert reports in the Tablet Action that removed these documents, and the documents relying upon them.  Plaintiffs refused.  As a result, the parties are at an impasse.

### 5.  Dr. Buggy's Deposition

As Defendants explained in their July 14, 2020 email and on the July 15 meet and confer, Plaintiffs prematurely terminated Dr. Buggy's deposition and lodged improper objections and instructions not to answer non-privileged questions.  07-14-20 Email from D. Hanna to Plaintiffs. We understand that Plaintiffs are refusing to produce Dr. Buggy for the remaining deposition time to which Defendants are entitled.  Accordingly, the parties declared that they are at an impasse.

### 6.  Plaintiffs' July 10, 2020 Letter

Defendants put Plaintiffs on notice of the arguments and positions in the Swift Reply Report, as explained during the July 15 meet and confer.

**Proskauer》**

E. Andersen & I. Royzman
July 22, 2020
Page 3

Anticipation Opinions

   *First*, Advani 2010 and Fowler 2010 are references that were described and disclosed as anticipatory references in Zydus' initial invalidity contentions, Alvogen's final invalidity contentions (*see, e.g.*, Alvogen's Final Invalidity Contentions, §§ IV.HHH and IV.III), the Capsule Defendants' final invalidity contentions, and Dr. Swift's Opening Report (*see, e.g.*, Swift Opening Report ¶¶ 99–105). Furthermore, Dr. Swift's Opening Report sets forth her opinions with respect to anticipation by Advani 2010 and Fowler 2010. *See, e.g.*, Swift Opening Report ¶¶ 301–302, 396, 483, 568.

   *Second*, Plaintiffs incorrectly argue that Dr. Swift did not provide anticipation opinions for the asserted claims of the '455, '548, and '140 Patents. It is clearly stated in the Swift Opening Report that the asserted claims of the '455, '548, and '140 Patents are invalid for reasons already discussed in the context of the '753 Patent. *See, e.g.*, Swift Reply Report ¶¶ 396 ("For the same reasons discussed in Section XIV.C. [addressing the '753 Patent], claims 1–8, 10, and 12 of the'455 Patent are anticipated by Pollyea 2009, Advani 2010, Fowler 2010, and each of the Honigberg Patents."), 483 (same), 568 (same). Reliance on another section of the report is not a failure to offer an opinion. Indeed, Plaintiffs' own expert Dr. Myerson does precisely the same thing by referencing a previous section in his report to stand for the bulk of his anticipation analysis of the asserted claims of the '455, '548, and '140 Patents. *See, e.g.*, Myerson Reply Report ¶¶ 150 ("for all reasons explained above in Section IX.A.6, Advani 2010 does not anticipate claims 1–8, 10, and 12 of the '455 patent"), 154 (same), 158 (same), 163 (same), 167 (same), 171 (same), 175 (same).

   *Third*, Dr. Swift's citations to additional evidence in light of her previously presented opinions on anticipation are entirely appropriate for a reply report, as these citations are directly responsive to arguments presented in Dr. Myerson's Rebuttal Report. *See, e.g.*, Swift Rebuttal Reply ¶ 47 (citing and responding to Myerson Rebuttal Report ¶¶ 102–03, 107–08, 111–12). Relatedly, Dr. Swift's citation to EP285459 is yet another piece of evidence consistent with her opinions; she does not rely on EP285459 as a separate anticipatory prior art reference. *See, e.g.*, Swift Rebuttal Report ¶ 154 (citing and responding to Myerson Rebuttal Report ¶ 185).

Obviousness-Type Double Patenting Opinions

   Plaintiffs' baseless accusation that Dr. Swift's Opening Report was "basically devoid of analysis" is unjustified. Sections XIV.B (¶¶ 219–90), XVIII.B (¶¶ 343–95), XXIII.B (¶¶ 436–82), and XXVIII.B (¶¶ 511–67) of Dr. Swift's Opening Report provide obviousness-type double patenting opinions regarding each of the '753, '455, '548, and '140 Patents. Furthermore, Plaintiffs fail to indicate why they believe these paragraphs of the Swift Opening Report do not provide obviousness-type double patenting analyses for the respective patents.

Improper Inventorship Opinions

   Plaintiffs mischaracterize the discussion of improper inventorship in Dr. Swift's Reply Report as "a *prima facie* case" and "an entirely new analysis." As stated in Dr. Swift's Reply Report, Sections XV (¶¶ 313–26), XIX (¶¶ 399–401), XXIV (¶¶ 485–87), and XXIX (¶¶ 571–73)

**Proskauer》》**

E. Andersen & I. Royzman
July 22, 2020
Page 4

of Dr. Swift's Opening Report provide the *prima facie* case for improper inventorship.  Dr. Swift's Reply Report provides opinions in response to Dr. Myerson's Rebuttal Report and the evidence Dr. Myerson relies upon in forming his opinions.  This is clearly stated in Dr. Swift's Reply Report:

> Dr. Myerson's citations to the listed inventors' deposition transcripts fail to offer specific and clear evidence of inventorship for Drs. Purro, Goldman, Smyth, and Wirth.  *See, e.g.*, Myerson Rebuttal Report, ¶ 762.  However, the cited excerpts from the inventor depositions fail to clearly identify each individual's inventive contribution, and are often general, conclusory assertions of inventorship.  More egregiously, Dr. Myerson conveniently omits citation to testimony regarding inventorship that clearly disclaims the inventive role of Dr. Purro, Dr. Goldman, and Dr. Wirth.  I discuss each of the deficiencies in Dr. Myerson's citations to the inventor depositions in turn below . . . .

*See, e.g.*, Swift Reply Report ¶ 332.

Dr. Swift's opinions regarding improper inventorship are directly responsive to Dr. Myerson's Rebuttal Report, do not constitute a new analysis, and are in no way improper.

<u>Indefiniteness Opinions</u>

Dr. Swift's opinions regarding the indefiniteness of the terms "non-hygroscopic" and "unsolvated" are not improper at least because they are responsive to Dr. Myerson's opinions that Imbruvica® Tablets are a commercial embodiment of the '753, '455, '548, and '140 Patents, which were presented for the first time in Dr. Myerson's Opening Report and which were only available to Dr. Swift after the exchange of opening reports.  *See, e.g.*, Myerson Opening Report ¶¶ 71–72 (citing Pharmacyclics' documents with conclusory statements regarding solvation status and hygroscopicity).  Because the Pharmacyclics' documents cited by Dr. Myerson fail to present sufficient conditions or criteria for Pharmacyclics' evaluation of solvation status and hygroscopicity, Dr. Myerson's reliance on that evidence to demonstrate a commercial embodiment raised an indefiniteness issue with respect to the terms "non-hygroscopic" and "unsolvated" for the first time.  Dr. Myerson's opinions that Imbruvica® Tablets are a commercial embodiment of the '753, '455, '548, and '140 Patents were not provided to Alvogen in an earlier instance.

Dr. Swift appropriately identified and provided her opinions on indefiniteness in the rebuttal to Dr. Myerson's Opening Report (*see, e.g.*, Swift Rebuttal Report on Secondary Considerations ¶¶ 220–25, 229–42), to the extent the discussion related to commercial embodiment and secondary considerations, and also in her Reply Report (*see, e.g.*, Swift Reply Report ¶¶ 315–16).  Dr. Swift's opinions regarding the indefiniteness of the terms "non-hygroscopic" and "unsolvated" are responsive to the arguments and issues first presented in Dr. Myerson's Opening Report, and are in no way improper.

Proskauer〉〉

E. Andersen & I. Royzman
July 22, 2020
Page 5

Sincerely,

David M. Hanna

# EXHIBIT 19

# Redacted in its Entirety

# EXHIBIT 20

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Erica N. Andersen

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T   +1 202 662 5549
eandersen@cov.com

**By Electronic Mail**                                               June 30, 2020

David M. Hanna
Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010

Re: *Pharmacyclics LLC et al. v. Alvogen Pine Brook et al.*, C.A. No. 19-434-CFC-CJB (D. Del.); *Pharmacyclics LLC et al. v. Zydus Worldwide DMCC, et al.*, C.A. No. 18-192-CFC-CJB (D. Del.)

Dear David:

We write in regard to the parties' meet and confer on June 29, 2020, and in response to your correspondence of June 29, 2020 ("Ltr.").

### *Deposition of Dr. Bodmeier*

On June 24, for the first time, Alvogen requested a deposition of Dr. Bodmeier because "Dr. Bodmeier submitted an opening expert report in the Tablet Action, and Dr. Williams relies upon Dr. Bodmeier's opinions from his Opening Report in Dr. Williams' Opening Report on secondary considerations." (6/24 E-mail from D. Hanna at 8:39 ET.) In response, we proposed to "obviate the need for an Alvogen deposition," by agreeing that "Dr. Williams's tablet opinions will no longer rely on the opinions of Dr. Bodmeier." (6/27 Ltr. from E. Andersen.) On our meet and confer, Alvogen rejected that offer, and took the extraordinary position that, although it has offered no non-infringement arguments on the '857 Patent, and has not served any rebuttal to Dr. Bodmeier's report, it should put Plaintiffs to the time and expense of deposing Dr. Bodmeier. At this point, not only is such a deposition inappropriate, but Alvogen should also agree to stipulate to infringement of all of the asserted claims in the '857 Patent, so that the parties can narrow the tablet claims and issues in this case. Indeed, this specific scenario was discussed at the *Markman* hearing. (*See Markman* Tr. at 61:9–16 (THE COURT: "So is there a way to maybe make them pay for your experts if they don't similarly engage an expert, and it wouldn't be enough to have a pro forma expert rebuttal report that just says, you know, denied, denied, denied. They'd have to – if they didn't have a meaningful noninfringement expert report, maybe they pay for yours."); *see id.* at 59:7–75:8.) We have asked Alvogen throughout this litigation to stipulate to infringement of the asserted claims of the '857 Patent. Alvogen's failure to do so has put Plaintiffs to great expense, and we reserve all rights to seek fees and costs related to this issue.

Moreover, your June 29 letter references a "stipulation of infringement," but there is no such stipulation. Plaintiffs sent a draft of the stipulation to Alvogen on March 4, 2020—four months ago—before any expert reports were served. Despite Plaintiffs' repeated requests, Alvogen

**COVINGTON**

David M. Hanna
June 30, 2020
Page 2

has failed to respond. Plaintiffs reserve all rights to pursue fees and costs created by Alvogen's failure to enter into an appropriate stipulation of infringement (or even engage with Plaintiffs on that stipulation despite numerous emails asking for a response).

### *Deposition of Dr. Buggy*

On May 18, Plaintiffs served their rebuttal reports, and the supporting declaration of Dr. Buggy. For the first time in a letter on June 23—over five weeks later—Defendants stated they not only want the deposition of Dr. Buggy, but the deposition of all other inventors on the '090 Patent (all of whom Defendants had the opportunity to depose during fact discovery), and depositions of other, unnamed third-party authors. As we explained on our meet and confer, we had no understanding of what Defendants were requesting in their June 23 letter, as that letter names no authors, and Defendants appeared to be referencing third parties who are not represented by Plaintiffs. (Indeed, the December 2009 Press Release only lists "PRNewswire" and the Roth analyst report doesn't list an "author," but a corresponding research analyst.) For the first time on our meet and confer and in your letter from last night, Defendants explained they want Plaintiffs to "confirm that they would reach out to these individuals, some of whom they already represent (for example, the inventors of the '090 Patent) to confirm that they would cooperate with a deposition notice for any PCYC/Janssen employee" (although no one Defendants have identified thus far is an employee) "or a subpoena for any third party witness, and would not move for a protective order on any deposition notice or move to quash any third party subpoena." (Ltr. at 2.)

We do not agree to Defendants new proposal, first raised last night. Defendants continually refer to Plaintiffs "antedating defense," but Dr. Buggy's declaration is related to **Defendants'** invalidity defense, and it is Defendants' burden to show the references at issue are prior art. As we detailed in our June 23 letter, Defendants' assertions regarding the "untimeliness" of Dr. Buggy's declaration are contrary to the facts, the documents produced, and the testimony elicited at Dr. Buggy's first deposition. We have already offered a compromise that is fair to Defendants—Defendants may depose Dr. Buggy for 3.5 hours on his 12-page declaration, and may serve a surreply limited to Dr. Buggy's testimony not later than seven days before the sponsoring witness is deposed. It is not enough to "endeavor" (Ltr. at 2) to serve the report seven days before the sponsoring witness is deposed—Plaintiffs need time to review the report and the ability to depose the sponsoring witness on that report. If Defendants do not serve the surreply at least seven days before the deposition of the sponsoring witness, Plaintiffs reserve all rights to move to strike that report.

### *Deposition Time – Drs. Myerson, Williams, Fassihi, and Swift*

On our meet and confer, Defendants rejected our June 19 offer of 8 hours of deposition time with Drs. Myerson, Williams, Fassihi, and Swift. As we have explained, Dr. Myerson is opining on the validity of one family of patents, and narrow remaining infringement issues that overlap fully for Sandoz and Zydus. Defendants pointed out they have several crystalline form experts, and that Plaintiffs have the opportunity to depose these experts separately. Defendants chose to have multiple experts put in duplicative testimony related to invalidity of the crystalline form patents. As we have already stated in correspondence, we believe Defendants should withdraw their duplicative testimony, but certainly Plaintiffs should not be penalized by

**COVINGTON**

David M. Hanna
June 30, 2020
Page 3

Defendants' choice to have multiple experts provide the same or similar opinions (and by Plaintiffs' logical choice of having a single expert respond to those duplicative and overlapping theories). Moreover, as we explained, Dr. Swift's opinions are commensurate in scope to Dr. Myerson's.

We further explained that Dr. Williams is opining on the validity of two patents, in two families. Although Defendants continually refer to "different products," Dr. Williams is not providing infringement opinions related to Sandoz's or Alvogen's ANDA Products. Moreover, although you continually refer to "different actions," the parties have one schedule and one trial. The scope of Dr. Williams's opinions is narrow, especially in light of Defendants' expert Dr. Fassihi. Although you state that Dr. Fassihi is providing expert reports "in the Tablet Action related to one product," (Ltr. at 3) he is opining on the invalidity of three different patent families—families asserted against multiple Defendants—as well as on Alvogen-specific non-infringement issues. The scope of Dr. Fassihi's opinions is broad, and our understanding is that Alvogen is not withdrawing his invalidity opinions on patents and families asserted against other Defendants. Please let us know if our understanding is incorrect, and if Dr. Fassihi will be withdrawing his opinions related to the compound and crystalline form families. If not, our request for an eight hour deposition is more than reasonable. Indeed, Dr. Fassihi is responding to the opinions of at least five different experts (Drs. Williams, Drover, Taft, Reider, and Myerson).

In light of these circumstances, we believe our proposal of 8 hours on one day for Drs. Myerson, Williams, Fassihi, and Swift is reasonable.

### *Expert Deposition Logistics and Exhibits*

With respect to hard copy exhibits, we do not believe this is a "professional courtesy," as you state in your letter. Rather, to facilitate depositions and ensure that the expert is able to proceed in the medium in which he or she is most comfortable, the parties should agree to a rule that all exhibits (including expert reports) be shipped to the witness and counsel in advance of the deposition. We understand that on occasion, new exhibits arise last minute (for example, as we mentioned on the call, we have occasionally been asked to print copies of materials for opposing counsel during a deposition). If, for example a party uses twenty exhibits with a witness, and fifteen have not been provided in paper, that may well cause logistical issues with the deposition. We confirm that (1) the parties will provide all hard copies of the witness' expert reports and potential deposition exhibits in good faith; (2) the box will not be opened by either the expert or the parties defending the deposition "until on camera with the deposing party;" (3) the parties will act in good faith with respect to any exhibit not provided in paper in advance of the deposition; and (4) all materials will either be destroyed or returned to the deposing party. With respect to having each exhibit in a sealed envelope, we believe the exhibits should be organized so that the witness and defending counsel can easily access them during the course of the deposition. Sealed, labeled envelopes are one way of achieving such organization, redwelds with individually labeled and ordered folders are another (and there are surely other ways as well). If Defendants choose to send deposition exhibits in sealed envelopes, we agree that those envelopes will not be opened by the witness or the defending attorney "until on camera with the deposing party" (nor could they be, since we have already agreed to the same condition with respect to the box (or boxes) of exhibits).

**COVINGTON**

David M. Hanna
June 30, 2020
Page 4


On our meet and confer, Defendants stated they prefer to use Veritext, not PlanetDepos. Our firms have virtual deposition experience with both vendors, and have found PlanetDepos to better facilitate these depositions. Therefore, Plaintiffs will take their depositions using PlanetDepos. If Defendants would like to take their depositions using Veritext, they may do so (as long as Veritext has the ability to have the witness control the electronic exhibits—please confirm it does).


Regards,

Erica N. Andersen

# EXHIBIT 21

**Proskauer>**    Proskauer Rose LLP   2029 Century Park East, Suite 2400   Los Angeles, CA 90067-3010

David M. Hanna
Attorney at Law
d +1.310.284.4513
f 310.557.2193
DHanna@proskauer.com
www.proskauer.com

July 13, 2020

**Via Email**

Erica Andersen
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001

Irena Royzman
Kramer Levin Naftalis & Frankel LLP
1177 6th Ave
New York, NY 10036

**Re: _Pharmacyclics LLC v. Alvogen_, C.A. No. 19-434 (D. Del.);
    _Pharmacyclics LLC v. Zydus Worldwide DMCC_, C.A. No. 18-192 (consol.) (D. Del.)**

Dear Erica and Irena:

Defendants write regarding the parties' July 11, 2020 meet and confer ("July 11 meet and confer").

### 1.  **Depositions of Drs. Gozzo and Bodmeier**

As Defendants explained on the July 11 meet and confer and in correspondence over the last few months, Defendants are entitled to depose Drs. Gozzo and Bodmeier. _E.g._, 05-04-20 Ltr from D. Hanna to E. Andersen et al. We understand that Plaintiffs are refusing to produce Drs. Gozzo and Bodmeier for depositions. Accordingly, the parties declared that they are at an impasse on this issue.

### 2.  **Plaintiffs' Experts' Reliance on Dr. Coutre**

During the July 11 meet and confer, Defendants asked Plaintiffs whether they would serve updated expert reports in which citations to Dr. Coutre's report would be removed. Defendants explained that the removal of these citations is necessary because, for example, it is unclear whether Plaintiffs' experts are continuing to assert arguments that rely solely on Dr. Coutre's report. We understand that Plaintiffs are requesting that the exchange of updated reports be reciprocal (_i.e._, that Defendants remove paragraphs from their expert reports that are responsive to Dr. Coutre's report). We have considered Plaintiffs' counterproposal. Defendants are willing to provide updated expert reports after Plaintiffs send Defendants updated reports. Defendants request that Plaintiffs send the updated reports by the close of business tomorrow, July 14.

### 3.  **Dr. Myerson's Reliance on 2019 Heroes of Chemistry Award**

For the reasons discussed on the July 11 meet and confer and in our correspondence, Dr. Myerson's reliance on the 2019 Heroes of Chemistry award is untimely and improper. _E.g._, 07-

**Proskauer** »

E. Andersen & I. Royzman
July 13, 2020
Page 2

07-20 Email from D. Hanna to Plaintiffs.  We understand that Plaintiffs will not withdraw Dr. Myerson's reliance on this award.  Accordingly, the parties declared that they are at an impasse on this issue.

### 4. Dr. Buggy's Deposition

As Defendants explained on the July 11 meet and confer and in repeated correspondence, Defendants are entitled to a seven-hour deposition of Dr. Buggy.  Notably, Plaintiffs did not serve Dr. Buggy's declaration until Plaintiffs' service of their expert rebuttal reports.  We understand that Plaintiffs are threatening to stop Dr. Buggy's July 14, 2020 deposition after 3.5 hours, even though Plaintiffs had originally suggested a compromise of between 3.5-7 hours during the parties' June 29, 2020 meet and confer.  We cannot prevent Plaintiffs from leaving the deposition early, but Alvogen, Natco, and Zydus will be prepared to take the entire seven-hour deposition as permitted by the Federal Rules of Civil Procedure.  Of course, Alvogen, Natco, and Zydus plan to move expeditiously through their questions, and hope to finish the deposition in less than seven hours.

If Plaintiffs leave the deposition before Defendants end the deposition, the deposition will obviously remain open and Defendants reserve the right to seek costs and expenses for having to arrange for a second deposition of Dr. Buggy.

### 5. Reply Reports of Drs. Fassihi, Grossbard, Oleksowicz, Rule, and Williams; Declaration of Dr. Buggy

Defendants explained in their July 10, 2020 letter and on the July 11 meet and confer that the arguments in the reply reports of Drs. Fassihi, Grossbard and Oleksowicz that Plaintiffs identified in their July 7, 2020 letter are not untimely.  In fact, each of these experts responded to and countered untimely arguments in Drs. Williams' and Rule's expert reports, and Dr. Buggy's declaration regarding Plaintiffs' attempt to antedate Advani 2010, the December 2009 Press Release, and Roth 2010, as explained in Defendants' July 10, 2020 letter to Plaintiffs and on the parties' July 11 meet and confer.  Plaintiffs confirmed that they would not withdraw either Dr. Buggy's declaration, or the untimely arguments in Drs. Williams' and Rule's expert reports. Because Plaintiffs would not withdraw Dr. Buggy's declaration or the untimely arguments in Drs. Williams' and Rule's expert reports, Alvogen and Natco confirmed that they would not withdraw the responsive arguments in Drs. Fassihi's and Grossbard's reply reports, and Zydus confirmed that they would not withdraw the arguments in Dr. Oleksowicz's reply report.  Accordingly, the parties declared that they are at an impasse on these issues.

### 6. Deposition Logistics

Defendants asked Plaintiffs to ship back unused exhibits (*i.e.*, those still in sealed envelopes at the end of the deposition), rather than destroy them.  As explained on the July 11 meet and confer, we will provide packing slips and coordinate the logistics of pick-up.  Plaintiffs confirmed that they and their experts would ship back boxes of unused exhibits, including sealed envelopes of unused exhibits.

**Proskauer»**

E. Andersen & I. Royzman
July 13, 2020
Page 3

Sincerely,

David M. Hanna

## CERTIFICATE OF SERVICE

I, James L. Higgins, Esquire, hereby certify that on July 24, 2020, I caused to be electronically filed a true and correct copy of Defendants' Opening Letter Brief with the Clerk of the Court using CM/ECF, which will send notification to the following counsel of record:

Jack B. Blumenfeld
Jeremy A. Tigan
Jennifer A. Ward
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
jtigan@mnat.com
jward@mnat.com

I further certify that on July 24, 2020, I caused a copy of the foregoing document to be served on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Christopher N. Sipes
Erica N. Andersen
David A. Garr
Brianne Bharkhda
Chanson Chang
Nicholas L. Evoy
Justin Thomas Howell
Laura Dolbow
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001-4956
csipes@cov.com
eandersen@cov.com
dgarr@cov.com
bbharkhda@cov.com
cchang@cov.com
nevoy@cov.com
jhowell@cov.com
ldolbow@cov.com

Alexa Hansen
David Denuyl

Irena Royzman
Christine Willgoos
Cristina L. Martinez
Marcus A. Colucci
Kramer Levin Naftails & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100
iroyzman@kramerlevin.com
cwillgoos@kramerlevin.com
cmartinez@kramerlevin.com
mcolucci@kramerlevin.com

Hanna Lee
Daniel Williams
Kramer Levin Naftails & Frankel LLP
990 Marsh Road
Menlo Park, CA  94025
(650) 752-1700
hlee@kramerlevin.com
ddwilliams@kramerlevin.com

*Attorneys for Janssen Biotech, Inc.*

1

Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105
ahansen@cov.com
ddenuyl@cov.com

*Attorneys for Pharmacyclics LLC*

_____*/s/ James L. Higgins*_____
James L. Higgins (No. 5021)

26822104.1