IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC. | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No.:  19-434-CFC-CJB |
| v. | ) ) ) | ███████████ ███████████ |
| ALVOGEN PINE BROOK LLC and NATCO PHARMA LTD., | ) ) ) | **REDACTED - PUBLIC VERSION** |
| Defendants. | ) | |

| | | |
|---|---|---|
| PHARMACYCLICS LLC, et al,, | ) ) | C.A. No. 18-192-CFC-CJB (CONSOLIDATED) |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ███████████ ███████████ |
| ZYDUS, INC., *et al.,* | ) ) ) | **REDACTED - PUBLIC VERSION** |
| Defendants. | ) | |

**DEFENDANTS' RESPONSIVE LETTER BRIEF
IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Dear Magistrate Judge Burke:

In accordance with D.I. 225 and 430, Alvogen Pine Brook LLC, Natco Pharma Ltd. (together, "Alvogen"), and Zydus, Inc., *et al.* (collectively, "Defendants") conditionally oppose[1] Plaintiffs' motion to strike certain opinions of Defendants' experts Dr. Reza Fassihi, Dr. Michael Grossbard, and Dr. Leslie Oleksowicz (collectively, "challenged opinions").

If the stone thrown from Plaintiffs' glass house has exposed anything, it is the consequence of Plaintiffs' failure to comply with their discovery obligations. The challenged opinions exist only because Plaintiffs sprung new facts and contentions on Defendants in rebuttal expert reports served on May 18, 2020. Defendants had *no opportunity* to address these untimely positions until reply expert reports, and no reason to offer the challenged opinions absent Plaintiffs' untimely disclosures. Defendants, not Plaintiffs, have been prejudiced. Plaintiffs, however, seek to prevent Defendants from attempting to address the prejudice Plaintiffs caused. Importantly, Defendants offered (and are still willing) to withdraw *all* of the challenged opinions if Plaintiffs withdraw the untimely opinions that necessitated them. That Plaintiffs refused is telling. This simple fix would eliminate the "extreme[] prejudic[e]" alleged in Plaintiffs' motion (D.I. 213, 419 at 1)—a prejudice caused by Plaintiffs' refusal to drop rebuttal expert theories and information that apparently were not important enough to disclose during discovery. Yet, rather than face the consequences of their own discovery strategy, Plaintiffs' motion asks the Court to shift the prejudice they caused onto Defendants. If the Court allows Plaintiffs' untimely facts and theories, Plaintiffs' motion to strike must be denied.

### A.   Dr. Fassihi's Reply Non-Infringement Opinion Properly Responded to Dr. Williams's Untimely Rebuttal Opinion Regarding the Scope of the Claims.

Plaintiffs improperly move to strike a 2.5 page section of Dr. Fassihi's reply expert report that addresses Plaintiffs' untimely interpretation of the claims of U.S. Patent No. 9,655,857 (the "'857 Patent") espoused for the first time in the rebuttal expert report of Plaintiffs' expert Dr. Robert Williams III. Dr. Williams's rebuttal expert report opined for the first time that the claims of the '857 Patent require "immediate release high-load solid tablet formulations . . ."— an element that is not present in the '857 Patent claims[2] or Alvogen's accused product as defined in the patent. Ex. 1, Excerpt of Williams Rebuttal Report, at ¶ 148.

Until Dr. Williams's rebuttal expert report, Plaintiffs had never contended that the '857 Patent claims required an "immediate release" formulation, although they were obligated to do so during fact discovery if they wished to advance the position. For example, the Scheduling Order required Plaintiffs to, among other things, disclose their initial and final infringement contentions by August 28, 2019 and January 22, 2020 (later extended to January 30, 2020), respectively, and to exchange lists of claim terms for construction by September 6, 2019. D.I. 137 at ¶¶ 5, 15; D.I. 163. Plaintiffs did not disclose this position by either deadline, nor in response to Defendants' September 7, 2018 joint interrogatories seeking, among other things, "Plaintiffs' factual and legal

---

[1]  As described herein, Defendants are willing to withdraw the challenged opinions if Plaintiffs withdraw the untimely expert opinions that necessitated them.

[2]  Dr. Williams introduces Plaintiffs' new theory that the '857 Patent claims are limited to "immediate release" formulations in an untimely attempt to distinguish over prior art, Int'l Pat. App. Pub. No. WO2014/004707 A1 ("Goldstein"), which Dr. Williams wrongly characterizes as directed to "delayed release."

bases for its contention(s) that the asserted claims are not invalid under 35 US.C. § 103 . . . ."  Ex. 2, Excerpt of 09-07-18 Joint Interrogatories, at 10.  Plaintiffs likewise did not so contend in their opening expert reports regarding infringement.[3]  Plaintiffs inexplicably withheld their new interpretation of the '857 Patent claims, which contradicts Plaintiffs' prior infringement arguments, until the rebuttal report deadline.[4]

Alvogen's first opportunity to address Plaintiffs' untimely interpretation of the '857 Patent claims was in a reply expert report.  Dr. Fassihi correctly addressed Dr. Williams's new interpretation by opining (in relevant part) that "Alvogen's ANDA Product does not infringe the asserted claims of the '857 Patent *under Dr. Williams's interpretation of the claims*."[5]  Ex. 3, Fassihi Reply Rpt., at ¶ 209 (emphasis added).  Dr. Fassihi made clear that his opinion was made "under Dr. Williams's untimely rebuttal arguments (which [Dr. Fassihi] understand[s] were never identified by Plaintiffs during fact discovery and in response to Alvogen's specific discovery requests) . . . ."  *Id.* at ¶ 212.  If the Court does not strike Plaintiffs' new and inconsistent position, Alvogen's response must be permitted.

### B. Drs. Grossbard and Oleksowicz Properly Responded to Plaintiffs' "Antedating" Theories First Disclosed in Dr. Rule's Rebuttal Expert Report.

Plaintiffs' motion also seeks to preclude Drs. Grossbard and Oleksowicz from responding to facts and theories presented for the first time in the May 18, 2020 rebuttal expert report of Dr. Simon Rule regarding the validity of asserted U.S. Patent No. 8,754,090 (the "'090 Patent").  Dr. Rule's rebuttal expert report, relying upon a declaration from Dr. Joseph Buggy (a named inventor of the '090 Patent), attempts to "antedate" three prior art references that Defendants

---

[3]  Until Dr. Williams's May 18, 2020 rebuttal expert report, Alvogen had no reason to believe Plaintiffs would contend that the '857 Patent claims are limited to "immediate release" formulations.  Thus, there is no merit to Plaintiffs' arguments that Alvogen served no rebuttal to Plaintiffs' infringement report for the '857 Patent.  Before Plaintiffs submitted the Williams rebuttal report, Alvogen was properly exploring whether the case could be narrowed ███ ████████████████████ of a number of claims of the '857 Patent.

[4]  Plaintiffs cannot justify their failure on the ground that Alvogen disclosed Goldstein in its final invalidity contentions.  If Plaintiffs believed the '857 Patent claims were limited to "immediate release" formulations, they were obligated to disclose that position by the Scheduling Order deadlines for infringement and claim construction contentions.  *See, e.g., Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F. 3d 1343, 1351 (Fed. Cir. 2001) ("Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses.").  Regardless, Alvogen timely disclosed Goldstein during discovery.  Despite Alvogen's repeated requests that Plaintiffs supplement their validity contentions, and Plaintiffs' obligation to timely supplement under Fed. R. Civ. P. 26(e), Plaintiffs' refused.  Ex. 4, 02-13-20 Email from C. Chang to D. Hanna.

[5]  Plaintiffs wrongly challenge Dr. Fassihi's basis to offer an opinion regarding non-infringement in response to Dr. Williams's rebuttal validity opinion.  D.I. 213, at 3.  Dr. Fassihi's opinion responds to Dr. Williams's untimely interpretation of *the scope of the '857 Patent claims*—an issue that affects infringement and validity alike.  *Amazon.com,* 239 F. 3d at 1351 (claims must be interpreted consistently for validity and infringement).

disclosed in their November 2, 2018 initial invalidity contentions.[6] According to Drs. Rule and Buggy, these three references "are not prior art because they are disclosures of the inventors' own work and therefore are part of the original invention." *See, e.g.*, Ex. 5, Rule Rebuttal Rpt., at ¶ 202 (relying upon Ex. 6, Buggy Declaration).

Plaintiffs' failure to timely disclose this theory is a flagrant and prejudicial violation of their discovery obligations.  Plaintiffs had over a year to disclose it in response to Defendants' September 7, 2018 joint interrogatories, which sought (among other things) "Plaintiffs' factual and legal bases for its contention(s) that the asserted claims are not invalid under 35 U.S.C. § 103 . . ." and facts regarding "the conception and reduction to practice of the subject matter of each asserted claim of the Asserted Patents . . . ." Ex. 2, Excerpt of 09-17-18 Joint Interrogatories, at 10.  Defendants also, on October 9, 2019, served a second set of joint interrogatories, asking Plaintiffs to "[i]dentify all references cited in any of Defendants' Invalidity Contentions that Plaintiffs contend are not prior art to the Asserted Patents . . . ." Ex. 7, Excerpt of 10-09-19 Joint Interrogatories, at 4.  Even though Plaintiffs all along possessed the facts underlying their new "antedating" theory, Plaintiffs inexcusably failed to disclose them in response to any of the aforementioned interrogatories, opting instead to withhold them until Dr. Rule's rebuttal report.

Defendants had no opportunity to address Plaintiffs' new "antedating" theory until the deadline for reply reports, when they offered the opinions that Plaintiffs are now moving to strike.  As is relevant to Plaintiffs' motion, both Drs. Grossbard and Oleksowicz refuted Plaintiffs' "antedating" theory in two ways—challenging Plaintiffs' alleged priority date of the '090 Patent (to demonstrate that the references that Plaintiffs are attempting to "antedate" cannot be antedated), and asserting a prior art reference that is not subject to Plaintiffs' "antedating" theory.  *See* Ex. 8, Grossbard Reply Rpt., at ¶¶ 19-28, 206-11; Ex. 9, Oleksowicz Reply Rpt., at ¶¶ 44-74, 149-156.  Both Dr. Grossbard and Dr. Oleksowicz made clear that they were only making these arguments to counter Plaintiffs' untimely defense.  *See* Ex. 8, Grossbard Reply Rpt., at ¶ 19 ("Thus, in response to the Rule Rebuttal Report and the Buggy Declaration, I have reviewed the provisional and non-provisional applications to which the '090 Patent purportedly claims priority . . . . [I]t is my opinion that the earliest priority date of the '090 Patent is June 3, 2011."); ¶¶ 206-11 (asserting NCT01236391 ("'391") Clinical Trial reference based on priority date argument); Ex. 9, Dr. Oleksowicz Reply Rpt., at ¶ 120 ("Dr. Rule contends that the December 2009 Press Release, Advani 2010 and Roth 2010 are not prior art because they were published within a year from the priority date of the '090 patent and they disclosed the work of an inventor, Dr. Buggy.  Rule Rebuttal Rep. at ¶¶ 202-211.  However, as I discussed in Section X of this report, the '090 patent is not entitled to the priority date earlier than the priority date of the '317 application, which is June 3, 2011."), ¶ 149 (explaining that the '391 Clinical Trial was prior art "applying the June 2011 priority date as discussed above.").[7]  Again, Defendants will

---

[6]  Of the three prior art references that Plaintiffs attempt to antedate, Alvogen relied on Advani 2010 and December 2009 Press Release, while Zydus relied on Advani 2010 and Roth 2010.

[7]  Plaintiffs erroneously argue that Defendants should have made these arguments in their final invalidity contentions or in opening reports.  D.I. 213, 419 at 1.  Defendants had no reason to do so absent Plaintiffs' untimely "antedating" argument, because Plaintiffs never previously put Defendants on notice that Plaintiffs may challenge whether the three references addressed in the Buggy Declaration constituted prior art.  Plaintiffs cannot credibly suggest that Defendants should have made an argument that would have been unnecessary at the time.  They likewise cannot credibly claim to be surprised when Defendants respond to Plaintiffs' untimely theory.

voluntarily withdraw these arguments if Plaintiffs withdraw (or the Court strikes) Plaintiffs' untimely "antedating" defense. But if Plaintiffs' defense is allowed, the Court must likewise allow Drs. Grossbard's and Oleksowicz's responsive opinions.

### C. Exclusion of Defendants' Reply Expert Opinions is Unwarranted.

Plaintiffs' motion disingenuously characterizes the challenged opinions as "untimely" because they were presented in reply reports. D.I. 213, 419 at 1-3. Plaintiffs gave Drs. Fassihi, Grossbard, and Oleksowicz no other option—by presenting numerous new theories in their rebuttal expert reports, Plaintiffs "forced [Alvogen] to choose from two bad options: either scramble to have an expert respond in an effort to preserve an expert opinion . . . if the Court allowed them into the case; or offer no response and risk not preserving an opinion for trial if [Defendants' forthcoming] Motion to Strike was denied." *Galderma Labs., L.P. v. Amneal Pharms., LLC,* 2018 WL 508876, at *2 (D. Del. Jan. 22, 2018). Defendants chose the former, presenting "true rebuttal" opinions that responded to Plaintiffs' untimely rebuttal report theories. *See Integra Lifescis. Corp. v. HyperBranch Med. Tech., Inc.*, C.A. No. 15-819, 12-14-17 Oral Order (D. Del.) (declining to strike reply arguments "directly responsive" to opinions "proffered for the first time in Plaintiffs' experts rebuttal reports"); *Warner Chilcott Co., LLC v. Mylan, Inc.*, C.A. No. 11-3262 (D.I. 110, Ltr Order at 2-3) (D.N.J. June 20, 2013) (declining to strike defendants' reply expert report because, among other reasons, the expert's arguments were "in response to the criticisms and new arguments set forth in [plaintiff's] rebuttal expert report").[8] Plaintiffs cannot credibly contend that Defendants should have developed the challenged opinions earlier, before Defendants had any notice of Plaintiffs' relevant theories.

Plaintiffs' motion likewise flips the "*Pennypack*" factors[9] on their head—while the factors favor excluding *Plaintiffs'* untimely opinions, they cannot support excluding Drs. Fassihi's, Grossbard's, and Oleksowicz's responses thereto.

---

[8] Plaintiffs' cases apply with much greater force against their position, and weigh in favor of striking Plaintiffs' untimely disclosures, not Defendants'. *See TQ Delta, LLC v. ADTRAN, Inc.,* 2019 WL 4346530, at *2 (D. Del. Sept. 12, 2019) (striking new infringement theory in opening expert report (like Plaintiffs' untimely disclosures) which "deprived [defendant] of 'the opportunity to investigate this claim . . . prior to the service of [plaintiff's] expert report"); *HSM Portfolio*, 2016 WL 552543, at *2 (allowing response to late-disclosed arguments, but striking plaintiffs' untimely infringement theory because "[i]f Plaintiffs had timely disclosed this infringement theory, Defendant may have been able to assert different theories of non-infringement and invalidity."); *St. Clair Intellectual Property Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 2012 WL 1015993, at *5-*7 (D. Del. Mar. 26, 2012) (no good cause to supplement contentions where plaintiff "has not demonstrated diligence," including because plaintiff "had access to documents and information on which it now relies . . . ."); *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 270 F. Supp. 2d 519, 524 (D. Del. 2003) (where, as here, party had adequate opportunity to address claim interpretation arguments in earlier phase, striking new claim construction-based arguments despite new claim construction ruling).

[9] "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure the prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases of the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation."

**Pennypack Factor 1**:  Plaintiffs caused the prejudice of which they complain, and it is Defendants that are having "to spend additional time and money to refute" Plaintiffs' untimely theories. *St. Clair*, 2012 WL 1015993, at *8.  Plaintiffs cannot credibly claim to be "surprised" that Defendants responded to their untimely theories. *See HSM Portfolio LLC v. Elpida Memory Inc.*, 2016 WL 552543, at *2 (D. Del. Feb. 11, 2016) (denying motion to strike response to plaintiff's late-disclosed attempt to contest that an invalidity reference constituted "prior art" because "Plaintiffs were dilatory in their interrogatory responses pertaining to the prior art, Defendant did not know that Plaintiffs intended to argue that certain references did not qualify as prior art until after Defendants' invalidity report was due.").  To the extent there is "surprise," it is that Plaintiffs seek to preclude Defendants from addressing Plaintiffs' untimely theories.

**Pennypack Factors 2 and 3**:  The "cure" to any purported prejudice caused by the challenged opinions is within Plaintiffs' control.  Defendants offered to withdraw them, if Plaintiffs would withdraw the untimely rebuttal opinions that necessitated them.  But even if Plaintiffs do not withdraw their untimely theories, and if the Court does not strike them, no additional steps would be needed to "cure" any alleged prejudice that Plaintiffs created and which, in any event, is non-existent.  Dr. Fassihi's challenged opinion is only 2.5 pages (Ex. 3 at ¶¶ 209-213), and identifies an inconsistency that Plaintiffs injected into the case in their rebuttal report.  Plaintiffs should not be given another bite at the apple via a sur-reply report or re-calling Dr. Fassihi for a second deposition[10] to cure their untimely position regarding the scope of the '857 Patent claims.  Drs. Grossbard's and Oleksowicz's challenged opinions are also narrow—addressing only the priority date of the '090 Patent and a single prior art reference.  Plaintiffs could surely cover this limited subject matter at their upcoming depositions. [11]  It is Plaintiffs' untimely opinions—not Defendants' responses to them—that threaten to disrupt "the orderly and efficient trial of the case."  Unlike Defendants' narrow challenged opinions, Plaintiffs' untimely disclosures are voluminous (over 1,000 pages), complicated (because it is nearly impossible to determine which alleged inventor contributed which limitation of the claim), and require extensive investigation (*i.e.*, at least the depositions of the other named inventors and the authors of the articles for which Plaintiffs are belatedly seeking to "antedate").

**Pennypack Factors 4 and 5**:  Defendants did not withhold anything from Plaintiffs. Their *first* opportunity to address Plaintiffs' untimely "antedating" theory and "immediate release" interpretation of the '857 Patent claims was in reply expert reports.  Plaintiffs represent to the Court that "Defendants are willfully disregarding the discovery and case management rules," (D.I. 213, 419 at 3) when the challenged opinions only exist because of *Plaintiffs'* failures to comply with discovery and case management obligations.  Any bad faith here is Plaintiffs'. Defendants simply responded to Plaintiffs' withheld theories in good faith at the first opportunity, and are willing to withdraw their good faith responses if Plaintiffs withdraw their withheld theories.  However, if Plaintiffs' withheld theories are so important to Plaintiffs that they will not withdraw them, Defendants' rebuttal of those withheld opinions must be permitted.

---

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977).  A fifth factor is "the importance of the information withheld."  *TQ Delta*, 2019 WL 4346530, at *1.

[10]  Dr. Fassihi is appearing for an 8-hour deposition on August 7 (the day this opposition is filed). Plaintiffs have ample time to address his narrow opinion then if Plaintiffs wish to do so.

[11]  Dr. Grossbard's deposition is scheduled on August 18.  Dr. Oleksowicz's deposition on August 11 was canceled, but has been offered on August 20.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*

OF COUNSEL

PROSKAUER ROSE LLP
Siegmund Y. Gutman
David M. Hanna
Michelle M. Ovanesian*
Christopher D. Lynch
2029 Century Park East, Suite 2400
Los Angeles, CA  90067-3010
(310) 557-2900

Kimberly Q. Li
One International Place
Boston, MA  02110-2600
(617) 526-9600

*Admitted to Practice in Delaware and
Washington D. C. Only

_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Steven W. Lee (No. 6676)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
slee@yst.com

*Attorneys for Alvogen Pine Brook LLC and Natco Pharma Ltd.*

POTTER ANDERSON &CORROON LLP

*/s/ Dave E. Moore*

OF COUNSEL:

KASOWITZ BENSON TORRES LLP
Jay R. Deshmukh
Shelley Ivan
Hershy Stern
Jayita Guhaniyogi, Ph.D.
M. Diana Danca
Trevor J. Welch
1633 Broadway
New York, NY  10019
(212) 506-1700

_____
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants Zydus Worldwide DMCC and Cadila Healthcare Limited*

Dated:  August 7, 2020

26880185.1

6

# Exhibits 1-9 Redacted in their Entirety

# EXHIBIT 1

# EXHIBIT 2

# EXHIBIT 3

# EXHIBIT 4

# EXHIBIT 5

# EXHIBIT 6

# EXHIBIT 7

# EXHIBIT 8

# EXHIBIT 9