IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and<br>JANSSEN BIOTECH, INC.,<br><br>          Plaintiffs,<br><br>          v.<br><br>CIPLA LIMITED, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 18-192 (CFC) (CJB)<br>CONSOLIDATED<br><br>**REDACTED -<br>PUBLIC VERSION** |
| PHARMACYCLICS LLC and<br>JANSSEN BIOTECH, INC.,<br><br>          Plaintiffs,<br><br>          v.<br><br>ALVOGEN PINE BROOK LLC and<br>NATCO PHARMA LTD.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 19-434 (CFC) (CJB)<br><br>**REDACTED -<br>PUBLIC VERSION** |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE IN SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE
<u>DEFENDANTS' UNTIMELY CRYSTALLINE FORM EXPERT DISCLOSURES</u>**

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
David A. Garr
Brianne Bharkhda
Chanson Chang
Nicholas L. Evoy
Justin Thomas Howell
Laura Dolbow[1]
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Jennifer A. Ward (#6467)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com
jward@mnat.com

*Attorneys for Plaintiffs*

---

[1] Member of the Bar of Tennessee, District of Columbia Bar membership pending; supervised by principals of the Firm.

**Original Filing Date: August 10, 2020**
**Redacted Filing Date: August 17, 2020**

Alexa Hansen
David Denuyl
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105
(415) 591-6000

*Attorneys for Pharmacyclics LLC*

Irena Royzman
Marcus A. Colucci
Cristina L. Martinez
Jonathan Pepin
Christine Willgoos
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100

Hannah Lee
Daniel Williams
Phuong Nguyen
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
(650) 752-1700

*Attorneys for Janssen Biotech, Inc.*

Dear Judge Burke:

Plaintiffs respectfully request that the Court strike untimely disclosures of Alvogen's expert Dr. Jennifer Swift and Sandoz and Zydus's expert Dr. Gregory A. Stephenson concerning the Crystalline Form Patents.[1] These experts' new validity theories and evidence were not presented in the opening round of expert reports, are not proper rebuttal, violate the Court's scheduling order, and are prejudicial to Plaintiffs. *See Galderma Labs., L.P v. Amneal Pharma., LLC,* No. 16-207-LPS, 2018 WL 508876, at *2 (D. Del. Jan. 22, 2018) (granting motion to strike based on findings of prejudice, an unpersuasive explanation for the timing of the newly introduced theory, and lack of remedy that would not disrupt trial).

Although Alvogen's expert reports include a multitude of invalidity theories that were not included in final invalidity contentions,[2] the present motion is limited to untimely opinions and evidence that, as discussed below, were not disclosed even in opening expert reports, to the prejudice of Plaintiffs. The opening round of expert reports—not rebuttal or reply—was the time for Alvogen to disclose such theories and evidence. *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011).

I. **The Court Should Strike Untimely Disclosures By Dr. Swift Not Presented in Her Opening Expert Report.**

*New Indefiniteness Opinions*. The Court should strike Dr. Swift's opinions that two terms from the Crystalline Form Patents—"non-hygroscopic" and "unsolvated"—are indefinite. (Ex. 1, Swift OI Rebuttal ¶¶ 220–25, 230–42; Ex. 2, Swift NI Rebuttal ¶¶ 213, 227–35; Ex. 3, Swift Reply ¶¶ 315–16). These opinions were not disclosed in Dr. Swift's opening report on invalidity, Alvogen's invalidity contentions, or Alvogen's claim construction disclosures. (*See* Ex. 4, Swift Opening ¶¶ 150–155, 336–341, 418–425, 497–502; D.I. 59, Joint Claim Construction Chart (Oct. 4, 2019) at Appendices A & B). There is no reason that Alvogen and Dr. Swift could not have identified these theories sooner. Indeed, Dr. Swift submitted a claim construction declaration (D.I. 128, Ex. 43) months before her opening report in which she analyzed the patents and their claims—

---

[1] U.S. Patent No. 9,296,753 ("the '753 Patent"); U.S. Patent No. 10,106,548 ("the '548 Patent"); U.S. Patent No. 10,125,140 ("the '140 Patent"); U.S. Patent No. 9,725,455 ("the '455 Patent").

[2] New theories absent from Alvogen's final invalidity contentions that were first disclosed in Alvogen's expert reports, and on which Alvogen did not seek leave to amend to add to the case, include (1) indefiniteness theories directed claims 1-4, 6-8, 10 and 12 of the '455 Patent, claims 15-25 of the '548 Patent, and claims 1-4 of the '140 Patent; (2) improper dependent form theories directed to claims 2 and 4 of the '140 Patent, and claims 18-20 and 25 of the '548 Patent; (3) an obviousness theory directed at claims 3-4 of the '140 Patent over WO '829; (4) an obviousness-type double patenting theory that claims 3-4 of the '140 Patent are invalid over claim 21 of U.S. Patent No. 8,754,091; (5) a lack of written description and/or enablement theory directed to claim 2 of U.S. Patent No. 10,213,386 based on lack of "exclusion criteria"; (6) a lack of written description directed to the asserted claims of U.S. Patent No. 9,655,857 based on the theory that a POSA would not have recognized that the inventors possessed immediate release solid tablet formulations that fall within the scope of the claims; and (7) improper inventorship for claim 2 of U.S. Patent No. 8,754,090.

1

and even opined about the meaning of a solvated crystalline form. (*E.g.*, D.I. 128, Ex. 43, at B1357, ¶ 47). Alvogen contends that Dr. Swift's late-disclosed indefiniteness opinions are somehow responsive to Plaintiffs' expert Dr. Myerson's opening report, which demonstrates that Alvogen's ANDA Product infringes, and Imbruvica® embodies, the asserted claims. Not so. Alvogen has long been on notice of Plaintiffs' infringement and objective indicia proofs. There is nothing in Dr. Myerson's opening report that justifies new opinions on the meaning of these basic chemistry terms.

*Untimely Anticipation Opinions.* The Court should also strike the anticipation arguments presented in Dr. Swift's reply based on the Advani 2010 and Fowler 2010 references. (Ex. 3, Swift Reply ¶¶ 47–48, 56, 58, 62–63, 65–67, 71, 90 114–150). The purported "analysis" of each these references in Dr. Swift's Opening Report was a single cursory paragraph cross-referencing her opinions regarding a *different* reference, Pollyea 2009. (Ex. 4, Swift Opening ¶¶ 301–302). Dr. Swift cannot present opinions regarding *the Advani and Fowler references themselves for the first time on reply*.

The Court should also strike the anticipation arguments presented in Dr. Swift's Reply Report directed to the '455, '548, and '140 Patents. (Ex. 3, Swift Reply ¶¶ 98–113, 116–131, 135–150, 164–179). Dr. Swift did not perform an independent anticipation analysis for these patents in her Opening Report, and instead only cross referenced her opinions regarding a *different* patent, the '753 Patent. (*Compare, e.g.*, Ex. 3, Swift Reply ¶¶ 114–179, *with* Ex. 4, Swift Opening ¶¶ 396–398, 483–484, 568–570). But Dr. Swift is not entitled to add new theories or expand her opinions on reply. *See, e.g., Parallel Networks Licensing, LLC v. IBM Corp.*, No. 13-2072 (KAJ), 2017 WL 1405155, at *2–3 (D. Del. Apr. 17, 2017) (party not rescued by "expand[ing] its theories" in second report when first report contained conclusory language but "no developed [] theory").

The Court should also strike Dr. Swift's new opinions on reply that seek for the first time to rely on documents not previously disclosed in her Opening Report or Alvogen's final contentions. Dr. Swift cited for the first time on reply Plaintiffs' non-public documents in alleged support of her inherent anticipation theory. (Ex. 3, Swift Reply ¶¶ 47–56, 57–63, 65, 71–89, 93, 111, 129, 148). Similarly, she cited a European patent application (EP2854859) and its prosecution history in alleged support of invalidity theories. (Ex. 3, Swift Reply ¶¶ 154–56, 195, 276–77, 319–20). None of these documents were relied upon in Dr. Swift's Opening Report, or disclosed in Alvogen's invalidity contentions. Dr. Swift's attempt to introduce this material for the first time in the reply round of expert reports is highly prejudicial, because it deprives Plaintiffs of an opportunity to respond.

*Untimely Obviousness-Type Double Patenting ("OTDP") Opinions.* The Court should also strike from Dr. Swift's reply new opinions that claims 1 and 17 of the '753 Patent are obvious over the claims of the '455 Patent. (Ex. 3, Swift Reply ¶¶ 259–61). In her Opening Report, instead of comparing the claims of the '753 Patent to the claims of the '455 Patent, Dr. Swift cross-referenced her argument for why the claims of the '753 Patent are purportedly invalid over the '444 Patent—a patent from a *different family* with *different claims* than the '455 Patent. (*E.g.*, Ex. 4, Swift Opening ¶¶ 285, 288–90). On reply, Dr. Swift attempts to re-do her facially deficient OTDP analysis. (*Compare* Ex. 3, Swift Reply ¶¶ 259–61, *with* Ex. 4, Swift Opening ¶¶ 282–90). Dr. Swift should not be permitted to cure her failure to meaningfully address OTDP in her Opening Report by disclosing new and untimely opinions based on other art in reply. *See, e.g., Parallel Networks*, 2017 WL 1405155, at *2–3. The opening round of expert reports was the time to disclose all of these theories

and evidence. *Oracle Am., Inc. v*, 2011 WL 5572835, at *3. As with the other new arguments and evidence, introduction of these opinions in the reply round of expert reports is prejudicial because it deprives Plaintiffs of an opportunity to respond.

**II.     The Court Should Strike New Obviousness References and Opinions Presented for the First Time in the Reply Report of Sandoz/Zydus Expert Dr. Stephenson.**

On reply, Dr. Stephenson introduced four new references (Fowler 2010, Honigberg 2010, Buggy, and Honigberg '742) to argue that a POSA would have been aware that ibrutinib was in clinical trials prior to 2012 and would have thereby motivated a POSA to conduct screening for crystalline forms. (Ex. 5, Stephenson Reply ¶¶ 42–47, 68, 76, 81, 82, 90, 96, 102). Because these references were not disclosed in Dr. Stephenson's Opening Report (*see* Ex. 7, Stephenson Opening), he attempts to style them as "background references" that would be known to a POSA. (Ex. 5, Stephenson Reply ¶ 42). However, they are not background references in solid state or analytical chemistry, the relevant art. More importantly, it is clear that Sandoz and Zydus intend these references to be part of previously undisclosed obvious combinations. (Ex. 6). Dr. Stephenson's new opinions and references fundamentally alter his obviousness theories and introduce new theories on reply. Zydus and Sandoz were required to come forward with Dr. Stephenson's purported motivation and supporting references in his Opening Report. Having failed to do so, his late disclosed opinion that a POSA would have been aware that ibrutinib was in clinical trials and his reliance on Fowler 2010, Honigberg 2010, Buggy, and Honigberg '742 should be stricken. *See, e.g.*, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 14-954-RGA, Slip. Op. at 4 (D. Del. July 31, 2020) (striking theory disclosed in reply report).

**III.    The *Pennypack* Factors Warrant Striking These Untimely Opinions and Evidence.**

The *Pennypack* factors weigh heavily in Plaintiffs' favor and warrant striking all of the untimely opinions discussed above. Defendants' introduction of new invalidity opinions and previously undisclosed references is without excuse, and in direct contravention of the discovery and case management rules. Defendants could and should have included these opinions and evidence in their opening reports. The resulting prejudice to Plaintiffs cannot be cured without substantially disrupting the October 13 trial date. *HSM Portfolio LLC v. Elpida Memory Inc.*, No. 11-770-RGA, 2016 WL 552543, *2 (D. Del. Feb. 11, 2016). The parties are already engaged in expert depositions and have a short time window until trial. Moreover, precluding additional, untimely theories and evidence will not hinder Defendants' ability to present their invalidity case, as striking the untimely theories of each Defendants' experts will still leave each party with a multitude of invalidity theories to pursue at trial.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan

Enclosures
cc:     Counsel of Record (by e-mail, w/encls.)

3