IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACYCLICS LLC and<br>JANSSEN BIOTECH, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>CIPLA LIMITED, et al.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 18-192 (CFC) (CJB)<br>)  CONSOLIDATED<br>)<br>)  **REDACTED -**<br>)  **PUBLIC FILING**<br>) |
| PHARMACYCLICS LLC and<br>JANSSEN BIOTECH, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ALVOGEN PINE BROOK LLC and<br>NATCO PHARMA LTD.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 19-434 (CFC) (CJB)<br>)<br>)  **REDACTED -**<br>)  **PUBLIC FILING**<br>)<br>) |

**PLAINTIFFS' REPLY LETTER BRIEF REGARDING MOTION TO STRIKE
DEFENDANTS' UNTIMELY EXPERT OPINIONS**

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
David A. Garr
Brianne Bharkhda
Chanson Chang
Nicholas L. Evoy
Justin Thomas Howell
Laura Dolbow[1]
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001-4956
(202) 662-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Jennifer A. Ward (#6467)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com
jward@mnat.com

*Attorneys for Plaintiffs*

---

[1] Member of the Bar of Tennessee, District of Columbia Bar membership pending; supervised by principals of the Firm.

**Original Filing Date: August 11, 2020**
**Redacted Filing Date: August 18, 2020**

Alexa Hansen
David Denuyl
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105
(415) 591-6000

*Attorneys for Pharmacyclics LLC*

Irena Royzman
Marcus A. Colucci
Cristina L. Martinez
Jonathan Pepin
Christine Willgoos
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100

Hannah Lee
Daniel Williams
Phuong Nguyen
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
(650) 752-1700

*Attorneys for Janssen Biotech, Inc.*

Dear Judge Burke:

Defendants' new theories, advanced for the first time on reply, are neither justified by, nor responsive to, Plaintiffs' rebuttal reports. Moreover, Defendants' offer to withdraw these opinions is irrelevant: Plaintiffs should not have to withdraw their timely opinions in order to preclude Defendants from offering untimely ones. For the reasons in Plaintiffs' opening letter brief and herein, Plaintiffs request that the Court grant their motion to strike.

**Alvogen's non-infringement argument as to U.S. Patent No. 9,655,857 ("the '857 Patent") is not credible.** Alvogen manufactures a new non-infringement argument that is neither meritorious nor justified. Plaintiffs' infringement contentions demonstrate not only that Alvogen infringes the asserted claims, but that it copied the patented formulation *exactly*. And Alvogen's proposed label, which Plaintiffs cited in their contentions, states: ███████████████████ ███████████████ Ex. A, ALV_IB000021332 at -40 (emphasis added).

Alvogen's justification for its belated non-infringement assertion, *i.e.*, because Plaintiffs' validity expert Dr. Williams opined that the '857 Patent is limited to "immediate release" tablets, mischaracterizes Dr. Williams's opinion. Dr. Williams did not opine that the '857 Patent is ***limited to*** immediate release tablets. Rather, Dr. Williams's rebuttal report distinguished the teachings of WO2014/004707 A1 ("Goldstein"), a reference Alvogen first disclosed in its final invalidity contentions after the close of fact discovery.[1] Dr. Williams explained that Goldstein's teachings are limited to delayed release formulations, and that it does not teach (and indeed criticizes) immediate release. He further explained that a POSA would not have combined this reference with other cited art. *See, e.g.*, Ex. B, Williams Rebuttal Rpt. ¶ 164 ███████████████████████████ ████████████████████████████████████████████████████████████████████ ¶¶ 182–203. Dr. Williams's rebuttal opinions are neither new nor inconsistent with Plaintiffs' long-standing infringement position. There is no question that the asserted claims of the '857 cover immediate release tablets and that Alvogen's tablet is immediate release.

The time for Alvogen to present non-infringement arguments was on rebuttal. Alvogen did not do so (and indeed could not credibly have done so in light of its formulation). Its attempt to generate a belated non-infringement argument on reply should be rejected, and the portion of Dr. Fassihi's reply report directed to this argument should be stricken.

**Dr. Buggy's declaration does not justify Drs. Grossbard's and Oleksowicz's new opinions regarding U.S. Patent No. 8,754,090 ("the '090 Patent").** There is no reason Defendants could not have provided their assessment of the priority date for the '090 Patent and identified the '391 Clinical Trial reference in their final invalidity contentions or opening expert reports. Indeed, Defendants tacitly admit this, as they provided alternative priority dates and resulting alleged prior art for a number of other asserted patents in their contentions and opening reports. *See, e.g.*, Ex. C, Alvogen Non-Honigberg Invalidity Contentions at 302–07, 325–27 (priority date for '386 Patent);

---

[1] Neither of the '857 Patent obviousness combinations Dr. Fassihi presented in his opening report were raised in Alvogen's final invalidity contentions. Thus, Dr. Williams's rebuttal report was the first opportunity for Plaintiffs to respond to Alvogen's obviousness combinations.

1

Ex. D, Fassihi Opening Rpt. ¶¶ 114–20 (same); Ex. E, Lepore Opening Rpt. ¶¶ 124–37 (priority date for '309 Patent), 160 (priority date for '711 Patent), 189 (priority date for '091 Patent). Defendants' identification of a new alleged prior art reference based on a new assertion of priority date, and new anticipation and obviousness theories based on that reference, is not responsive to Dr. Rule's rebuttal report. That report concerned only the references and anticipation and obviousness theories raised in Drs. Grossbard's and Oleksowicz's opening reports. *See, e.g.*, *Withrow v. Spears*, 967 F. Supp. 2d 982, 1000 (D. Del. 2013) ("reply reports may cite new evidence and data so long as [it] is offered to **directly contradict or rebut** the opposing party's expert") (emphasis added) (internal quotation marks omitted). Moreover, Defendants' argument that they made these new arguments to "counter" Dr. Rule makes no sense. Dr. Rule opined that the references are not prior art because they reflect the inventor's work—the proper scope of any "counter" would be directed at that issue. Instead, Defendants cited wholly new art and new priority theories never before disclosed.

Further, in arguing that their new theories are justified by Dr. Buggy's declaration, Defendants tellingly do not reference Plaintiffs' document productions or Dr. Buggy's first deposition, or attach any of Plaintiffs' interrogatory *responses* in which Plaintiffs asserted the references at issue are not prior art. *See, e.g.*, Ex. F, June 23 Ltr. to Defs. at 1 (citing responses to Joint Interrog. Nos. 1 (Ex. G at 4–5) and 6 (Ex. H at 4) and response to Alvogen's Interrog. No. 8 (Ex. I at 13)); No. 18-192, D.I. 427 at 3. Dr. Buggy was identified in Plaintiffs' Rule 26(a) disclosures as a witness with knowledge of the '090 Patent. *See* Ex. J at 4 (No. 18-192); Ex. K at 4 (No. 19-434). Defendants' complaint that Dr. Buggy has untimely provided information he could provide ***at trial*** is unjustified. Taken to its logical conclusion, Defendants' argument would mean that, during fact discovery, a party must provide the other side with a full written direct examination for any fact witness it intends to bring to trial.

***Pennypack*** **Factors:** Defendants' claims of prejudice are unfounded. Defendants are not responding to Plaintiffs' (timely) positions, but rather inserting new theories into the case when Plaintiffs have no opportunity to respond. With respect to the Buggy Declaration, Defendants had the opportunity during fact discovery to conduct their "extensive investigation" of named inventors and authors of articles they identified (and Plaintiffs disputed) as prior art. They also had the opportunity to analyze the provisional applications to which the '090 Patent claims priority and assert alternative priority dates and prior art references, but chose not to do so. Defendants' characterization of their experts' new opinions as "narrow" belies the fact that these opinions implicate additional references, previously undisclosed non-infringement, anticipation, and obviousness arguments, and a new priority theory, none of which Plaintiffs have an opportunity to respond to in light of the impending October 13 trial.[2] *See, e.g.*, *AstraZeneca AB v. Mutual Pharm. Co.*, 278 F. Supp. 2d 491, 509–10 (E.D. Pa. 2003) (excluding new evidence, including a prior art reference "not timely asserted as a reason for invalidity," that would "delay trial preparation and trial"). The opinions should be stricken.

---

[2] Defendants argue that "Plaintiffs' untimely disclosures are voluminous (over 1,000 pages)." D.I. 434 at 5. Defendants are presumably referring to Dr. Buggy's declaration and its exhibits, but those exhibits were produced during fact discovery. In fact, Defendants questioned Dr. Buggy during fact discovery regarding the issues later set forth in his declaration. *See* Ex. L, Buggy Dep. Tr. (Nov. 1, 2019) at 77:2–24, 133:1–134:14; Ex. F, June 23 Ltr. to Defs. at 1–2. They also had a second deposition of Dr. Buggy after submission of his declaration. *See* No. 18-192, D.I. 427 at 1–2 & n.4.

2

                                                                   Respectfully,

                                                                   */s/ Jeremy A. Tigan*

                                                                   Jeremy A. Tigan (#5239)

Enclosures
cc:     Counsel of Record (by e-mail, w/encls.)