# EXHIBITS A-E
# REDACTED IN THEIR ENTIRETY

# EXHIBIT F

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T  +1 415 591 6000

**By Electronic Mail**                                        June 23, 2020

David M. Hanna
Proskauer Rose
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010

Re: *Pharmacyclics LLC et al. v. Alvogen Pine Brook et al.,*
    C.A. No. 19-434-CFC-CJB (D. Del.)

Dear David:

We write in response to your correspondence of June 16, 2020, and seek to address numerous incorrect statements Defendants have made.

*First*, Plaintiffs have repeatedly asserted that PR Newswire, Roth 2010, and Advani 2010, among other references, are not prior art. *See, e.g.*, Pls.' 5th Set of Suppl. Resp. to Defs.' 1st Set of Joint Interrogs. No. 1 at 5 ("Defendants have not made a showing that their asserted references, for any Asserted Patent, are prior art. . . . Plaintiffs dispute that Defendants' asserted references are prior art. Plaintiffs [do not] admit[] that any of Defendants' asserted references . . . qualify as prior art to the Asserted Patents."); Pls.' Resp. to Am. 2nd Set of Joint Interrogs. No. 6 at 4 ("Plaintiffs contend that Defendants have not demonstrated that any reference cited in any of Defendants' Invalidity Contentions 'qualifies as prior art' and incorporate Plaintiffs' Response to Joint Interrogatory No. 1 (including any Supplemental Responses) by reference."); Pls.' 1st Suppl. Resp. to Alvogen's 1st Set of Interrogs. No. 8 at 13 ("Defendants' Invalidity Contentions are deficient in numerous respects, including in establishing that the asserted references are prior art . . . ."). Notably, Defendants did not produce a version of the Advani 2010 reference that even identified the date of publication until the deadline for final invalidity contentions. *Compare* PRIORART0000016 (produced with initial invalidity contentions) *with* TAB_00000899–900 (produced with final invalidity contentions).

*Second*, Defendants have had their opportunity to propound discovery requests and seek deposition testimony—there has been no prejudice whatsoever. For example, Defendants have already deposed Dr. Buggy and had a 30(b)(6) deposition directed to the '090 Patent (among other method of treatment patents). Indeed, Defendants have already asked Dr. Buggy numerous questions related to the subject matter of his May 17, 2020 declaration, and that testimony supports his declaration. *See, e.g.*, Buggy Tr. 77:2–24 (describing his and Dr. Advani's roles in the Phase I study described in Advani 2010), 133:1–134:14 (describing Dr. Hamdy's role in clinical studies). Additionally, we do not understand Defendants' statement that Dr. Buggy "relies upon new documents" (Ltr. at 2–3) in his declaration. Defendants could have—and in some cases did—depose Dr. Buggy on the content of the documents appended to his declaration. Indeed, the only

**COVINGTON**

David M. Hanna
June 23, 2020
Page 2

new documents produced were Exhibits O (Hamdy Offer Letter) and P (Hamdy PIIA), used to supplement the fact that Dr. Hamdy joined Pharmacyclics after the beginning of the Phase I clinical trial. This was not a "new fact"—Dr. Buggy provided testimony on Dr. Hamdy's start date at his deposition. *See* Buggy Tr. 133:23–134:3.

There has been no prejudice to Defendants, and Plaintiffs will not withdraw Dr. Buggy's declaration or Dr. Rule's reliance on it. As previously discussed, Dr. Buggy will be available for a second deposition regarding his declaration. Given that Dr. Buggy has already been deposed at length, including on these issues, Plaintiffs believe a two-hour deposition is more than reasonable. In the spirit of compromise, Plaintiffs are willing to make Dr. Buggy available for a half-day deposition of 3.5 hours. Please confirm Defendants agree to this compromise. Dr. Buggy is available July 7 and July 14. These deposition dates are contingent on Defendants accepting the expert deposition schedule, and Plaintiffs reserve the right to propose other dates if that expert schedule changes in any way.

Regards,

*/s/ Anna Q. Han*

Anna Q. Han

# EXHIBITS G-I
# **REDACTED IN THEIR ENTIRETY**

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and<br>JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-192 (CFC) |
| | ) | CONSOLIDATED |
| FRESENIUS KABI USA, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS PHARMACYCLICS LLC AND JANSSEN BIOTECH, INC.'S
AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs Pharmacyclics LLC ("Pharmacyclics") and Janssen Biotech, Inc. ("Janssen"), (collectively, "Plaintiffs"), hereby submit the following Initial Disclosures to Defendants Fresenius Kabi USA, LLC, Fresenius Kabi Oncology Limited (collectively, "Fresenius Kabi"); Sun Pharma Global FZE, Sun Pharmaceutical Industries LTD (collectively, "Sun"); Zydus Worldwide DMCC, Cadila Healthcare Limited (collectively, "Zydus"); Sandoz Inc. and Lek Pharmaceuticals d.d. (collectively, "Sandoz") (all collectively, "Defendants"). These Initial Disclosures are based on information reasonably available to Plaintiffs at this time and reasonably believed to be relevant to the claims or defenses in the above-captioned actions ("the Actions"). Plaintiffs reserve the right to supplement and/or amend these disclosures in accordance with Federal Rule of Civil Procedure 26(e) and the Local Rules of this Court.

Plaintiffs' Initial Disclosures are made without waiving: (1) any claim of privilege or work product; (2) the right to object on the grounds of competency, relevance, materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in these or any other actions; and (3) the right to object on any and all grounds,

at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

Plaintiffs' Initial Disclosures do not identify or otherwise include information concerning experts, as this subject is not covered by Federal Rule of Civil Procedure 26(a)(1)(A).

Plaintiffs reserve the right to supplement or modify these Initial Disclosures after further investigation and discovery. Defendants have not yet disclosed sufficient details in response to Plaintiffs' claims of infringement of U.S. Patent Nos. 7,514,444 ("the '444 Patent"); 8,476,284 ("the '284 Patent"); 8,497,277 ("the '277 Patent"); 8,697,711 ("the '711 Patent"); 8,735,403 ("the '403 Patent"); 8,754,091 ("the '091 Patent"); 8,952,015 ("the '015 Patent"); 8,957,079 ("the '079 Patent"); 9,181,257 ("the '257 Patent"); 8,008,309 ("the '309 Patent"); 8,754,090 ("the '090 Patent"); 8,999,999 ("the '999 Patent"); 9,801,881 ("the '881 Patent"); 9,801,883 ("the '883 Patent"); 10,004,746 ("the '746 Patent"); 9,713,617 ("the '617 Patent"); 10,294,231 ("the '231 Patent"); 10,294,232 ("the '232 Patent"); 9,725,455 ("the '455 Patent"); 9,540,382 ("the '382 Patent"); 9,296,753 ("the '753 Patent"); 10,106,548 ("the '548 Patent"); 10,125,140 ("the '140 Patent"); and 9,795,604 ("the '604 Patent") (collectively, "the Asserted Patents"). Without such details, Plaintiffs are unable to identify all potential witnesses or all potential categories of documents that Plaintiffs may use to support their claims and defenses. Thus, Plaintiffs' Initial Disclosures represent a good faith effort to identify discoverable information they currently reasonably believe may be used to support their claims or defenses as required by Federal Rule of Civil Procedure 26(a)(1). Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs will supplement the information contained herein as additional information becomes available. Plaintiffs' Initial Disclosures at this stage of the proceedings are thus subject to supplementation and do not constitute waiver of any rights of supplementation.

Plaintiffs' document productions will be subject the Court's local rules and to the Court's entry of a mutually agreeable protective order.

The disclosures set forth below are made subject to these objections and qualifications.

## I.   Individuals likely to have discoverable information under Federal Rule of Civil Procedure 26(a)(1)(A)(i)

Based on information reasonably available to Plaintiffs at this time, the following are the names and, if known, the addresses of individuals who are likely to have discoverable information that Plaintiffs may use to support their claims or defenses, unless used solely for impeachment. This list does not include all of Defendants' employees, agents, or attorneys who are likely to have discoverable information that Plaintiffs may use to support their claims or defenses, as Defendants have not yet disclosed all such individuals. Further, several witnesses from whom Plaintiffs seek testimony have not yet been presented for deposition. Plaintiffs will seek to compel depositions to the extent they are not provided voluntarily.

Plaintiffs reserve the right to supplement these disclosures in light of any further disclosures or depositions. Plaintiffs reserve the right to supplement these disclosures in light of Plaintiffs reserve the right to amend these Initial Disclosures to remove from this list any person, and to object to discovery of information from these persons on any ground. Plaintiffs do not consent to or authorize communication with any of their current or former employees prohibited by applicable rules of professional conduct.

| Full Name | Topic or Subject Matter | Contact Information |
|---|---|---|
| Zhengyin Pan | Invention and subject matter of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents | May be contacted through Plaintiffs' counsel |
| Erik Verner | Invention and subject matter of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents | May be contacted through Plaintiffs' counsel |

| Full Name | Topic or Subject Matter | Contact Information |
|---|---|---|
| Lee Honigberg | Invention and subject matter of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents | May be contacted through Plaintiffs' counsel |
| Mark Smyth | Invention and subject matter of the '753, '382, '617, '455, '548, '140, '231, and '232 Patents | May be contacted through Plaintiffs' counsel |
| Eric Goldman | Invention and subject matter of the '753, '382, '617, '455, '548, '140, '231, and '232 Patents | May be contacted through Plaintiffs' counsel |
| David D. Wirth | Invention and subject matter of the '753, '382, '617, '455, '548, '140, '231, and '232 Patents | May be contacted through Plaintiffs' counsel |
| Norbert Purro | Invention and subject matter of the '753, '382, '617, '455, '548, '140, '231, and '232 Patents | May be contacted through Plaintiffs' counsel |
| Jason A. Dubovsky | Invention and subject matter of the '604 Patent | May be contacted through Plaintiffs' counsel |
| Joseph J. Buggy | Invention and subject matter of the '999, '881, '883, '090, and '746 Patents | May be contacted through Plaintiffs' counsel |
| David J. Loury | Invention and subject matter of the '999, '881, '883, '090, and '746 Patents | May be contacted through Plaintiffs' counsel |
| Eric Hedrick | Invention and subject matter of the '999, '881, '883, and '746 Patents | May be contacted through Plaintiffs' counsel |
| Tarak D. Mody | Invention and subject matter of the '999, '881, '883, and '746 Patents | May be contacted through Plaintiffs' counsel |
| Sriram Balasubramanian | Topics for which Plaintiffs designated Dr. Balasubramanian pursuant to Fed. R. Civ. P. 30(b)(6), and Dr. Balasubramanian's knowledge of and involvement with Imbruvica® | May be contacted through Plaintiffs' counsel |
| Leslie Amendola | Topics for which Plaintiffs designated Ms. Amendola pursuant to Fed. R. Civ. P. 30(b)(6), and Ms. Amendola's knowledge of and involvement with Imbruvica® | May be contacted through Plaintiffs' counsel |
| Michael Hostetler | Prosecution history of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents | May be contacted through Plaintiffs' counsel |

| Full Name | Topic or Subject Matter | Contact Information |
|---|---|---|
| Jana Dailey (née Lewis) | Prosecution history of '548 Patent | May be contacted through counsel at Foley Hoag LLP |
| Dhruv Mangal | Topics for which Fresenius Kabi designated Mr. Mangal pursuant to Fed. R. Civ. P. 30(b)(6); Fresenius Kabi's ANDA Product | May be contacted through counsel for Fresenius Kabi |
| Zoraida Nuesca | Topics for which Fresenius Kabi designated Dr. Nuesca pursuant to Fed. R. Civ. P. 30(b)(6); Fresenius Kabi's ANDA Product | May be contacted through counsel for Fresenius Kabi |
| Nitin Gupta | Topics for which Fresenius Kabi designated Dr. Gupta pursuant to Fed. R. Civ. P. 30(b)(6); Fresenius Kabi's ANDA Product | May be contacted through counsel for Fresenius Kabi |
| Ritesh Kapoor | Topics for which Zydus designated Mr. Kapoor pursuant to Fed. R. Civ. P. 30(b)(6); Zydus's ANDA Product | May be contacted through counsel for Zydus |
| Kesavan Govindarajan | Topics for which Zydus designated Mr. Govindarajan pursuant to Fed. R. Civ. P. 30(b)(6); Zydus's ANDA Product | May be contacted through counsel for Zydus |
| Srinivas Gurram | Topics for which Zydus designated Mr. Gurram pursuant to Fed. R. Civ. P. 30(b)(6); Zydus's ANDA Product | May be contacted through counsel for Zydus |
| Elizabeth Purcell | Topics for which Zydus designated Ms. Purcell pursuant to Fed. R. Civ. P. 30(b)(6); Zydus's ANDA Product | May be contacted through counsel for Zydus |
| Gargi Nadkarni | Topics for which Sun designated Ms. Nadkarni pursuant to Fed. R. Civ. P. 30(b)(6); Sun's ANDA Product | May be contacted through counsel for Sun |
| Simon Skubin | Topics for which Sandoz designated Mr. Skubin pursuant to Fed. R. Civ. P. 30(b)(6); Sandoz's ANDA Product | May be contacted through counsel for Sandoz |

In addition to the foregoing, Plaintiffs believe that the following individuals may have relevant information that Plaintiffs may use to support their claims or defenses:  (1) witnesses, employees, or agents identified in Defendants' respective Initial Disclosures, contentions, interrogatory or other discovery responses, and (2) Defendants' witnesses, employees (current or

former), or agents whose identities are presently unknown to Plaintiffs and who are knowledgeable about Defendants' activities relating to their respective ANDAs and/or knowledgeable about the development, testing, manufacture, formulation, or regulatory filings for the products described in Defendants' respective ANDAs.

Plaintiffs expressly reserve the right to identify and call as witnesses additional persons if Plaintiffs learn during the course of their investigation and discovery in these Actions that such persons have knowledge of discoverable information that Plaintiffs may use to support their claims or defenses.

## II.     Description by category and location of relevant documents under Federal Rule of Civil Procedure 26(a)(1)(A)(ii)

At present, Plaintiffs have not determined the identity of all specific documents on which they may rely at trial or otherwise. Based on presently available information, Plaintiffs identify the following categories of documents, data compilations, electronically stored documents, and tangible things that are in Plaintiffs' possession, custody, or control and that Plaintiffs may use to support their claims and/or defenses (excluding documents that may be used solely for impeachment). By identifying the following categories and locations of documents, Plaintiffs do not waive any privilege or protection and expressly reserve the right to challenge the relevance or admissibility of some or all of these documents at trial. Plaintiffs further reserve the right to identify additional documents as discovery proceeds. Plaintiffs also reserve the right to rely upon any document otherwise produced in connection with these Actions, including any exhibit filed in connection therewith, as well as any document that may in the future be in the parties' possession, custody, or control.

1.     The Asserted Patents.

2.     The prosecution histories of the Asserted Patents.

3.     Documents relating to the research and development resulting in the inventions claimed by the Asserted Patents.

4.     Documents evidencing the regulatory approval of IMBRUVICA®, including New Drug Application No. 205552 and supplements thereto, and the approved labeling and package inserts for IMBRUVICA®.

5.     Notice letter regarding Fresenius Kabi's ANDA No. 210896 and Paragraph IV Certifications.

6.     Notice letter regarding Shilpa's ANDA No. 211261 and Paragraph IV Certifications.

7.     Notice letter regarding Sun's ANDA No. 211319 and Paragraph IV Certifications.

8.     Notice letter regarding Cipla's ANDA No. 211249 and Paragraph IV Certifications.

9.     Notice letter regarding Zydus's ANDA No. 211344 and Paragraph IV Certifications.

10.    Notice letter regarding Teva's ANDA No. 211350 and Paragraph IV Certifications.

11.    Notice letter regarding Sandoz's ANDA No. 211267 and Paragraph IV Certifications.

12.    Documents relevant to the validity of the Asserted Patents, including but not limited to documents relating to objective indicia of the non-obviousness of the invention claimed by the Asserted Patents.

13.    Documents produced by Plaintiffs in this litigation.

14.    Documents produced by Defendants in this litigation.

Plaintiffs also identify the following categories of documents, data compilations, electronically stored documents, and tangible things that are expected to be within Defendants' possession, custody, or control and that Plaintiffs may use to support their claims and/or defenses, not including documents, data compilations, electronically stored documents, and tangible things (excluding documents that may be used solely for impeachment).

7

1.      Defendants' ANDAs, and ANDA-related materials, including correspondence with the United States Food and Drug Administration regarding Defendants' ANDAs.

2.      The active ingredient Drug Master Files ("DMFs") for Defendants' respective ANDA Products, and DMF-related materials, including correspondence with the United States Food and Drug Administration regarding the DMFs.

3.      Samples of Defendants' respective ANDA Products, active ingredients, and excipients.

4.      Documents relating to the research and development of Defendants' ANDA products.

5.      Documents relevant to Defendants' infringement of the Asserted Patents.

6.      Documents relevant to the validity of the Asserted Patents, including but not limited to documents relating to objective indicia of the non-obviousness of the invention claimed by the Asserted Patents.

## III.    Computation of damages under Federal Rule of Civil Procedure 26(a)(1)(A)(iii)

At this time, Plaintiffs do not seek damages from Defendants, as Defendants have not yet engaged in the commercial manufacture, use, offer to sell, sale, marketing, distribution, and/or importation of any product that infringes the Asserted Patents, prior to the expiration of the Asserted Patents. Plaintiffs reserve the right to seek damages or other monetary relief in the event that Defendants have engaged or do engage in such commercial activity prior to the expiration of the Asserted Patents or any other patent(s) that may be asserted at a later time in these Actions.

Plaintiffs reserve the right to seek an award of attorneys' fees pursuant to 35 U.S.C. § 285, and costs of suit. The amount of those fees and costs is not yet known.

## IV.    Insurance agreements under Federal Rule of Civil Procedure 26(a)(1)(A)(iv)

Plaintiffs are unaware of any insurance agreement relevant to this action at this time. However, Plaintiffs reserve the right to supplement this disclosure if any pertinent insurance agreements are identified.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
David A. Garr
Brianne Bharkhda
Chanson Chang
Nicholas L. Evoy
Justin Thomas Howell
Anna Q. Han
Laura Dolbow[1]
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001-4956
(202) 662-6000

Alexa Hansen
David Denuyl
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105
(415) 591-6000

*Attorneys for Pharmacyclics LLC*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs*

---

[*]  Member of the Bar of Tennessee, District of Columbia Bar membership pending; supervised by principals of the Firm

Irena Royzman
Marcus A. Colucci
Cristina L. Martinez
Jonathan Pepin
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100

Hannah Lee
Daniel Williams
Phuong Nguyen
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
(650) 752-1700

*Attorneys for Janssen Biotech, Inc.*

December 20, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, copies of the foregoing were caused to be served upon the following in the manner indicated:

Brian E. Farnan, Esquire                                              *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendants Fresenius Kabi USA,*
*LLC and Fresenius Kabi Oncology Limited*

Imron Aly, Esquire                                                    *VIA ELECTRONIC MAIL*
Keven M. Nelson, Esquire
Thomas Rammer, Esquire
233 South Wacker Drive
Chicago, IL  60606
*Attorneys for Defendants Fresenius Kabi USA,*
*LLC and Fresenius Kabi Oncology Limited*

John K. Hsu, Esquire                                                  *VIA ELECTRONIC MAIL*
SCHIFF HARDIN LLP
901 K Street NW, Suite 700
Washington, DC  20001
*Attorneys for Defendants Fresenius Kabi USA,*
*LLC and Fresenius Kabi Oncology Limited*

Ahmed M.T. Riaz, Esquire                                             *VIA ELECTRONIC MAIL*
SCHIFF HARDIN LLP
666 Fifth Avenue, Suite 1700
New York, NY  10103
*Attorneys for Defendants Fresenius Kabi USA,*
*LLC and Fresenius Kabi Oncology Limited*

Kelly E. Farnan, Esquire                                             *VIA ELECTRONIC MAIL*
Renée M. Mosley, Esquire
RICHARDS, LAYTON & FINGER, PA
One Rodney Square, Suite 600
920 North King Street
Wilmington, DE  19801
*Attorneys for Defendants Sun Pharma Global FZE*
*and Sun Pharmaceutical Industries Ltd.*

Samuel T. Lockner, Esquire       *VIA ELECTRONIC MAIL*
Shelleaha L. Jonas, Esquire
Todd S. Werner, Esquire
Caroline L. Marsili, Esquire
Sarita Mutha Matheson, Esquire
CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN
225 South Sixth Street, Suite 4200
Minneapolis, MN  55402
*Attorneys for Defendants Sun Pharma Global FZE*
*and Sun Pharmaceutical Industries Ltd.*

David E. Moore, Esquire       *VIA ELECTRONIC MAIL*
Bindu A. Palapura, Esquire
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendants Zydus Worldwide*
*DMCC and Cadila Healthcare Limited*

Jay R. Deshmukh, Esquire       *VIA ELECTRONIC MAIL*
Hershy Stern, Esquire
Jayita Guhaniyogi, Esquire
Shelley Ivan, Esquire
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY  10019
*Attorneys for Defendants Zydus Worldwide*
*DMCC and Cadila Healthcare Limited*

Dominick T. Gattuso, Esquire       *VIA ELECTRONIC MAIL*
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE  19801
*Attorneys for Defendants Sandoz Inc. and*
*Lek Pharmaceuticals d.d.*

Natalie C. Clayton, Esquire       *VIA ELECTRONIC MAIL*
Jacob Bass, Esquire
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016
*Attorneys for Defendants Sandoz Inc. and*
*Lek Pharmaceuticals d.d.*

Shri Abhyankar, Esquire                                                 *VIA ELECTRONIC MAIL*
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424
*Attorneys for Defendants Sandoz Inc. and*
*Lek Pharmaceuticals d.d.*

Kirk T. Bradley, Esquire                                                 *VIA ELECTRONIC MAIL*
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC  28280-4000
*Attorneys for Defendants Sandoz Inc. and*
*Lek Pharmaceuticals d.d.*

John C. Phillips, Jr., Esquire                                          *VIA ELECTRONIC MAIL*
David A. Bilson, Esquire
PHILLIPS GOLDMAN MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806
*Attorneys for Defendants Cipla Limited and*
*Cipla USA Inc.*

Elizabeth J. Holland, Esquire                                           *VIA ELECTRONIC MAIL*
Keith A. Zullow, Esquire
Steven J. Bernstein, Esquire
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
*Attorneys for Defendants Cipla Limited and*
*Cipla USA Inc.*

/s/ *Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-434 (CFC) (CJB) |
| ALVOGEN PINE BROOK LLC and NATCO PHARMA LTD., | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS PHARMACYCLICS LLC AND JANSSEN BIOTECH, INC.'S
AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs Pharmacyclics LLC ("Pharmacyclics") and Janssen Biotech, Inc. ("Janssen") (collectively, "Plaintiffs"), hereby submit the following Initial Disclosures to Defendants Alvogen Pine Brook LLC ("Alvogen") and Natco Pharma Ltd. ("Natco") (collectively, "Defendants"). These Initial Disclosures are based on information reasonably available to Plaintiffs at this time and reasonably believed to be relevant to the claims or defenses in the above-captioned action. Plaintiffs reserve the right to supplement and/or amend these disclosures in accordance with Federal Rule of Civil Procedure 26(e) and the Local Rules of this Court.

Plaintiffs' Initial Disclosures are made without waiving: (1) any claim of privilege or work product; (2) the right to object on the grounds of competency, relevance, materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in this or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

Plaintiffs' Initial Disclosures do not identify or otherwise include information concerning experts, as this subject is not covered by Federal Rule of Civil Procedure 26(a)(1)(A).

Plaintiffs reserve the right to supplement or modify these Initial Disclosures after further investigation and discovery. Defendants have not yet disclosed sufficient details in response to Plaintiffs' claims of infringement of U.S. Patent Nos. 7,514,444 ("the '444 Patent"); 8,800,309 ("the '309 Patent"); 8,476,284 ("the '284 Patent"); 8,497,277 ("the '277 Patent"); 8,697,711 ("the '711 Patent"); 8,735,403 ("the '403 Patent"); 8,754,090 ("the '090 Patent"); 8,754,091 ("the '091 Patent"); 8,952,015 ("the '015 Patent"); 8,957,079 ("the '079 Patent"); 9,181,257 ("the '257 Patent"); 9,296,753 ("the '753 Patent"); 9,655,857 ("the '857 Patent"); 9,725,455 ("the '455 Patent"); 10,010,507 ("the '507 Patent"); 10,106,548 ("the '548 Patent"); 10,125,140 ("the '140 Patent"); and 10,213,386 ("the '386 Patent") (collectively, "the Asserted Patents"). Without such details, Plaintiffs are unable to identify all potential witnesses or all potential categories of documents that Plaintiffs may use to support their claims and defenses. Thus, Plaintiffs' Initial Disclosures represent a good faith effort to identify discoverable information they currently reasonably believe may be used to support their claims or defenses as required by Federal Rule of Civil Procedure 26(a)(1). Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs will supplement the information contained herein as additional information becomes available. Plaintiffs' Initial Disclosures at this stage of the proceedings are thus subject to supplementation and do not constitute waiver of any rights of supplementation.

Plaintiffs' document productions will be subject to the Court's local rules and to the Court's entry of a mutually agreeable protective order.

The disclosures set forth below are made subject to these objections and qualifications.

## I.      Individuals likely to have discoverable information under Federal Rule of Civil Procedure 26(a)(1)(A)(i)

Based on information reasonably available to Plaintiffs at this time, the following are the names and, if known, the addresses of individuals who are likely to have discoverable information that Plaintiffs may use to support their claims or defenses, unless used solely for impeachment. This list does not include all of Defendants' employees, agents, or attorneys who are likely to have discoverable information that Plaintiffs may use to support their claims or defenses, as Defendants have not yet disclosed all such individuals. Further, the deposition testimony that Defendants have provided to date is deficient, and Plaintiffs will seek to compel further depositions to the extent they are not provided voluntarily.

Plaintiffs reserve the right to supplement these disclosures in light of any further disclosures or depositions. Plaintiffs reserve the right to amend these Initial Disclosures to remove from this list any person, and to object to discovery of information from these persons on any ground. Plaintiffs do not consent to or authorize communication with any of their current or former employees prohibited by applicable rules of professional conduct.

| Full Name | Topic or Subject Matter | Contact Information |
|---|---|---|
| Zhengying Pan | Invention and subject matter of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents | May be contacted through Plaintiffs' counsel |
| Erik Verner | Invention and subject matter of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents | May be contacted through Plaintiffs' counsel |
| Lee Honigberg | Invention and subject matter of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents | May be contacted through Plaintiffs' counsel |
| Mark Smyth | Invention and subject matter of the '753, '455, '548, and '140 Patents | May be contacted through Plaintiffs' counsel |
| Erick Goldman | Invention and subject matter of the '753, '455, '548, and '140 Patents | May be contacted through Plaintiffs' counsel |
| David D. Wirth | Invention and subject matter of the '753, '455, '548, and '140 Patents | May be contacted through Plaintiffs' counsel |

| Full Name | Topic or Subject Matter | Contact Information |
|---|---|---|
| Norbert Purro | Invention and subject matter of the '753, '455, '548, and '140 Patents | May be contacted through Plaintiffs' counsel |
| Ching W. Chong | Invention and subject matter of the '857, '507, and '386 Patents | May be contacted through Plaintiffs' counsel |
| Robert Kuehl | Invention and subject matter of the '857, '507, and '386 Patents | May be contacted through Plaintiffs' counsel |
| Heow Tan | Invention and subject matter of the '857, '507, and '386 Patents | May be contacted through Plaintiffs' counsel |
| Harisha Atluri | Invention and subject matter of the '857, '507, and '386 Patents | May be contacted through Plaintiffs' counsel |
| Joseph J. Buggy | Invention and subject matter of the '090 Patent | May be contacted through Plaintiffs' counsel |
| David J. Loury | Invention and subject matter of the '090 Patent | May be contacted through Plaintiffs' counsel |
| Tarak D. Mody | Topics for which Plaintiffs designated Dr. Mody pursuant to Fed. R. Civ. P. 30(b)(6), and Dr. Mody's knowledge of and involvement with Imbruvica® | May be contacted through Plaintiffs' counsel |
| Leslie Amendola | Topics for which Plaintiffs designated Ms. Amendola pursuant to Fed. R. Civ. P. 30(b)(6), and Ms. Amendola's knowledge of and involvement with Imbruvica® | May be contacted through Plaintiffs' counsel |
| Sriram Balasubramanian | Topics for which Plaintiffs designated Dr. Balasubramanian pursuant to Fed. R. Civ. P. 30(b)(6), and Dr. Balasubramanian's knowledge of and involvement with Imbruvica® | May be contacted through Plaintiffs' counsel |
| Michael Hostetler | Prosecution history of the '444, '309, '284, '277, '711, '403, '091, '015, '079, and '257 Patents | May be contacted through Plaintiffs' counsel |
| Jana Dailey (née Lewis) | Prosecution history of '548 Patent | May be contacted through counsel at Foley Hoag LLP |
| Pavan Bhat | Topics for which Defendants designated Dr. Bhat pursuant to Fed. R. Civ. P. 30(b)(6); Defendants' ANDA Product | May be contacted through Defendants' counsel |
| Pulla Reddy | Topics for which Defendants designated Dr. Reddy pursuant to Fed. R. Civ. P. 30(b)(6); Defendants' ANDA Product | May be contacted through Defendants' counsel |

In addition to the foregoing, Plaintiffs believe that the following individuals may have relevant information that Plaintiffs may use to support their claims or defenses: (1) witnesses,

employees, or agents identified in Defendants' respective Initial Disclosures, contentions, and interrogatory or other discovery responses, and (2) Defendants' witnesses, employees (current or former), or agents whose identities are presently unknown to Plaintiffs and who are knowledgeable about Defendants' activities relating to ANDA No. 212763 ("Defendants' ANDA") and/or knowledgeable about the development, testing, manufacture, formulation, or regulatory filings for the products described in Defendants' ANDA.

Plaintiffs expressly reserve the right to identify and call as witnesses additional persons if Plaintiffs learn during the course of their investigation and discovery in the above-captioned action that such persons have knowledge of discoverable information that Plaintiffs may use to support their claims or defenses.

## II. Description by category and location of relevant documents under Federal Rule of Civil Procedure 26(a)(1)(A)(ii)

At present, Plaintiffs have not determined the identity of all specific documents on which they may rely at trial or otherwise. Based on presently available information, Plaintiffs identify the following categories of documents, data compilations, electronically stored documents, and tangible things that are in Plaintiffs' possession, custody, or control and that Plaintiffs may use to support their claims and/or defenses (excluding documents that may be used solely for impeachment). By identifying the following categories and locations of documents, Plaintiffs do not waive any privilege or protection and expressly reserve the right to challenge the relevance or admissibility of some or all of these documents at trial. Plaintiffs further reserve the right to identify additional documents as discovery proceeds. Plaintiffs also reserve the right to rely upon any document otherwise produced in connection with these Actions, including any exhibit filed in connection therewith, as well as any document that may in the future be in the parties' possession, custody, or control.

1.      The Asserted Patents.

2.      The prosecution histories of the Asserted Patents.

3.      Plaintiffs' productions in Consolidated Action No. 18-192 (D. Del.) involving IMBRUVICA® capsules, as reproduced to Defendants.

4.      Documents relating to the research and development resulting in the inventions claimed by the Asserted Patents.

5.      Documents evidencing the regulatory approval of IMBRUVICA® tablets, including New Drug Application Nos. 210563 and 205552 and supplements thereto, and the approved labeling and package inserts for IMBRUVICA® tablets.

6.      Notice letter regarding Defendants' ANDA and Paragraph IV Certifications.

7.      Documents relevant to the validity of the Asserted Patents, including but not limited to documents relating to objective indicia of the non-obviousness of the invention claimed by the Asserted Patents.

8.      Documents cited in Plaintiffs' Infringement Contentions dated August 28, 2019.

9.      Documents produced by Plaintiffs in this litigation.

10.     Documents produced by Defendants in this litigation.

Plaintiffs also identify the following categories of documents, data compilations, electronically stored documents, and tangible things that are expected to be within Defendants' possession, custody, or control and that Plaintiffs may use to support their claims and/or defenses, not including documents, data compilations, electronically stored documents, and tangible things (excluding documents that may be used solely for impeachment).

1.      Defendants' ANDA, and ANDA-related materials, including correspondence with the United States Food and Drug Administration regarding Defendants' ANDA.

2.      The active ingredient Drug Master File ("DMF") No. 032937 for Defendants' ANDA, and DMF-related materials, including correspondence with the United States Food and Drug Administration regarding the DMF.

3.      Samples of Defendants' ANDA Products, active ingredients, and excipients.

4.      Documents relating to the research and development of Defendants' ANDA Products.

5.      Documents relevant to Defendants' infringement of the Asserted Patents.

6.      Documents relevant to the validity of the Asserted Patents, including but not limited to documents relating to objective indicia of the non-obviousness of the invention claimed by the Asserted Patents.

### III.    Computation of damages under Federal Rule of Civil Procedure 26(a)(1)(A)(iii)

At this time, Plaintiffs do not seek damages from Defendants, as Defendants have not yet engaged in the commercial manufacture, use, offer to sell, sale, marketing, distribution, and/or importation of any product that infringes the Asserted Patents, prior to the expiration of the Asserted Patents. Plaintiffs reserve the right to seek damages or other monetary relief in the event that Defendants have engaged or do engage in such commercial activity prior to the expiration of the Asserted Patents or any other patent(s) that may be asserted at a later time in the above-captioned action.

Plaintiffs reserve the right to seek an award of attorneys' fees pursuant to 35 U.S.C. § 285, and costs of suit. The amount of those fees and costs is not yet known.

### IV.    Insurance agreements under Federal Rule of Civil Procedure 26(a)(1)(A)(iv)

Plaintiffs are unaware of any insurance agreement relevant to this action at this time. However, Plaintiffs reserve the right to supplement this disclosure if any pertinent insurance agreements are identified.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com
jlyons@mnat.com

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
David A. Garr
Brianne Bharkhda
Chanson Chang
Nicholas L. Evoy
Justin Thomas Howell
Anna Q. Han
Laura Dolbow[1]
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
David Denuyl
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105

*Attorneys for Pharmacyclics*

*Attorneys for Plaintiffs*

Irena Royzman
Cristina L. Martinez
Marcus A. Colucci
KRAMER LEVIN NAFTALIS
    & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9100

Hannah Lee
KRAMER LEVIN NAFTALIS
    & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
(650) 752-1700

*Attorneys for Janssen Biotech, Inc.*

December 20, 2019

_____

*   Member of the Bar of Tennessee, District of Columbia Bar membership pending; supervised by principals of the Firm

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2019, copies of the foregoing were caused to be served upon the following in the manner indicated:

Melanie K. Sharp, Esquire                                           *VIA ELECTRONIC MAIL*
James L. Higgins, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendants Alvogen Pine Brook*
*LLC and Natco Pharma Ltd.*

Siegmund Y. Gutman, Esquire                                      *VIA ELECTRONIC MAIL*
David M. Hanna, Esquire
Michelle M. Ovanesian, Esquire
Christopher D. Lynch, Ph.D.
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA  90067-3010
*Attorneys for Defendants Alvogen Pine Brook*
*LLC and Natco Pharma Ltd.*

Kimberly Q. Li, Esquire                                             *VIA ELECTRONIC MAIL*
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
*Attorneys for Defendants Alvogen Pine Brook*
*LLC and Natco Pharma Ltd.*

*/s/ Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)

# EXHIBIT L
# **REDACTED IN ITS ENTIRETY**