IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and<br>JANSSEN BIOTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 19-434 (CFC) (CJB) |
| ALVOGEN PINE BROOK LLC and<br>NATCO PHARMA LTD., | ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) ) | **Confidential Version Filed: February 6, 2023**<br>**Public Version Filed: February 21, 2023** |

## PLAINTIFFS PHARMACYCLICS LLC AND JANSSEN BIOTECH, INC.'S BILL OF COSTS

Pursuant to Federal Rule of Civil Procedure 54, District of Delaware Local Rule 54.1, and 28 U.S.C. §§ 1920–24, Plaintiffs Pharmacyclics LLC and Janssen Biotech, Inc. (collectively "Plaintiffs") submit this Bill of Costs, supported by the accompanying Declaration of Jeremy A. Tigan and exhibits thereto ("Tigan Declaration").

## I.    LEGAL STANDARD

The taxation of costs is governed by Federal Rule of Civil Procedure 54(d), "which gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012). Categories of costs that are taxable are established by 28 U.S.C. § 1920, which states:

A judge or clerk of any court of the United States may tax
as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts
necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of
any materials where the copies are necessarily obtained for
use in the case;

(5) Dockets fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special
interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon
allowance, included in the judgment or decree.

Local Rule 54.1 provides additional guidance on taxable costs, and states that

"[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to

costs." D. Del. LR 54.1(a)(1). "Together, Section 1920 and the federal and local

rules create a 'strong presumption' that costs should be awarded to the prevailing

party." *Honeywell Int'l Inc. v. Nokia Corp.*, C.A. No. 04-1337-LPS, 2014 WL

2568041, at *3 (D. Del. May 30, 2014) (*rev'd on other grounds,* 615 Fed. App'x 688

(Fed. Cir. 2015)) (quoting *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288

(3d Cir. 2010); also citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d

Cir. 2000)). "Only if the losing party can introduce evidence, and the district court

can articulate reasons within the bounds of its equitable power, should costs be

reduced or denied to the prevailing party." *Reger*, 599 F.3d at 288.  Courts have explained that a denial of costs to the prevailing party is "akin to a penalty." *Id*.

## II.   PLAINTIFFS ARE THE PREVAILING PARTY

Plaintiffs are the prevailing party in this patent infringement case because they obtained judgments of infringement and no invalidity from the Court (D. I. 352) that were later affirmed on appeal (D.I. 384).  Therefore, Plaintiffs are entitled to recover their taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(l).  *Id.* ("Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees—should be allowed to the prevailing party.").

This case arose from Defendants Alvogen Pine Brook LLC's and Natco Pharma Ltd.'s (collectively, "Alvogen's") submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 212763, which sought to market generic versions of Plaintiffs' pharmaceutical product, IMBRUVICA® Tablets, prior to the expiration of Plaintiffs' patents covering the product.  D.I. 1.  On August 19, 2021, after a bench trial, the court held that (1) Alvogen infringed all four of the asserted patents, and (2) Alvogen failed to prove that the infringed claims were invalid (D.I. 352).  On August 30, 2021, the Court issued a final judgment in favor of Plaintiffs on all issues.  (D.I. 357).  Alvogen appealed the judgment of no invalidity as to all four asserted patents. (D.I. 359).

On November 15, 2022, the Federal Circuit affirmed the Court's judgment in all respects (D.I. 384).  A mandate issued on December 22, 2022.  *Id.*  Plaintiffs therefore are clearly the prevailing party.  *See Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (citations omitted) ("To be a 'prevailing party,' our precedent requires that the party have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party.").

## III.   PLAINTIFFS SHOULD BE AWARDED THE FOLLOWING TAXABLE COSTS

### A.   Fees of the Clerk

Section 1920(1) permits taxation of costs for "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1); *see also Fed. Ins. Co. v. Bear Indus., Inc.*, C.A. No. 03-251-SLR, 2006 WL 3334951, at *1 (D. Del. Nov. 16, 2006) (stating costs for service of summonses and subpoenas by a process server are "generally granted as reasonable expenses, consistent with the reasoning underlying 28 U.S.C. § 1920(1)").

Plaintiffs seek ▮ in filing fees, as set forth in more detail in the table below and the Declaration of Jeremy A. Tigan, and Exhibit A thereto.

| Description of Clerk Fee | Date of Event | Cost |
|---|---|---|
| Complaint Filing Fee | 3/1/2019 | ▮ |
| Pro Hac Vice Filing Fee for Irena Royzman | 6/11/2019 | ▮ |

| Description of Clerk Fee | Date of Event | Cost |
|---|---|---|
| Pro Hac Vice Filing Fee for Brianne Bharkhda, Chanson Chang, and Nicholas L. Evoy | 6/18/2019 | ■ |
| Pro Hac Vice Filing Fee for Hannah Lee | 7/16/2019 | ■ |
| Pro Hac Vice Filing Fee for David Denuyl | 10/29/2019 | ■ |
| Pro Hac Vice Filing Fee for David A. Garr | 11/7/2019 | ■ |
| Pro Hac Vice Filing Fee for Justin Thomas Howell | 11/11/2019 | ■ |
| Pro Hac Vice Filing Fee for Laura Dolbow | 12/2/2019 | ■ |
| Pro Hac Vice Filing Fee for Christine Willgoos | 7/9/2020 | ■ |
| Pro Hac Vice Filing Fee for Daniel Williams | 7/16/2020 | ■ |
| Pro Hac Vice Filing Fee for Eric R. Sonnenschein | 9/7/2020 | ■ |
| **Total** | | ■ |

## B.  Pre-trial, Trial, and Post-trial Transcript Costs

28 U.S.C. § 1920 permits taxation of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Local Rule 54.1(b)(2) requires that the transcript be "requested by the Court," or "prepared pursuant to stipulation."

Plaintiffs are requesting reimbursement of ■ for the transcript of the *Markman* claim construction hearing. Transcription of this proceeding was

necessary to respond to and abide by the Court's requests, and for purposes of appeal. The costs are set forth in more detail in the table below and the Declaration of Jeremy A. Tigan and Exhibit B thereto. *See Walker Digital LLC v. Google Inc.*, C.A. No. 11-318-LPS, D.I. 332 at 12 (D. Del. Apr. 12, 2016) (taxing costs for transcripts of pre-trial hearings and teleconferences because "if what was said – by the parties or by the Court – during the course of such a teleconference becomes relevant to resolving a future dispute in the case (as it often does), then the parties and the Court will be able to easily, and quickly, consult the transcript of the earlier proceeding."); *see also Honeywell*, 2014 WL 2568041, at \*7–8 (finding that the declarations and exhibits presented by the prevailing parties were "adequate to show that the transcripts at issue were 'necessarily obtained for use in the case,'" and were therefore taxable).

| Event | Invoice # | Date of Event | Cost of Transcript(s) |
|---|---|---|---|
| Transcript of *Markman* Hearing | 205 | dated 1/13/2020 – approved 5/27/2020 | ███████ |
| **Total** | | | ███████ |

### C.  Deposition Costs

Pursuant to 28 U.S.C. § 1920(2), transcript costs may be taxable when "necessarily obtained for use in the case." *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 138-39 (3d. Cir. 1999) ("Section 1920 has been interpreted as permitting the

taxation of costs for depositions used in deciding summary judgment motions."); *Honeywell*, 2014 WL 2568041, at *9 ("[D]eposition expenses, including the costs of deposition transcripts, may be awarded as costs to the prevailing party if the court determines, at the end of the litigation, that the copies were of papers necessary for use in the case.") (quoting *Tabron v. Grace*, 6 F.3d 147, 160 n.9 (3d Cir. 1993)); 10-54 MOORE'S FEDERAL PRACTICE CIVIL § 54.103 ("[T]he mere fact that a deposition was taken solely for discovery purposes should not absolutely preclude taxation of those expenses as costs.   Instead, the court should take a practical view and determine whether the deposition appeared to be reasonably necessary when taken.").

Courts in this District regularly use their discretion to allow recovery of deposition costs that were necessarily obtained for use in the case (in accordance with Section 1920).  *See, e.g.*, *Walker Digital*, 2016 WL 1553974, at *4 ("[E]ven assuming the requirements of D. Del. LR 54.1 are not satisfied, the Court has discretion to award the requested deposition costs and will do so here."); *Honeywell*, 2014 WL 2568041, at *9 (awarding deposition costs even though the requirement of D. Del. LR 54.1(b)(3) was not met and stating that D. Del. LR 54.1 "does not eliminate a judge's obligation to interpret and apply Section 1920 to specific disputes brought before the judge").   Both the costs associated with written deposition

transcripts and video deposition transcripts are recoverable. *See, e.g.*, *Walker Digital*, 2016 WL 1553974, at *3-4.

Plaintiffs request reimbursement of ███████ for the transcripts and videos of depositions that were necessarily obtained for use in this case. This includes costs for transcripts and/or video recordings of witnesses who testified at trial (either live or by designation) and costs for transcripts of witnesses who did not testify at trial but whose testimony was otherwise necessarily obtained. *See* D.I. 332; D.I. 285, Ex. 9A. Each of these transcripts and/or video recordings were necessarily obtained for use in the case and collectively were relevant to the case.

For those witnesses who testified live at trial, it was reasonably necessary for Plaintiffs to obtain deposition transcripts and video recordings to prepare for trial, including to prepare for cross-examination and possible impeachment of the witnesses. It was likewise reasonably necessary for Plaintiffs to obtain deposition transcripts and video records for witnesses Alvogen designated to testify by deposition at trial in order to prepare for trial, including serving objections and counter-designations to such testimony.

Substantiation of these costs is provided in the Tigan Declaration and Exhibit C thereto.

| Deponent | Vendor | Date of Deposition | Invoice # | Cost |
|---|---|---|---|---|
| Dr. Paul J. Reider (live testimony) | Planet Depos | July 17, 2020 | 341658 (video) | |
| | | | 341657 (transcript) | |
| Dr. Simon J. Rule (live testimony) | Planet Depos | August 6, 2020 | 345810 (video) | |
| | | | 344520 (transcript) | |
| Dr. Allan S. Myerson (live testimony) | Planet Depos | August 2, 2020 | 343133 (videography) | |
| | | | 345733 (transcript) | |
| | | August 17, 2020 | 348062 (video) | |
| | | | 346647 (transcript) | |
| Dr. Roland Bodmeier (live testimony) | Planet Depos | Sept. 9, 2020 | 352167 (video) | |
| | | | 352169 (transcript) | |
| Dr. Robert O. Williams, III (live testimony) | Planet Depos | August 14, 2020 | 347760 (video) | |
| | | | 346373 (transcript) | |
| | | August 15, 2020 | 347763 (video) | |

| Deponent | Vendor | Date of Deposition | Invoice # | Cost |
|---|---|---|---|---|
| | | | 346368 (transcript) | ███ |
| Dr. Pierre-Yves Cremieux (live testimony) | Veritext | July 10, 2020 | NY4427819 (transcript) | ███ |
| | | | NY4424776 (video) | ███ |
| Dr. Salvatore Lepore (live testimony) | Planet Depos | July 20, 2020 | 343307 (video) | ███ |
| | | | 341023 (videography) | ███ |
| | | | 341027 (transcript) | ███ |
| Dr. Michael Grossbard (live testimony) | Planet Depos | August 18, 2020 | 348080 (video-conferencing) | ███ |
| | | | 349769 (videography) | ███ |
| | | | 346776 (transcript) | ███ |
| Dr. Jennifer Swift (live testimony) | Planet Depos | August 13, 2020 | 348071 (video-conferencing) | ███ |
| | | | 347757 (videography) | ███ |
| | | | 346105 (transcript) | ███ |

| Deponent | Vendor | Date of Deposition | Invoice # | Cost |
|----------|--------|--------------------|-----------|------|
| Dr. Reza Fassihi (live tesitmony) | Planet Depos | August 7, 2020 | 348049 (video-conferencing) | |
| | | | 345049 (videography) | |
| | | | 344872 (transcript) | |
| Dr. DeForest McDuff (live testimony) | Planet Depos | July 17, 2020 | 343652 (video-conferencing) | |
| | | | 340833 (videography) | |
| | | | 343639 (transcript) | |
| Joseph Buggy (testimony by designation) | Veritext | Nov. 1, 2019 | NY4026126 (transcript) | |
| | | July 14, 2020 | NY4436409 (transcript) | |
| | | | NY4459571 (video) | |
| Ching Wah (Ken) Chong (testimony by designation) | Veritext | Dec. 20, 2019 | NY4110319 (transcript) | |
| | | | 4581716 (video) | |
| Heow Tan | Veritext | Dec. 5, 2019 | NY4090726 (transcript) | |

| Deponent | Vendor | Date of Deposition | Invoice # | Cost |
|---|---|---|---|---|
| (testimony by designation) | | | 4581712 (video) | ████ |
| Michael Jon Hostetler (testimony by designation) | Veritext | Nov. 26, 2019 | NY4077182 (transcript) | ████ |
| | | | 4581711 (video) | |
| Zhengying Pan (designated by Alvogen) | Veritext | Oct. 25, 2019 | NY4020080 (transcript) | ████ |
| | | | NY4049085 (video) | |
| Erik Verner (designated by Alvogen) | Veritext | Nov. 6, 2019 | NY4040402 (transcript) | ████ |
| | | | NY4133860 (video) | |
| Lee Honigberg (designated by Alvogen) | Veritext | Nov. 22, 2019 | NY4073031 (transcript) | ████ |
| | | | 4581710 (video) | |
| Mark Smyth (designated by Alvogen) | Veritext | Nov. 21, 2019 | NY4065171 (transcript) | ████ |
| David Wirth (designated by Alvogen) | Veritext | Oct. 30, 2019 | NY4021591 (transcript) | ████ |
| | | | NY4133683 (video) | |

| Deponent | Vendor | Date of Deposition | Invoice # | Cost |
|---|---|---|---|---|
| Erick Goldman (designated by Alvogen) | Veritext | Oct. 25, 2019 | NY4022376 (transcript) | |
| | | | NY4133682 (video) | |
| Nobert Purro (designated by Alvogen) | Veritext | Nov. 12, 2019 | NY4041712 (transcript) | |
| | | | NY4133862 (video) | |
| Tarak Mody (designated by Alvogen) | Veritext | Nov. 19, 2019 | NY4068646 (transcript) | |
| David Loury (designated by Alvogen) | Veritext | Dec. 17, 2019 | NY4108772 (transcript) | |
| | | | NY4134493 (video) | |
| Sriram Balasubramanian (designated by Alvogen) | Veritext | Nov. 15, 2019 | NY4062566 (transcript) | |
| | | | NY4133863 (video) | |
| Leslie Amendola (designated by Alvogen) | Veritext | Dec. 18, 2019 | NY4124709 (transcript) | |
| | | | 4581715 (video) | |
| Robert Kuehl (designated by Alvogen) | Veritext | Dec. 13, 2019 | NY4099887 (transcript) | |
| | | | 45817149 (video) | |

| Deponent | Vendor | Date of Deposition | Invoice # | Cost |
|---|---|---|---|---|
| Harisha Atluri (designated by Alvogen) | Veritext | Nov. 15, 2019 | NY4071113 (transcript) | |
| Jana Ann-Sook Dailey (designated by Alvogen) | Veritext | Dec. 10, 2019 | NY4092515 (transcript) | |
| | | | 4581713 (video) | |
| **Total** | | | | |

### D.    Exemplification, Printing and Copying Costs

28 U.S.C. § 1920(4) permits taxation of costs for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." "This does not require, however, that the copies actually be used in the case or made part of the record." *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (citing *Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)). D. Del. LR 54.1(b)(5) provides that "[t]he cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable." D. Del. LR 54.1(b)(5). Courts can "exercise [their] discretion under Section 1920 to tax costs for copying and exemplification that are taxable under the statute, even if they would not also be taxable under the Local Rule." *Honeywell*, 2014 WL 2568041, at *10.

Plaintiffs necessarily incurred ███████ in costs for printing and copying in this case. This includes costs related to exhibits and costs for conversion of electronic documents to the proper production format. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 674 F.3d 158, 171 n.11 (3d Cir. 2012) (recognizing the Third Circuit has held that costs for "conversion to an agreed-upon production format" are taxable because that is the functional equivalent of making copies under 28 U.S.C. § 1920(4)).); *see also Walker Digital*, 2016 WL 1553974, at *5 ("Copying documents in response to a discovery request is, by its nature, necessary for use in preparing the case." (quoting *Sobering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 427 (D. Del. 2001))); *Lab. Skin Care, Inc. v. Limited Brands, Inc.*, No. 06-601-LPS, 2016 WL 1266564, at *3 (D. Del. Mar. 30, 2016) ("The costs Defendants incurred in scanning their paper documents for production to Plaintiffs were incurred as part of Defendants' effort to comply with the Default Standard for Discovery pursuant to which the parties were operating, which required production of electronically stored information."). The costs associated with bates stamping documents for production are also taxable. *Apeldyn Corp. v. Sony Corp.*, No. 11-440-SLR, 2016 WL 4064726, at *2 (D. Del. July 27, 2016). The costs are set forth in more detail in the table below and the Tigan Declaration and Exhibit D-1 thereto.

| Vendor | Invoice Date | Invoice # | Cost |
|--------|--------------|-----------|------|
| ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ |

| Vendor | Invoice Date | Invoice # | Cost |
|--------|--------------|-----------|------|
| ■■■■ | ■■■■ | ■■■■ | ■■■■ |
| ■■■■ | ■■■■ | ■■■■ | ■■■■ |
| ■■■■ | ■■■■ | ■■■■ | ■■■■ |
| ■■■■ | | | ■■■■ |

Moreover, Plaintiffs necessarily incurred ■■■■ in costs related to preparation of demonstrative exhibits and trial graphics. The cost of demonstrative exhibits is recoverable if such exhibits "materially aided [the Judge's] understanding of the technological issues in the case." *Schering Corp. v. Amgen, Inc.,* 198 F.R.D. 422, 428 (D. Del. 2001); *see also Summit Tech. v. Nidek Co.,* 435 F.3d 1371, 1377 (Fed. Cir. 2006); *Intellectual Ventures*, 2019 WL 1332356, at *4 (granting costs, of which $66,000 was for trial graphics consulting). Each of these expenses was actually and necessarily incurred in this case. Plaintiffs utilized demonstratives during trial because they would aid the Court's understanding of the complex scientific concepts embodied in the case, and thus, the requested costs are associated with actions that were "necessarily obtained for use in the case."

The costs are set forth in more detail in the table below and the Tigan Declaration and Exhibit D-2 thereto.

| Vendor | Invoice # | Service | Cost |
|---|---|---|---|
| ██████ | | ████ | ████ |
| ██████ | | ██████ | ███ |
| ████ | ███ | █████ | ████ |
| ████ | ███ | ██████ | ███ |
| ██ | | | ███ |

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court grant its Bill of Costs and enter an award in Plaintiffs' favor in the amount of $252,409.80 in taxable costs pursuant to 28 U.S.C. §§ 1920-1924, Rule 54(d) of the Federal Rules of Civil Procedure, and District of Delaware Local Rule 54.1.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs Pharmacyclics
LLC and Janssen Biotech, Inc.*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Nicholas L. Evoy
Justin Thomas Howell
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000

*Attorneys for Pharmacyclics LLC*

Irena Royzman
Christine Willgoos
Marcus A. Colucci
Jonathan R. Pepin
KRAMER LEVIN NAFTALIS
   & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Hannah Lee
Daniel Williams
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

*Attorneys for Janssen Biotech, Inc.*

February 6, 2023

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 2,805 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The word count includes only the body of the document.  The word count does not include the cover page, tables of contents, or the counsel blocks.

/s/ Jeremy A. Tigan

_____

Jeremy A. Tigan (#5239)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 6, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire | *VIA ELECTRONIC MAIL* |
| James L. Higgins, Esquire | |
| YOUNG CONAWAY STARGATT | |
| & TAYLOR, LLP | |
| 1000 North King Street | |
| Wilmington, DE  19801 | |
| *Attorneys for Defendants Alvogen Pine Brook* | |
| *LLC and Natco Pharma Ltd.* | |
| | |
| Siegmund Y. Gutman, Esquire | *VIA ELECTRONIC MAIL* |
| David M. Hanna, Esquire | |
| Michelle M. Ovanesian, Esquire | |
| PROSKAUER ROSE LLP | |
| 2029 Century Park East, Suite 2400 | |
| Los Angeles, CA  90067-3010 | |
| *Attorneys for Defendants Alvogen Pine Brook* | |
| *LLC and Natco Pharma Ltd.* | |
| | |
| Gourdin W. Sirles, Esquire | *VIA ELECTRONIC MAIL* |
| PROSKAUER ROSE LLP | |
| One International Place | |
| Boston, MA  02110 | |
| *Attorneys for Defendants Alvogen Pine Brook* | |
| *LLC and Natco Pharma Ltd.* | |

*/s/ Jeremy A. Tigan*

_____

Jeremy A. Tigan (#5239)