IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and JANSSEN BIOTECH, INC. | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No.: 19-434-CFC-CJB |
| v. | ) ) ) ) | |
| ALVOGEN PINE BROOK LLC and NATCO PHARMA LTD., | ) ) ) | Public Version filed March 31, 2023 |
| Defendants. | ) ) | |

## DEFENDANTS' AMENDED[1] OBJECTION TO BILL OF COSTS

Pursuant to Local Rule of Civil Procedure 54.1(a), Defendants Alvogen Pine Brook LLC and Natco Pharma Ltd. (together, "Alvogen") respectfully object to the Bill of Costs (D.I. 387, the "Bill") and Declaration In Support of Plaintiffs' Bill of Costs (D.I. 388, the "Declaration") as follows:

---

[1] After Defendants filed the Objection to Bill of Costs, D.I. 413, Plaintiffs' counsel informed Alvogen that Plaintiffs do not seek to recover the "Realtime" costs included in their supporting deposition invoices, which was addressed in paragraph 7 of the originally filed objection, and represented that they do not seek to recover the costs of "expedited" deposition transcripts. Plaintiffs' representation (and their request that Alvogen amend the Objection) caused Alvogen to remove the paragraph about "Realtime" and to revise what is now paragraph 8, *infra*, to focus on eleven transcripts for which the additional cost of expedition appears to be "baked-into" the cost of the transcript, as opposed to being separately listed as a line-item. For these transcripts, it appears Plaintiffs are in fact seeking to recover the costs associated with their election to request transcripts on an expedited basis.

1.      The Bill and Declaration seek an extraordinarily large award of costs – $252,409.80 – pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure 54.1, and 28 U.S.C. §§ 1920-1924.  The Supreme Court has held, though, that "[t]axable costs are limited to relatively minor, incidental expenses as is evident from § 1920," and "taxable costs are limited by statute and are modest in scope[.]"  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).  The amount requested by Plaintiffs here far exceeds any permissible amount, and Plaintiffs in most cases tellingly do not even argue that the costs they seek meet the requirements of Local Rule 54.1, which is "the standard under which the Clerk determines the amount of costs taxable by a prevailing party."  *Sanofi v. Glenmark Pharms., Inc. USA*, C.A. No. 14-264-RGA, 2018 U.S. Dist. LEXIS 206845, at *2 (D. Del. Dec. 7, 2018).

### A.    Fees of the Clerk

2.      Alvogen does not dispute that it may be taxed the $400 filing fee associated with Plaintiffs' filing of the Complaint.  It objects, though, to Plaintiffs' further request that it be taxed the *pro hac vice* filing fees of Plaintiffs' non-Delaware attorneys.  Courts in the Third Circuit have held that *pro hac vice* fees are not "costs" taxable under 28 U.S.C. § 1920.  *See Langley v. United Parcel Serv., Inc.*, C.A. No. 18-8807-MCA-MAH, 2021 WL 5757398, at *3 (D.N.J. Dec. 3, 2021) (prevailing party not entitled to *pro hac vice* fees "simply because [the prevailing party] chose

to be represented by counsel who are not admitted to practice in this district" (quoting *Warner Chilcott Lab'ys Ireland Ltd. v. Impax Lab'ys, Inc.*, C.A. No. 08-6304-WJM, 2013 WL 1716468, at *3 (D.N.J. Apr. 18, 2013))); *Barefoot Architect, Inc. v. Bunge*, C.A. No. 2004-99-JRS-RM, 2014 WL 12744795, at *16 (D.V.I. Apr. 29, 2014) (disallowing *pro hac vice* fees because courts in the Third Circuit have held that they are not "costs" under 28 U.S.C. § 1920), *Report and Recommendation adopted*, D.I. 396 at 1-2 (D.V.I. July 2, 2014); *Montgomery Cnty. v. Microvote Corp.*, C.A. No. 97-6331-RFK, 2004 WL 1087196, at *3 (E.D. Pa. May 13, 2004) (*pro hac vice* fees are not recoverable as "costs" under 28 U.S.C. § 1920); *Scheffer v. Experian Info. Sols., Inc.*, 290 F. Supp. 2d 538, 552 (E.D. Pa. 2003) (same). Plaintiffs cite no contrary authority. Alvogen should not be taxed for Plaintiffs' *pro hac vice* fees, totaling $212.50.

      **B.**    **Pre-trial, Trial, and Post-trial Transcript Costs**

    3.    Plaintiffs acknowledge that Local Rule 54.1(b)(2) requires that a transcript be "requested by the Court" or "prepared pursuant to stipulation" in order to be taxable. Bill at 5. But Plaintiffs do not attempt to make the case that the transcript of the *Markman* hearing was either requested by the Court or prepared pursuant to stipulation. Bill at 5-6. Instead they argue that 28 U.S.C. § 1920 permits the taxation of transcript costs where the transcript is "necessarily obtained for use in the case." *Id.* But, "rather than conflicting with Section 1920, LR 54.1 is a proper

exercise of the Court's discretion, discretion which is recognized in Section 1920." *Honeywell Int'l Inv. v. Nokia Corp.*, C.A. No. 04-1337-LPS, 2014 WL 2568041, at *5 (D. Del. May 30, 2014) ("*Nokia*"), *vacated on other grounds*, 615 F. App'x 688 (Fed. Cir. 2015). Based on the information provided in the Bill, the *Markman* transcript was obtained so that counsel would have it in hand if and when needed, whether to respond to requests from the Court or for use on appeal. The Local Rules, though, are clear that "copies of transcripts for counsel's own use are not taxable" and that "mere acceptance by the Court [of a transcript] does not constitute a request." D. Del. LR 54.1(b)(2). Plaintiffs' request that the Clerk tax Alvogen ▪▪▪▪▪ to cover Plaintiffs' purchase of the *Markman* hearing transcript should be denied.

### C. Deposition Costs

4. Plaintiffs seek a staggering $93,074.95 in deposition costs associated with twenty-nine depositions, *i.e.* a large majority of depositions taken in the case between Plaintiffs and Alvogen. This request flouts the requirements of Local Rule 54.1(b)(3), which "focuses on the actual use of a substantial portion of the deposition to resolve a material issue in the case; it does not focus on whether the parties' attorneys use the depositions or subjectively view the depositions as important or unimportant." *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, C.A. No. 99-309-GMS, 2009 WL 3153496, at *2 (D. Del. Sept. 30, 2009) ("*Hamilton Sunstrand*");

*see also United Access Techs., LLC v. EarthLink, Inc.*, C.A. No. 02-272-MPT, 2012 WL 2175786, at *6 (D. Del. June 14, 2012) ("The primary issue is whether a substantial portion of the depositions was used to resolve material issues in the case . . . ."); *Apeldyn Corp. v. Sony Corp.*, C.A. No. 11-440-SLR-SRF, 2016 WL 4064726, at *1 (D. Del. July 27, 2016) (explaining that transcripts used "to develop general facts of the case, to prepare [an] attorney for cross-examination of [adverse] witnesses, or [that] were merely referenced at trial" are not taxable under Local Rule 54.1(b)(3) (quoting *Bethea v. Rash*, C.A. No. 11-1045-SLR, 2015 WL 4477693, at *4 (D. Del. July 22, 2015))). Plaintiffs do not even try to meet this standard for *any* of the twenty-nine transcripts.

5.  Nowhere do Plaintiffs argue that any portion of these twenty-nine depositions, much less a "substantial portion" of any one of them, was "used in the resolution of a material issue in the case." D. Del. LR 54.1(b)(3). Instead, they implicitly acknowledge that they cannot satisfy that requirement of the Local Rules, instead requesting that the Court nevertheless exercise its discretion to award all costs associated with most of the depositions taken in the case because they were "necessary." *See* Bill at 7-8 (arguing the depositions were "necessary" but making no mention of whether any portion of any deposition was used in the resolution of a material issue in the case); Declaration at 2 (same). These deposition expenses cannot be taxed by the Clerk and should not be awarded by the Court as an exercise

of its discretion. *See Sanofi*, 2018 U.S. Dist. LEXIS 206845, at *5 (denying taxation of deposition costs and explaining that "[e]quity does not require that I grant Plaintiffs the costs associated with obtaining numerous deposition transcripts which were predominantly unused in dispositive motions and at trial").[2]

6. Even if the Court were to ignore that Plaintiffs cannot satisfy Local Rule 54.1(b)(3), any discretionary award of deposition costs must take into account the context of this litigation. Plaintiffs do not mention anywhere in their Bill that these depositions were taken in the context of litigation with defendants across consolidated cases, not just the Alvogen case. In fact, approximately 22 of these depositions addressed defendants' common issues, or, at minimum, were attended by multiple defendants across the consolidated action. To the extent the Court were to consider exercising its discretion to award deposition costs that Plaintiffs do not even argue meet the standard of this Court's Local Rules, it would be fundamentally *inequitable* to tax all of the costs of these depositions to Alvogen, one of only three defendants across the consolidated litigation, where cases against the two other defendants were dismissed with each party to bear its own costs. *See Sanofi*, 2018

---

[2] Plaintiffs' reliance on *Nokia*, 2014 WL 2568041 (D. Del. May 30, 2014) is misplaced. There, the Court expressly acknowledged that a prevailing party is not entitled to all deposition costs under the Local Rule. *Id.* at *9. Instead, the Court awarded deposition costs as an exercise of its discretion. *Id.* But there, the prevailing party at least offered an explanation as to which material issues were resolved with the assistance of deposition testimony. *Id.* at *8-9. Plaintiffs do not bother to provide such an explanation here.

U.S. Dist. LEXIS 206845, at *3-4 (finding inequitable the imposition of the costs of the entire litigation on one defendant when other defendant settled case and suit was dismissed with other defendant to bear its own costs); *see also Onyx Therapeutics, Inc. v. Cipla Ltd. & Cipla USA Inc.*, C.A. No. 16-988-GBW, 2023 WL 2072389, at *5 (D. Del. Feb. 17, 2023) (apportioning pre-trial costs based on number of defendants involved in pre-trial activities).

7. Plaintiffs also seek the taxation of costs attributable to Plaintiffs obtaining both a transcript and a video of nearly all of the twenty-nine depositions, but make no argument why both formats were necessary. *See Mylan, Inc. v. SmithKline Beecham Corp.*, C.A. No. 10-4809-JAP, 2015 WL 1931139, at *8 (D.N.J. Apr. 28, 2015) ("However, the Clerk notes that when § 1920(2) was amended in 2008 to include electronically recorded transcripts, the conjunction 'or' was used, not 'and.'  Accordingly, the Clerk ordinarily will not tax the costs of both the printed and videotaped versions of the same transcript, absent a showing that both were necessarily obtained for use in the case." (citing *Warner Chilcott Lab'ys Ireland Ltd. v. Impax Lab'ys, Inc.*, C.A. No. 08-6304-WJM, 2013 WL 1876441, at *5 (D.N.J. Apr. 18, 2013))).  This is yet another reason why Plaintiffs' request for costs is egregiously inflated.  They go on to seek reimbursement of "video-conferencing" or undefined "video" costs that are evidently *in addition to*

"videography" services.³ Plaintiffs do not explain what these other costs are, nor argue that "video-conferencing" or these other undefined "video" costs are properly taxable under the Local Rules or 28 U.S.C. § 1920, so they, too, should be denied.

8. Finally, Plaintiffs request the costs associated with expediting the preparation and delivery of certain deposition transcripts. *See* Declaration at Ex. C. Requesting that deposition transcripts be prepared and delivered on an expedited basis typically involves a significant upcharge. Neither the Local Rules nor 28 U.S.C. § 1920 provide that a non-prevailing party should be taxed the costs associated with expediting deposition transcripts. *See Hamilton Sunstrand*, 2009 WL 3153496, at *2. For eleven deposition transcripts (*see* Declaration at Ex. C (Invoices for Lepore, McDuff, Rule, Fassihi, Myerson, Swift, Williams, Grossbard, Bodmeier, Verner, and Purro)), the invoices indicate that an expedited transcript was requested by Plaintiffs, but provide no separate line item for the cost associated with expedition. It appears the additional cost of expediting was nevertheless included within the transcript cost. As a point of reference, the vendor used for the Smyth deposition (for which Plaintiffs do not request the costs associated with expedited treatment) charges ▮ per transcribed page, and an *additional* ▮ per page

---

³ Lepore - ▮, Grossbard - ▮, Swift - ▮, Fassihi - ▮, and McDuff - ▮, for a total of ▮ in "video-conferencing" or "video" charges separate and apart from "videography" costs Plaintiffs also seek to tax to Alvogen.

8

when the transcript is requested on an expedited basis. *See* Declaration at Ex. C, Smyth (Veritext Invoice No. NY4065171). By comparison, the price per page of the eleven deposition transcripts at issue appears to be significantly higher than ▇ – as high as ▇ per page. *See, e.g.*, Declaration at Ex. C, Lepore (Planet Depos Invoice No. 341027) (379 pages with a cost of ▇) and McDuff (Planet Depos Invoice No. 343639) (315 pages with a cost of ▇). It is reasonable to assume that this dramatic difference in price-per-page is attributable to Plaintiffs' request for expedition, even though the invoices do not separately list expedition costs. For several other deposition transcript invoices that *do* separately list expedition costs, Plaintiffs do not seek to recover the expedition costs (as they represented), but they nevertheless seek the costs associated with "Video – Transcript Synchronization – Expedited Production." *See* Declaration at Ex. C (Veritext Invoices for Chong, Hostetler, Honigberg, Wirth, Goldman, Amendola, Kuehl, and Dailey). Regardless, the Bill and Declaration fail to demonstrate that any of the deposition transcripts meet the requirements of Local Rule 54.1(b)(3) so should be denied in their entirety anyway.

    **D.**    **Exemplification, Printing, and Copying**

9.    Plaintiffs request $158,312.50 in costs purportedly associated with

"exemplification, printing, and copying."[4] This request should largely be rejected. *See Taniguchi*, 566 U.S. at 573 ("Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920."). Here, too, Plaintiffs appear to recognize that they cannot satisfy the standard of Local Rule 54.1 for the Clerk's taxation of costs, and must resort instead to requesting that the Court exercise its discretion to tax Alvogen with costs that are not taxable under the Local Rules.

10. Plaintiffs seek $112,649.19 associated with "Production of Trial Demonstratives," and $3,562.50 associated with "Production of Demonstratives for Claim Construction Hearing," but they provide no information from which the Court can determine whether any of the demonstrative exhibits "materially aided [the Judge's] understanding of the technological issues in the case[,]" or even if the demonstrative exhibits were *shown at all* in Court. *See* Bill at 16 (quoting *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001)). In fact, Plaintiffs do not even address the three-part test courts in this district follow in assessing whether the costs associated with the preparation of demonstratives may be taxable. In *Hamilton Sunstrand*, the court explained:

> [T]he Local Rules state that "[t]he costs of models, compiling summaries, computations, and statistical comparisons are not

---

[4] Plaintiffs' submitted invoices reflect that at least some portions of this amount were for "AV Equipment Rental," "Shipping & Supplies," and a "Rental-DC Witness Kit" for a total of $4,667.13. *See* Declaration at Ex. D-2, TrialGraphix invoice page 7.

> taxable." Local Rule 54.1(b)(6). The creation of computer animations is analogous to these categories of non-taxable costs, and thus is not recoverable under the local rules. Costs for exemplification of exhibits will be granted only if the parties show that the requested costs **1)** were necessarily sustained in connection with exhibits that were admitted into evidence or explicitly and specifically were requested by the court, Local Rules 54.1(b)(5) and (b)(6); **2)** were for exhibits or documents prepared primarily in order to aid the finder of fact's understanding of the issues in the case, and were not []essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanation of expert witnesses[] . . .; and **3)** were for the actual presentation of the exhibits and documents, and not for the intellectual effort involved in their production.

2009 WL 3153496, at *5 (internal quotation marks and citations omitted) (bolding added). The *Hamilton Sunstrand* court explained that "[t]o hold otherwise would allow the rule permitting parties to recover costs for exemplification and copies of documents to swallow the rule barring parties from recovering attorney and expert witness fees." *Id.*; *see also Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1374-78 (Fed. Cir. 2006) ("[A] video exhibit or a physical model may not qualify as an 'exemplification' if it is essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanations of expert witnesses." (quoting 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.103[3][d] (3d ed. 2005))); *Hamilton Sunstrand*, 2009 WL 3153496, at *5 ("The cost of models, compiling summaries, computations, and statistical comparisons are not taxable." (quoting D. Del. LR 54.1(b)(6))).

11

11. Plaintiffs' request is especially excessive because their invoices are (with one exception) lacking in detail and appear to reflect extensive time and "intellectual effort" spent by TrialGraphix on *developing* Plaintiffs' demonstratives, as opposed to the cost of exemplification/copying of those demonstratives for delivery to the Court or other parties. *See Onyx Therapeutics*, 2023 WL 2072389, at *4 ("[T]he Court agrees with Onyx that exemplification would not include the intellectual effort of consultants to prepare graphics for trial. In *Intellectual Ventures I*, Judge Stark allowed costs to produce color demonstratives to the other side, not to design the demonstratives." (citing *Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 10-1067-LPS, 2019 WL 1332356, at *4 (D. Del. Mar. 25, 2019))). Plaintiffs' request for $156,236.17 in purported exemplification, printing, and copying costs should therefore be denied.

12. Plaintiffs also seek $28,952.42 in costs associated with "Trial Technician ('Hot Seat') Services for Trial" from "David Brooks Consulting"[5] and $11,072.06 in costs associated with "Trial Technician ('Hot Seat') Services for Claim Construction Hearing" from "Digital Evidence Group." *See* Bill at 17; Declaration at Ex. D-2. They provide no authority supporting the award of "hot seat" costs, and in fact the invoice associated with the "hot seat" work for the claim

---

[5] The 10212020 invoice, itself, describes these costs as "Expert witness fees and costs." Declaration at Ex. D-2.

12

construction hearing reflects 32 hours of work by Plaintiffs' "hot seat" consultant, billed at ▅▅▅▅ over the course of four days, for a claim construction hearing that lasted less than two hours. *See* Declaration at Ex. D-2; D.I. 176 (Transcript, reflecting start-time of 9:04 a.m. and end-time of 10:49 a.m.). Plaintiffs' request for reimbursement of the combined (and excessive) $40,024.48 in claimed "hot seat" costs should be denied.

13. Further, Plaintiffs again ignore that Alvogen was not the only defendant in this litigation. One other defendant settled just before trial on October 12, 2020, and another defendant proceeded to trial with Alvogen. Presumably a significant portion of the demonstratives prepared at trial (and pre-trial) addressed claims and defenses relating to the other two defendants as well. In fact, five and a half pages of the seven page TrialGraphix invoice #2011-023 (attached to Declaration at Ex. D-2) relates to work performed by TrialGraphix *before* one of the other defendants was dismissed on October 12, 2020, with each party to bear its own costs. While it appears Plaintiffs divided the total $225,298.38 TrialGraphix invoice in half and would tax Alvogen with only half of the total, the Bill does not account for the fact that much of the work on that invoice (assuming *arguendo* that *any* portion of it is properly taxable) was performed when there was a third defendant, as well.[6] This is

---

[6] Only one invoice entry makes clear that work performed related solely to Alvogen, and that is a ▅▅▅▅ charge for 45 minutes of work on "Initial design of 'Alvogen

yet another reason to deny Plaintiffs' request for costs.

14.     Alvogen does not dispute that it may be taxed part of the cost of Parcels printing the Joint [Proposed] Pretrial Order for submission to the Court (*see* Declaration at Ex. D-1, Invoice 887078), but it appears Plaintiffs again ignore that a third defendant was still in the case when that document was filed and delivered to the Court.  At most, Alvogen should be taxed 1/3 of the amount of that invoice, or $1,268.83 (instead of the $1,903.25 Plaintiffs request).  The remainder of the Parcels printing/delivery invoices attached to the Declaration (Invoices 889646, 890130, 890813, and 891064) do not include sufficient information from which to determine whether they are taxable at all, and Plaintiffs' request that Alvogen be taxed $173.08 for those invoices should be denied on that basis alone.

**Conclusion**

15.     Based on the Bill and Declaration, and Plaintiffs failure therein to satisfy the requirements of the Local Rules and to provide sufficient information to demonstrate that the requested amounts are properly taxable even as a matter of the Court's discretion under 28 U.S.C. § 1920, the maximum amount that Alvogen should be taxed is $1,668.83, for the filing fee associated with the Complaint and

---

Recognized Benefits When Copying.'"  Declaration at Ex. D-2, TrialGraphix invoice #2011-023 at 6.

one-third of the cost of printing and submitting the Joint [Proposed] Pretrial Order to the Court.  *See* paragraphs 2 and 14, *supra*.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ James L. Higgins*
        Melanie K. Sharp (No. 2501)
        James L. Higgins (No. 5021)
        1000 North King Street
        Wilmington, DE  19801
        (302) 571-6600
        msharp@ycst.com
        jhiggins@ycst.com

        PROSKAUER ROSE LLP
        Siegmund Y. Gutman
        David M. Hanna
        2029 Century Park East, Suite 2400
        Los Angeles, CA  90067-3010
        (310) 557-2900

        *Attorneys for Alvogen Pine Brook LLC and Natco Pharma Ltd.*

Dated: March 29, 2023

## CERTIFICATION OF COMPLIANCE
## WITH TYPE, FONT, AND/ WORD LIMITATIONS

The undersigned hereby certifies that the foregoing document contains 3,108 words, which were counted using the word count feature in Microsoft Word 2016, in 14-point Times New Roman font.  The word count includes only the body of the document, and does not include the coverage page or counsel blocks.

Dated:  March 29, 2023

*/s/ James L. Higgins*
_____
James L. Higgins (No. 5021)

# CERTIFICATE OF SERVICE

I, James L. Higgins, hereby certify that on March 29, 2023, I caused to be electronically filed a true and correct copy of Defendants' Amended Objections to Bill of Costs with the Clerk of the Court using CM/ECF, which will send notification to the following counsel of record:

Jack B. Blumenfeld
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
jtigan@mnat.com

I further certify that on March 29, 2023, I caused a copy of the foregoing document to be served on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

| | |
|---|---|
| Christopher N. Sipes | Irena Royzman |
| Erica N. Andersen | Christine Willgoos |
| David A. Garr | Cristina L. Martinez |
| Brianne Bharkhda | Marcus A. Colucci |
| Eric R. Sonnenschein | Kramer Levin Naftails & Frankel LLP |
| Nicholas L. Evoy | 1177 Avenue of the Americas |
| Justin Thomas Howell | New York, NY  10036 |
| Covington & Burling LLP | (212) 715-9100 |
| One CityCenter | iroyzman@kramerlevin.com |
| 850 Tenth Street NW | cwillgoos@kramerlevin.com |
| Washington, DC  20001-4956 | cmartinez@kramerlevin.com |
| csipes@cov.com | mcolucci@kramerlevin.com |
| eandersen@cov.com | |
| dgarr@cov.com | Hanna Lee |

| | |
|---|---|
| bbharkhda@cov.com<br>esonnenschein@cov.com<br>cchang@cov.com<br>nevoy@cov.com<br>jhowell@cov.com<br>ldolbow@cov.com | Daniel Williams<br>Kramer Levin Naftails & Frankel LLP<br>990 Marsh Road<br>Menlo Park, CA  94025<br>(650) 752-1700<br>hlee@kramerlevin.com<br>ddwilliams@kramerlevin.com |
| Alexa Hansen<br>David Denuyl<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA  94105<br>ahansen@cov.com<br>ddenuyl@cov.com | *Attorneys for Janssen Biotech, Inc.* |

*Attorneys for Pharmacyclics LLC*

                                                         */s/ James L. Higgins*

                                                         _____
                                                         James L. Higgins (No. 5021)